AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Guy Wesley Reffitt ) | Case No.   21-cr-32 (DLF)/(ZMF) |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❑ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ❑ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ❑**(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
       § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ❑**(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ❑**(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
       Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
       (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ❑**(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a)
       through (c) of this paragraph, or two or more State or local offenses that would have been offenses
       described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
       jurisdiction had existed, or a combination of such offenses; **or**
    ❑**(e)** any felony that is not otherwise a crime of violence but involves:
       **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
       **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ❑ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
     § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to
     Federal jurisdiction had existed; **and**
  ❑ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
     committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ❑ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
     defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
❒ Prior criminal history
❒ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

- ❐ History of violence or use of weapons
- ❐ History of alcohol or substance abuse
- ❐ Lack of stable employment
- ❐ Lack of stable residence
- ❐ Lack of financially responsible sureties
- ❐ Lack of significant community or family ties to this district
- ❐ Significant family or other ties outside the United States
- ❐ Lack of legal status in the United States
- ❐ Subject to removal or deportation after serving any period of incarceration
- ❐ Prior failure to appear in court as ordered
- ❐ Prior attempt(s) to evade law enforcement
- ❐ Use of alias(es) or false documents
- ❐ Background information unknown or unverified
- ❐ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

Mr. Reffitt requested that he be released to the third-party custody of his wife, and expressed a willingness to abide by strict release conditions, including home confinement. He offered the testimony of his daughter and his daughter's boyfriend during the hearing, both of whom confirmed that Mr. Reffitt travelled to D.C. for the riots and made threats about turning him in to the authorities or recording his statements. However, they stated that they have never feared for their safety around him and understood his statements to be idle threats. His family requested his release and said they would report him if he violated release conditions. Mr. Reffitt has been in custody for about two months, had to be hospitalized due to not receiving medication, and has risk factors related to COVID-19. He highlighted that he never brandished a firearm during the January 6 events, and he asked the Court to be skeptical of statements made on the internet/to media, as online boasting is frequently just limited to just that. Last, Mr. Reffitt emphasized that law enforcement seized his firearms, so there are no guns in his house.

Nature and circumstances of offense(s):

Mr. Reffitt allegedly attempted to breach the Capitol building on January 6, while wearing body armor and carrying a loaded firearm and plastic zip ties; these are serious allegations, thus this factor weighs heavily in favor of pretrial detention. According to the government's proffer, Mr. Reffitt-who is a member of a Texas militia group-drove to Washington, D.C. with another militia member and was part of the large crowd that attacked the Capitol building and its security forces. Indeed, Mr. Reffitt was allegedly one of the first in surge towards the Capitol building, and although his attempt to breach was unsuccessful, his actions paved the way for many others to successfully enter the building while members of Congress and the then-Vice President were attempting to certify the 2020 election results. During the attack, Mr. Reffitt was wearing body armor and a helmet, and he was carrying a firearm (which he later referenced in a conversation, stating "all I had to do was <mechanical noise> that and shoot") and plastic zip ties (which are especially concerning considering his statements during his drive to D.C. about "dragging those people out of the Capitol by their ankles"). In addition, Mr. Reffitt's attempt to overthrow the democratic process was not deterred during his assault on the Capitol-during which he was shot numerous times with rubber bullets and sprayed with chemical spray, or afterwards as he made repeated statements upon his return to Texas along the lines that the events of January 6 were only the "preface" and that the "next time [they] will not be so cordial." The government also proffered that Mr. Reffitt told other militia members to delete their prior conversations and shifted to using encrypted applications to hide future conversations.  As to the threats made to his family, these are serious allegations that are supported by the record, however, the undersigned was convinced by the testimony of his family that they did not take the threats seriously and were not concerned for their safety.

The strength of the government's evidence:

The government's evidence is strong, thus this factor also weighs in favor of pretrial detention. The government proffered that it has video footage and photographs capturing Mr. Reffitt's conduct at the Capitol. *See* Gov't Detention Memorandum. In addition, the government proffered that search warrant returns revealed Mr. Reffitt's communications with other militia organizations about the events of January 6 and the need to destroy inculpatory evidence.  There is also ample witness testimony from other persons who were with Mr. Reffitt on January 6 and from others who heard Mr. Reffitt brag afterwards about his conduct that day. Notably, the government also proffered that it has electronic evidence from an app on Mr. Reffitt's phone that ties him to the Capitol grounds on January 6.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

The incredible support shown to Mr. Reffitt by his family during his detention hearing is a testament to the strength of his family. His family is willing and able to have Mr. Reffitt continue to live with them were he to be released.  They also stated they would do everything in their power to prevent him from engaging in similar conduct. However, in this instance, this family support is insufficient to weigh in favor of pretrial release. According to the government's proffer, Mr. Reffitt is a member of (or possibly even a leader of) a Texas militia group.  He encouraged others to join the group even after the events on January 6. Mr. Reffitt was also found in possession of an unregistered silencer, and told potential recruits that he had started a business that allowed him to circumvent weapons laws to enable him to acquire law enforcement-grade weapons. As noted by the Chief Judge, the actions of the violent mob "are reprehensible as offenses against morality, civic virtue, and the rule of law." *U.S. v. Chrestman*, 21-cr-160.

The defendant's dangerousness/risk of flight:

Mr. Reffitt's release poses a serious risk of danger to the American community and the democratic process. Mr. Reffitt came to Washington, D.C. while armed with two firearms-one of which he carried with him when he attempted to breach the Capitol-and adorned with tactical equipment. In other words, Mr. Reffitt came prepared to fight, not peacefully protest. He did not simply get swept up in the events of the day, but instead, he came prepared to "do the recon and then come back for weapons hot." This demonstrate pre-meditation. And after January 6, Mr. Reffitt bragged about his actions that day and how they were only the beginning. This shows a lack of remorse and is incredibly concerning as it evidences Mr. Reffitt's belief in a false underlying cause (as he stated that "I went to protect my country and I had every constitutional right to do so the way I did it"), as well as his willingness to engage in violence in support of his beliefs. Further, when Mr. Reffitt seemed concerned that law enforcement was closing in on him, he encouraged other militia members to delete their communications. Although the undersigned does not believe Mr. Reffitt would harm his family members, his making of these statements alone is a testament to his continuing commitment to engage in future violence. For all of these reasons, the undersigned finds that no condition or combination of conditions of release would adequately protect the community.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     March 16, 2021

United States Magistrate Judge