**United States District Court for the District of Columbia**

**United States of America**        *

    v.        *        No. 1:21-CR-00032-DLF-1

**Guy Wesley Reffitt**        *

**Defendant's Reply Regarding Motion for Revocation of Detention Order**

Defendant Guy Wesley Reffitt has moved for revocation of the Order of Detention Pending Trial entered on March 16, 2021.  Doc. 14; 18 U.S.C. § 3145(b).  The government is opposed.  Doc's 10, 22.  Mr. Reffitt maintains that his proposed conditions of release reasonably assure his appearance and everyone's safety, because the government has not shown otherwise by clear and convincing evidence.  *United States v. Munchel*, No. 21-3010.

Preventive detention requires: i) identification of an articulable threat, and ii) consideration in context.  *Id*. Slip. Op. at 16 – 18.  Context is the nature of the identified threat and the defendant's resources and capabilities.  *Ibid*.

Despite the Magistrate Judge's finding about a firearm, none of the government's video recordings and photographs show one, not even when force is being used against Mr. Reffitt.  In fact, neither of the police officers interviewed by the government said anything about a firearm.  Nor has the government charged any weapons offenses, which is either the government's concession that the defendant did not commit any, or the government's failure to persuade the Grand Jury that there was even probable cause for that.  Either way, the government has not shown clear and convincing evidence that the defendant carried a loaded firearm.

We can agree that the government subsequently seized firearms and computers at Mr. Reffitt's home, 1,300 miles from the Capitol.

The record reflects no evidence that the defendant vandalized property, used force, or physically harmed anyone. Indeed, two people, who live with Mr. Reffitt, testified that they have never feared for their safety and understood his statements to be idle threats. Tr. Mar. 15, 2021 at 25:3 – 25:12, 38:10 – 39:10. Even the Magistrate Judge did not believe that the defendant would harm his family. Doc. 14 at 4.

We can agree that the record reflects the government's use of force against Mr. Reffitt. Doc's 10, 22.

The government just claims that the defendant is a threat, but does not identify an articulable one. Doc's 10, 22; *see Munchel*.

In addition, the government's seizure of firearms and electronics have eliminated the defendant's resources and capabilities. *Ibid*. Considering that the Court has appointed counsel, pursuant to the Criminal Justice Act (18 U.S.C. § 3006A), it is fair to say that the Court has already found Guy to be indigent, which further limits his resources and capabilities.

There was a unique opportunity to obstruct democracy on January 6th, because Congress was tallying the electoral college vote that day, and rallies and protests were scheduled concurrently. *Munchel* at 19.

Accordingly, Guy and his family propose conditions of release that will reasonably assure his appearance and the safety of everyone, including Guy, such as:

1. Remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the Court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;

2. Maintain or actively seek employment;

3. Abide by specified restrictions on personal associations, place of abode, or travel;

4. Report on a regular basis to pretrial services;

5. Comply with a specified curfew;

6. Refrain from possessing a firearm, destructive device, or other dangerous weapon;

7. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

8. Undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose; and

9. Satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

Considering these facts, the government's proposed detention would violate the Constitution.  U.S. Const. amend. VIII; *see United States v. Salerno,* 481 U.S. 739, 754 (1988); *see also Munchel, supra.*

## Points and Authorities

*United States v. Munchel,* No. 21-3010 (D.C. Cir., Mar. 26, 2021).
*United States v. Salerno,* 481 U.S. 739 (1988).
U.S. Const. amend. VIII.
18 U.S.C. § 3006A.
18 U.S.C. § 3145.
21 U.S.C. § 802.

/s/ *William L. Welch,* III

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Guy Reffitt
(Appointed by this Court)

## Certificate of Service

I certify that on this 4th day of May 2021 a copy of the foregoing Defendant's Reply Regarding Motion for Revocation of Detention Order was delivered electronically to Mr. Jeffrey S. Nestler (jeffrey.nestler@usdoj.gov) and Ms. Risa Berkower (risa.berkower@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

/s/ *William L. Welch*, III

William L. Welch, III