```
 1                BEFORE THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
 2

 3   UNITED STATES OF AMERICA,        .
                                      .  Case Number 21-cr-32
 4              Plaintiff,            .
                                      .
 5        vs.                         .
                                      .  Washington, D.C.
 6   GUY WESLEY REFFITT,              .  July 21, 2021
                                      .  3:46 p.m.
 7              Defendant.            .
     - - - - - - - - - - - - - - - -
 8

 9           TRANSCRIPT OF ARRAIGNMENT AND STATUS CONFERENCE
                BEFORE THE HONORABLE DABNEY L. FRIEDRICH
10                    UNITED STATES DISTRICT JUDGE

11

12   APPEARANCES:

13   For the United States:      JEFFREY NESTLER, AUSA
                                 United States Attorney's Office
14                               555 Fourth Street Northwest
                                 Washington, D.C. 20530
15

16   For the Defendant:          WILLIAM WELCH, III, ESQ.
                                 5305 Village Center Drive
17                               Suite 142
                                 Columbia, Maryland 21044
18

19

20

21   Official Court Reporter:    SARA A. WICK, RPR, CRR
                                 333 Constitution Avenue Northwest
22                               U.S. Courthouse, Room 4704-B
                                 Washington, D.C. 20001
23                               202-354-3284

24
     Proceedings recorded by stenotype shorthand.
25   Transcript produced by computer-aided transcription.
```

```
 1                        P R O C E E D I N G S
 2               COURTROOM DEPUTY:  Your Honor, we are in Criminal
 3     Action 21-32, the United States of America versus Guy Reffitt.
 4         If I could have the parties, starting with the government,
 5     approach the podium and state your name for the record.
 6               MR. NESTLER:  Good afternoon, Your Honor.  Jeff
 7     Nestler on behalf of the United States.
 8               THE COURT:  Good afternoon, Mr. Nestler.
 9               MR. WELCH:  Good afternoon, Your Honor.  I am William
10     Welch, and my client, Mr. Reffitt, is seated at the trial table.
11               THE COURT:  Good afternoon, Mr. Welch and Mr. Reffitt.
12          For the record, we are in the courtroom for an arraignment
13     and a continuation of the status hearing to address the
14     government's motion to compel the defendant to produce evidence
15     in an unencrypted state.
16          Mr. Hopkins, if I can have you start with the arraignment,
17     please.
18               COURTROOM DEPUTY:  Absolutely, Your Honor.
19          Mr. Reffitt, you are being charged with violating Title 18
20     of the U.S. Code Paragraph 231(a)(2), civil disorder; Title 18
21     of the U.S. Code Section 1512(c)(2)(ii), obstruction of an
22     official proceeding and aiding and abetting; Title 18 of the
23     U.S. Code Section 1752(b)(1) and (b)(1)(A), entering and
24     remaining in a restricted building or grounds with a deadly or
25     dangerous weapon; Title 18 of the U.S. Code Section 231(a)(3),
```

1    civil disorder; and Title 18 of the U.S. Code Section
2    1512(a)(2)(C), obstruction of justice, hindering communication
3    through physical force or threat of physical force.
4         Counsel, how does your client plead?
5              MR. WELCH:  Mr. Clerk, my client pleads not guilty to
6    all of the charges.  We waive further reading.  We have received
7    a copy of the indictment.  And he asserts his due process
8    rights, including the right to a speedy trial.
9              THE COURT:  All right.  Thank you, sir.
10        All right.  So now to turn to the government's motion, in
11   the motion, the government seeks an order directing Mr. Reffitt
12   to decrypt a Microsoft Surface Pro laptop computer which was
13   recovered during a search executed at his residence pursuant to
14   a search warrant.  The government contends that the device can
15   be decrypted through both a biometric face identification
16   feature or with a password.
17        The defense opposes the government's motion, but at the
18   last hearing, the parties proposed that Mr. Reffitt first
19   attempt to open the subject device through the biometric face
20   identification feature.
21        Although in his briefing Mr. Reffitt does not clearly argue
22   that an order compelling him to produce the device in a
23   decrypted state would violate his Fifth Amendment rights against
24   self-incrimination, given the thrust of his arguments in his
25   brief, I will briefly address whether an order compelling

1   decryption using the biometric unlock feature would compel him
2   to be a witness against himself.  But because the parties have
3   requested that the Court defer further ruling on the motion and
4   that we handle this in two stages, I will not address the
5   passcode issue at this time.
6       Federal courts are divided on the question as to whether to
7   compel protection of biometric features necessary to decrypt an
8   electronic device violates the Fifth Amendment's right against
9   self-incrimination.  Compare *in re Search of [Redacted]*
10  *Washington, District of Columbia*, 317 F.Supp.3d 523, a D.D.C.
11  2018 case with *in re Search of a Residence in Oakland*, 354
12  F.Supp.3d 1010, Northern District of California, 2018 cases.
13      After reviewing these cases and others in the area, the
14  Court is persuaded that the compelled production of decrypted
15  electronic devices through the use of biometric features does
16  not implicate the Fifth Amendment because there's no revelation
17  of the contents of the subject's mind.  *In re Search of*
18  *[Redacted]*, 317 F.Supp.3d at 536.
19      A face, finger, or iris is a physical item that can be
20  physically produced without any mental impressions,
21  communication, or admission of mens rea from the target.  *In re*
22  *Search Warrant*, 470 F.Supp.3d 715 at 729.
23      And therefore, the use of biometric features to decrypt a
24  device is like the government's use of other physical
25  characteristics that courts have found nontestimonial even when

they are used for investigatory purposes. These include a compelled signature, a voice exemplar, handwriting sample, or blood sample.

So for substantially the same reasons articulated by Magistrate Judge Harvey in *in re Search of [Redacted] Washington, District of Columbia*, 317 F.Supp.3d 523, the Court concludes that the production of the decrypted electronic device through the use of biometric features is not testimonial in nature and will, thus, grant the government's motion to compel in part and order Mr. Reffitt to place his face in front of the camera of the subject device in order to produce the device in an unencrypted state.

So again, although I'm granting the government's motion in part, I'm deferring ruling on the rest. And once this hearing is over, Mr. Reffitt shall, pursuant to the Court's ruling, place his face in front of the camera of the subject device's screen to utilize its biometric feature.

If this exercise does not unlock the device and the government intends to proceed with the rest of its motion, I understand, Mr. Welch, that the defense will want more time to brief the legal issues; is that correct?

    MR. WELCH: Yes, Your Honor.

    THE COURT: All right. How long will you need?

    MR. WELCH: I can do that within 30 days, Your Honor.

    THE COURT: Within 30 days. All right. And I will

1    give the government -- how long?  Do you need 14 days?  You've
2    already responded in large part, I think, to the arguments.  Do
3    you need the full 14 days?
4            MR. NESTLER:  Depending on when it falls, Your Honor,
5    we may be able to do it more quickly.
6            THE COURT:  Okay.  I will address this when I address
7    the parties' schedule.  Maybe we can combine some of these
8    things in a moment.
9       So I do -- before we adjourn, I do want to discuss the
10   proposed schedule that the parties had provided to the courtroom
11   deputy following last hearing.  As I understand it, the parties
12   propose that pretrial motions be filed by September 17th, any
13   oppositions by October 1st, and any replies by the 8th.
14      And I'm just curious, do the parties anticipate filing all
15   pretrial motions, including motions in limine, or is this just
16   everything except motions in limine?
17           MR. NESTLER:  From the government's perspective, it
18   could include motions in limine as well.  This, of course, Your
19   Honor, is all keyed off of what we understood the Court to be
20   asking for, which was a trial date in October, late October or
21   early November.  So we tried to work backwards from there --
22           THE COURT:  Right.
23           MR. NESTLER:  -- the October 25th date.
24           THE COURT:  Working backwards from this doesn't quite
25   work.  I mean, as I see the schedule, I think this looks more

1    like an early November rather than late October trial, because
2    of course, once the motions are briefed, I need time to review
3    them.  I need time to hold a hearing.  I hope to be able to rule
4    at the hearing, but not knowing what's coming -- and if the
5    parties want to share with me what's coming, that would be
6    helpful in me sort of gaming out how much time I think I might
7    need.  But of course, we will also need time for jury
8    instructions and pretrial conference, maybe more than one, I
9    don't know.
10         But Mr. Welch, can you give me a sense, if you know, what
11   motions you intend to file by -- if I agree to this motions date
12   of September 17th?
13             COURT REPORTER:  Counsel, can you come to the
14   microphone?
15             MR. WELCH:  Sure.  I'm sorry.
16        I am not certain of the motions at this point, but I would
17   say that, to the Court's original question, I would be fine with
18   providing any motions in limine with the general pretrial
19   motions and not separating them.
20             THE COURT:  All right.  Okay.  As I said, I'm willing
21   to grant the proposed schedule with respect to the filing of
22   motions.  So again, the pretrial motions and any motions in
23   limine would be filed by September 17th.  Any oppositions would
24   be filed by October 1st and any replies by October 8th.
25        So that means some unknown number of motions are going to

1  be ready for resolution on October 8th, and as I sit here now
2  not knowing how many or the nature of the motions, I'm really
3  reluctant to set a motions hearing before -- at the very
4  earliest, October 15th, at the very earliest.  And depending how
5  numerous they are and how complicated they are, I may not be
6  ready to rule on the 15th.
7       So what I was going to propose is tentatively setting a
8  motions hearing date of October 15th, and then I propose that we
9  have an initial pretrial conference some time during the week of
10 October 25th and a second one first week of November with a
11 trial date of November 8th.  Because of course, the parties will
12 need to, as I said, file jury instructions, you know, exhibit
13 and witness lists, all of that.  I will put out a pretrial
14 order.  But I'm really hesitant to set a trial date that I don't
15 think we can meet.  And as I sit here now not knowing what's
16 coming, it's just very hard for me to envision everyone being
17 ready to go on October 25th.  That seems a fast pace.
18      And Mr. Welch, I know you've consistently since at least
19 May -- well, you've asserted your speedy trial rights all along,
20 but I know that I excluded time in May over the defendant's
21 objection.  But I will just note for the record, at one point I
22 had set motions to be due in June.  I think this was -- this
23 date was originally set as a motions hearing date, but the
24 defense has asked not once, but twice to continue that deadline
25 and to push the filing of motions back, and I've accommodated

1    that.  But just so the record's clear, we are where we are in
2    part because the defense has asked for more time.
3         So I don't have any problem giving you that time and going
4    ahead and asking the parties to file all motions by
5    September 17th, but I also need time to review the motions.
6         So do you want to tell me whether this seems like a
7    reasonable trial schedule, Mr. Welch?
8              MR. WELCH:  I think it does seem like a reasonable
9    trial schedule, Your Honor.
10        I think one of the things that is going on is that also the
11   government is representing that it has additional discovery, and
12   it's done that a couple of times, and I think they're going to
13   do it again.  And while any good trial lawyer would certainly
14   want to review the discovery and see whether any of that
15   discovery generates additional pretrial motions, on the other
16   hand, I cannot ignore the fact that my client has given me an
17   explicit instruction to assert his right to a speedy trial.
18             THE COURT:  I completely understand.
19             MR. WELCH:  So I'm in a little bit of a dilemma there.
20             THE COURT:  No, I appreciate your dilemma, and I'm not
21   balking at giving you a trial date.  I just think suggesting a
22   trial date of October 25th with motions being ripe August 8th
23   and not knowing what they are, I think we need a little bit more
24   time for everyone to be prepared.
25        And of course, if I set a trial date of November 8th and

1    the government discloses additional discovery that you think
2    requires additional motions, I'm of course going to give you
3    that option to file more motions, and I will continue the trial
4    date, if necessary.
5        I'm just trying to explain to you and for the record and
6    for Mr. Reffitt why we're not going to trial earlier.  I think
7    we could have gone to trial earlier if the defense had filed
8    motions earlier.  I completely understand why you haven't.  But
9    I just want to be clear that it's not the Court resisting your
10   efforts to have a speedy trial.
11       And I will continue to encourage the government to move as
12   quickly as possible, as I know they've heard from me and many
13   judges in this court.
14       Does that make sense?  If so, I will set this for trial
15   November 8th, to begin at 9:00 a.m. that day.  Backing up, we
16   can do an initial pretrial conference October 27th or 28th, if
17   that works for counsel.
18              MR. NESTLER:  Either for the government.
19              MR. WELCH:  Either one works, Your Honor.
20              THE COURT:  All right.  So why don't we set initial
21   pretrial conference for October 27th.  And if things are ready
22   to go and there's not the need to have an additional pretrial
23   conference that following week on November 1st, we can always
24   vacate that.  But let's go ahead and set a pretrial conference
25   for 10:00 a.m. on October 27th and a second pretrial conference

1    on November 1st, and I will put out a pretrial order that has
2    dates for you all to file proposed jury instructions and turn
3    over *Giglio and* any remaining *Brady* and exhibit and witness
4    lists.  So roughly, that will be proposed jury instructions
5    about 10 days before, around the time of the initial pretrial
6    conference, and *Brady* and *Giglio*, exhibit/witness lists roughly
7    around November 1st, the date of the second.  All right?
8            MR. WELCH:  Your Honor, is it the Court's practice or
9    intention to sit on Fridays?
10           THE COURT:  You know, I can go either way.  The
11   government anticipates this is about a week-long trial?
12           MR. NESTLER:  Yes, Your Honor.
13           THE COURT:  Okay.  Does the defense have a preference
14   there?
15           MR. WELCH:  I just have something that I want to call
16   to the Court's attention.  The week of the 8th, we have a
17   holiday on Thursday, Veteran's Day, November 11th.
18           THE COURT:  Is the court closed?  It is?  Okay.
19           MR. WELCH:  I don't know, but typically, courts are
20   closed on Veteran's Day.
21       In addition, I have a pretrial conference with Judge
22   Hollander in the District of Maryland on the Friday of that
23   week, the 12th.  But other than that --
24           THE COURT:  I hate to have the jury out from the 10th
25   until the 15th.  In light of that, I'm wondering, does the

1   defense have an objection to starting it on November 15th?
2           MR. WELCH:  May I just check my calendar?  I think
3   that would be fine, but I wanted to call it to the Court's
4   attention.
5           THE COURT:  Would that work for you, Mr. Nestler?
6           MR. NESTLER:  Yes, that would be fine for the
7   government, Your Honor.
8           THE COURT:  All right.
9           MR. NESTLER:  I did want to put something on the
10  record about scheduling.
11          THE COURT:  All right.
12          MR. WELCH:  The 15th would be fine, Your Honor.  I
13  just wanted to make sure I had a solid block of days.
14          THE COURT:  All right. So you don't object to a trial
15  date of November 15th, in which case I think we should rethink
16  the dates of the pretrial conferences.  So I would propose
17  having the initial pretrial conference on November 3rd and the
18  second on November 8th, and the trial would begin on
19  November 15th.  And I will adjust the times for the filings as
20  well.
21     So that means -- remind me the date I set for the hearing,
22  the pretrial hearing.  October 15th?  Tentatively, I think
23  that's the date I set.
24          COURTROOM DEPUTY:  Originally, you said October 25th.
25          THE COURT:  No, those were pretrial conferences.  So I

1    think I set -- correct me, Counsel, if I'm wrong.  I think
2    tentatively I set the pretrial hearing on the motions for
3    October 15th, the motions that will be ripe October 8th.
4         So if those motions come in and they're many in number and
5    we need to break these up into two hearings or push it back a
6    little bit, I will be in touch with you all then.  But for now,
7    we will set the hearing for -- we will keep it at October 15th.
8         And back to the question on the password, if there's a need
9    for the government to proceed and it determines that it does
10   intend to, Mr. Welch, can you file -- you asked for 30 days to
11   supplement your motion.  So I will give you until August 11th,
12   and Mr. Nestler, August 25th to file any response, although I'm
13   wondering, Mr. Nestler, again, haven't you briefed this fairly
14   comprehensively?
15            MR.NESTLER:  Yes, Your Honor.  We can handle this in
16   one week.  That's fine.
17            THE COURT:  So you will file any opposition by
18   August 18th?
19            MR.NESTLER:  Yes, Your Honor.
20            THE COURT:  And then, Mr. Welch, I'm going to give you
21   until the 23rd for any reply, because this really should have
22   already been briefed by now.
23            MR. WELCH:  Okay.
24            THE COURT:  So I would like to hold a hearing some
25   time the week of the 23rd if we're faced with this issue after

1  today. What's your schedule like?
2         MR. NESTLER: The government is available, Your Honor.
3         THE COURT: Okay. How about August 26th at
4  10:00 a.m.?
5         MR. WELCH: Your Honor, I am in trial with Judge
6  McFadden beginning on the 26th. Now, he doesn't intend to sit
7  the following day, the 27th.
8         THE COURT: Okay. Could we do the 27th?
9         MR. NESTLER: That's fine for the government.
10        MR. WELCH: I'm available, Your Honor.
11        THE COURT: So August 27th at 10:00 a.m. And I don't
12 know if that would need to be an evidentiary hearing, but what's
13 your position, Mr. Welch, on whether we do that in person or by
14 video conference?
15        MR. WELCH: I think it could be done via video. I
16 think it's just going to be argument on those.
17        THE COURT: Because you had initially objected to the
18 government's proffer in your opening motion. And to the extent
19 the government is going to have to present testimony, I've
20 handled suppression hearings that way, but --
21        MR. WELCH: I think we can give it a try.
22        THE COURT: All right. So we will have, if necessary,
23 a hearing on August 27th. And let's keep that as a status
24 hearing even if there's no pending motion. So we will reconvene
25 on the 27th at 10:00 a.m., regardless whether there's a need to

Case 1:21-cr-00032-DLF   Document 31   Filed 08/24/21   Page 15 of 19

15

```
 1    address the remainder of the government's pending motion.
 2         So given all of the forthcoming motions, given the
 3    anticipated forthcoming discovery from the government, the need
 4    for the defense to prepare for trial, I am going to -- and tell
 5    me, Mr. Welch, if you object, but I think it is in the interest
 6    of justice to exclude time from now until November 15th, the day
 7    of trial, in calculating the date for a speedy trial.
 8              MR. WELCH:  What I have to say, Your Honor, is that my
 9    client objects.  I am available as the schedule has been
10    proposed.
11              THE COURT:  Okay.  Well, this backs us up.  You're
12    asking for more time.  It's hard for you to object to waiver of
13    speedy trial when you're asking for time to file motions.  Part
14    of this delay is due to the defense request.
15         So let's just take this, then, one step at a time.  We will
16    exclude -- I will exclude time from today until the next court
17    hearing, which is August 27th, because the defense -- correct me
18    if I'm wrong, but you're asking for more time to brief this
19    issue.  And regardless, whether you're briefing this issue,
20    you've asked for time to file motions that aren't going to be
21    filed until September 7th.  Correct?
22              MR. WELCH:  That is correct.
23              THE COURT:  All right.  September 17th, sorry.
24         So I do find it's in the interest of justice, the ends of
25    justice outweigh the best interests of the defendant and the
```

Case 1:21-cr-00032-DLF   Document 31   Filed 08/24/21   Page 16 of 19

16

```
 1    public in a speedy trial.  So we will exclude time from today
 2    until August 27th in calculating the date for a speedy trial.
 3         All right.  So Mr. Welch, anything else you would like to
 4    discuss before I turn to him?  He wanted to put something on the
 5    record.
 6              MR. WELCH:  Not at this time.  Thank you.
 7              THE COURT:  All right.  Mr. Nestler?
 8              MR. NESTLER:  Yes, Your Honor.
 9         Just so the record is clear, the government did file
10    yesterday a memorandum regarding the status of discovery, and I
11    assume Your Honor is aware that the government has filed this
12    similar memorandum in almost all the Capitol riot cases.
13              THE COURT:  Yes, I am.
14              MR.NESTLER:  Okay.  The reason for that is because
15    there is -- and I've told this to Mr. Welch, obviously.  There's
16    a large volume of discovery not directly applicable to
17    Mr. Reffitt but for the Capitol riot cases writ large, and the
18    government does not anticipate having all of that material ready
19    to give to the defense within the next 60 days because it
20    applies to so many defendants and so many different pieces of
21    discovery.
22         And the government is concerned that the defense would be
23    entitled to at least review some of that material, and we don't
24    yet have an estimate for when that will all be ready.  I
25    understand from especially the defense but also the Court an
```

1    interest in having a trial date at some point in the near
2    future, which is why we proposed this date here.  But I wanted
3    to put on the record, that's why we filed this memorandum.
4         It is certainly likely at this point that by the time
5    Mr. Reffitt goes to trial there will still be some outstanding
6    pieces related to the riot writ large that the defense is not
7    going to be in possession of.  And so I wanted the Court and the
8    defense to be aware of that fact.
9              THE COURT:  All right.  And Mr. Nestler, with regard
10   to discovery that's specific to Mr. Reffitt, with the exception
11   of the encrypted materials that you don't have yourself, have
12   you provided all of that that you're aware of?
13             MR.NESTLER:  There is some small amount outstanding.
14   We have a hard drive from the defense, and I just received some
15   materials from the agent in Texas this morning, and we're going
16   to get that hard drive to the defense probably next week, as I
17   told Mr. Welch.
18        That should be the bulk of materials related to Mr. Reffitt
19   directly.  There are some materials related to a witness against
20   Mr. Reffitt that we are working on compiling and making
21   available to the defense as well.
22             THE COURT:  I'm sorry.  I can't hear you.
23             MR.NESTLER:  Oh, I'm sorry.  There are some materials
24   related to a witness against Mr. Reffitt that we are working on
25   compiling.  So that's sort of in the in between between

1   Mr. Reffitt directly and the Capitol riot cases writ large, a
2   witness, materials related to that witness, and we are working
3   on getting that to the defense as soon as we can.
4           THE COURT:  All right.  Very well.
5       All right, then.  Before I adjourn, is there anything else
6   we need to address from either side?
7           MR. NESTLER:  Not from the government, Your Honor.
8           MR. WELCH:  Not at this point, Your Honor.
9           THE COURT:  All right.  So I am accommodating the
10  parties' request to use the courtroom for this procedure, given
11  the pandemic.  This is something that would typically take
12  place, as I understand it, at the jail, but due to COVID, I am
13  going to allow them to use the courtroom.
14      But the courtroom will be closed, and this hearing will be
15  adjourned now.  So I will ask everyone who is not counsel or an
16  investigator who is going to be involved in this to leave the
17  courtroom.
18      Thank you.
19      (Proceedings adjourned at 2:37 p.m.)

CERTIFICATE OF OFFICIAL COURT REPORTER

I, Sara A. Wick, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Sara A. Wick            August 11, 2021
SIGNATURE OF COURT REPORTER      DATE