```
 1                    BEFORE THE UNITED STATES DISTRICT COURT
                           FOR THE DISTRICT OF COLUMBIA
 2

 3    UNITED STATES OF AMERICA,         .
                                        .  Case Number 21-cr-32
 4              Plaintiff,              .
                                        .
 5        vs.                           .
                                        .
 6    GUY WESLEY REFFITT,               .  August 27, 2021
                                        .  10:07 a.m.
 7              Defendant.              .
      - - - - - - - - - - - - - - - -
 8

 9                     TRANSCRIPT OF STATUS CONFERENCE
                 BEFORE THE HONORABLE DABNEY L. FRIEDRICH
10                     UNITED STATES DISTRICT JUDGE

11

12    APPEARANCES:

13    For the United States:       JEFFREY NESTLER, AUSA
                                   United States Attorney's Office
14                                 555 Fourth Street Northwest
                                   Washington, D.C. 20530
15

16    For the Defendant:           WILLIAM WELCH, III, ESQ.
                                   5305 Village Center Drive
17                                 Suite 142
                                   Columbia, Maryland 21044
18

19

20

21    Official Court Reporter:     SARA A. WICK, RPR, CRR
                                   333 Constitution Avenue Northwest
22                                 U.S. Courthouse, Room 4704-B
                                   Washington, D.C. 20001
23                                 202-354-3284

24
      Proceedings recorded by stenotype shorthand.
25    Transcript produced by computer-aided transcription.
```

P R O C E E D I N G S

(All participants present via video conference.)

COURTROOM DEPUTY: Your Honor, we are in Criminal Action 21-32, the United States of America versus Guy Reffitt.

If I can have the parties identify themselves for the record, beginning with the United States.

MR. NESTLER: Good morning, Your Honor. Jeff Nestler on behalf of the United States.

THE COURT: Good morning, Mr. Nestler.

MR. WELCH: Good morning, Your Honor. This is William Welch on behalf of Mr. Reffitt.

THE COURT: Good morning, Mr. Welch, and good morning, Mr. Reffitt.

This is a status hearing being conducted remotely by video pursuant to the Chief Judge's standing order relating to the pandemic.

Mr. Nestler, can you update me on where things stand?

MR. NESTLER: Yes, Your Honor.

We have been producing discovery to the defense. We have substantially completed discovery related to Mr. Reffitt himself, including a production we made yesterday of additional surveillance video and the Capitol Police radio runs. We have produced to the defense all of the FBI files related to Mr. Reffitt as of last month, and we are currently in the process of supplementing any files that have been created or

1  updated over the past month or so and getting those documents to
2  Mr. Welch on a rolling basis for anything new that has come up.
3       We have separately provided Mr. Welch with discovery that
4  is to an important witness in our case, including asking
5  Mr. Welch to provide an external hard drive for voluminous
6  discovery related to search warrants conducted on that
7  individual's devices, which he has done, and that is being
8  copied onto his hard drive now to be sent back.
9       We have already provided all of the grand jury materials
10 and other related materials to this case.  We believe we have
11 substantially produced discovery as to Mr. Reffitt and the
12 witness who we plan to be sponsoring at trial.
13      As regards to the office-wide status of discovery, we did
14 file a notice yesterday regarding the status of discovery that
15 applies to all of the Capitol riot cases, not just Mr. Reffitt's
16 case.  And as Your Honor can see in there, that process is
17 ongoing.  My office has been working diligently with FPD and the
18 FBI in order to get that up to speed, and we do hope that some
19 of the materials we referenced there will be available to the
20 defense in the near future.
21      But as we lay out in that notice, there are several
22 categories of materials that will not be available to the
23 defense prior to November.  That's simply a symptom of the
24 technological complications of getting all of the different
25 types of data in terms of cell phone extractions from other

```
1    individuals and the like processed and made available in a
2    format that the defense can access.
3              THE COURT:  Is that it, Mr. Nestler?
4              MR. NESTLER:  One more point, Your Honor.  We did ask
5    the defense under Rule 12.3(a)(1) to provide notice if they plan
6    to rely on a public authority defense.
7              THE COURT:  Okay.  All right.  And Mr. Nestler, I
8    think previously I set some dates for the filing of pretrial
9    motions, including your 404(b) notice, which is set for, I
10   believe, September 3rd.  Is that right?
11             MR. NESTLER:  Yes, Your Honor.  We do not intend to
12   proceed on any 404(b) evidence.  We do intend to present
13   evidence that we believe to be inextricably intertwined with
14   this case and to Mr. Reffitt's motive.  So we don't think any
15   404(b) evidence will be presented.
16             THE COURT:  All right.  I believe I've set a deadline
17   of September 17 for the filing of pretrial motions.  Is that
18   correct, Mr. Welch?
19             MR. WELCH:  It is, Your Honor.
20             THE COURT:  All right.  Mr. Welch, anything you would
21   like to add here?
22        And wait.  Hold up for just a moment.  Is Mr. Reffitt
23   having trouble hearing?  I think it's on mute.
24             THE DEFENDANT:  Sorry.  I was just adjusting the
25   volume.  I'm in cuffs.  So it's a little bit difficult.
```

1          THE COURT:  All right.  Mr. Reffitt, are you able to
2     hear us clearly?
3          THE DEFENDANT:  Yes, Your Honor.  I was muting it
4     because of the background noise.
5          THE COURT:  Okay.  That's fine.  I wanted to make sure
6     that you could hear us.  If you would like, we can have
7     Mr. Hopkins, I think, mute you.  Is that correct, Mr. Hopkins,
8     if it makes it easier for him?
9          COURTROOM DEPUTY:  I can mute him, but I don't think
10    that will do anything for the noise that he's hearing within the
11    unit.
12         THE DEFENDANT:  I can mute my side so that you guys
13    can carry on.
14         THE COURT:  Thank you, Mr. Reffitt.  Just raise your
15    hand if you need to say something.
16      All right.  Mr. Welch, is there anything else you would
17    like to add?
18         MR. WELCH:  No, Your Honor.  I think Mr. Nestler
19    accurately stated where we are.
20         THE COURT:  Okay.  I previously set trial to begin
21    November 15th.  Do the parties think that that's a realistic
22    trial date given what's been said here in terms of discovery?
23    Mr. Nestler?
24         MR. NESTLER:  It's realistic in the sense that the
25    government believes that we will have complied with our

1   discovery obligations related to Mr. Reffitt and the witnesses
2   we intend to call.  It is not -- we will not have provided
3   defense counsel with office-wide, meaning all of the discovery
4   related to the Capitol riot, by that date.
5        So I think the defense and the Court, as I indicated at our
6   last status hearing, need to be aware of that fact, and we tried
7   to lay out in the notice we filed yesterday about what
8   categories of information that would be that the defense would
9   not have prior to the trial.
10            THE COURT:  All right.  And Mr. Welch, what's your
11  current feeling about that?  I ask because, as you both know,
12  there are limited trials still being set in the federal court,
13  no more than three per week, and all jury voir dire is occurring
14  in the ceremonial courtroom due to the rising numbers of the
15  pandemic.  And so while I'm certainly sensitive to Mr. Reffitt's
16  desire for a speedy trial and I want to facilitate that, I also
17  want to be realistic and not be holding a date that you,
18  Mr. Welch, thinks is not a realistic trial date, if you know
19  that.  If you don't, we will keep the trial date as set.
20            MR. WELCH:  I do think it's a realistic trial date,
21  Your Honor.  I have -- anticipate getting through all of the
22  materials that the government has sent and anticipates sending
23  to me pertaining to my client.
24       I think it would be an indefinite postponement of the case
25  were we to wait around for the government to go through

1  office-wide all of the things that it might discover, because
2  that investigation is massive and ongoing, and my client is
3  detained and asserting his right to a speedy trial.
4           THE COURT:  Okay.  I understand.  I just want to make
5  sure that you haven't decided that that's not going to give you
6  the time you think you need to adequately defend him.
7       All right.  What else do we need to address, Mr. Welch?
8           MR. WELCH:  I don't have anything else presently, Your
9  Honor.  I'm working on the pretrial motions.
10          THE COURT:  All right.  Can you give me some sense of
11 what I might expect to see on the 17th?
12          MR. WELCH:  It's a work in progress.  I would prefer,
13 for strategic reasons, not to say before then.  I will say this,
14 because you previously expressed your concerns about, you know,
15 what you might expect.  I believe it will be relatively garden
16 variety.  I don't expect to sandbag you and dump something on
17 you that will not give you time to adequately do your job.
18          THE COURT:  To be clear, you can file any motion you
19 think is appropriate, including, it sounds like, given what
20 Mr. Nestler said about the 404(b) notice, and I think you've
21 raised this previously, someone probably should be filing a
22 motion with regard to that evidence so that I can make a
23 determination pretrial that it is inextricably intertwined with
24 the evidence in this case.
25      Do you agree, Mr. Welch?

1           MR. WELCH:  I think it would be appropriate to address
2    that, and I will have to consider whether that motion would
3    appropriately be made by me.
4           THE COURT:  All right.  Mr. Nestler, I don't question
5    what you're saying, but if we think this is a close call, I
6    would rather resolve those issues pretrial.
7           MR. NESTLER:  Yes, Your Honor.  I mean, it might make
8    more sense for us to let Mr. Welch know the evidence we plan to
9    introduce.  I thought that would make the most sense.  And if he
10   believes any of the evidence we plan to introduce will
11   constitute something that's not admissible for whatever reason,
12   that he ought to file a motion in limine in that regard.  I
13   don't believe we are going to be doing anything that --
14          THE COURT:  As long as you've identified what that
15   evidence is that you think is not 404(b) but he might disagree
16   about, I think that's correct, Mr. Welch, you can move to
17   exclude it.  All right?
18          MR. WELCH:  Thank you.
19          THE COURT:  Okay.  Anything else, Mr. Nestler?
20          MR. NESTLER:  Not from the government, Your Honor.
21          THE COURT:  All right.  Is there a motion to exclude
22   time?  I think I've excluded time up to and including today.
23          MR. NESTLER:  Yes, Your Honor, there is a motion to
24   exclude time, and we do incorporate the order that Chief Judge
25   Howell issued, I believe, two days ago, I believe excluding time

1       through the end of October.
2               THE COURT:  Okay.  And our next hearing is scheduled
3       for October 15th of 2021.  Do you all see any need to meet
4       before then?
5               MR. NESTLER:  No, Your Honor.
6               THE COURT:  Mr. Welch?
7               MR. WELCH:  No, Your Honor, I don't, and I will alert
8       you immediately if that changes.
9               THE COURT:  Okay.  All right.  Mr. Welch, what's your
10      position on speedy trial?
11              MR. WELCH:  My client is asserting his right to a
12      speedy trial.  I do recognize that under the Speedy Trial Act
13      that we're going to be filing pretrial motions that will need to
14      be litigated in this case.
15              THE COURT:  Okay.  All right.  For many of the reasons
16      that I've stated previously, including that -- the defense is
17      still reviewing existing, discovery that's already been
18      produced.  There is forthcoming discovery coming.  A number of
19      motions are anticipated to be filed by the defense.  This case
20      is particularly complex in its investigation, given the
21      overlapping cases all related to the Capitol offenses of
22      January 6.  So far as I can tell, the government is working in
23      good faith to produce it in a timely fashion.  And there are, as
24      I mentioned, limitations on trials right now in this period
25      given the pandemic.  And I do incorporate Chief Judge Howell's

1  recent order which is excluding time as well.

2  And I think given all those reasons, it is in the interest
3  of justice to exclude time under the Speedy Trial Act.  I do
4  believe the ends of justice outweigh the best interests of the
5  defendant and the public in a speedy trial.  We certainly want
6  to be doing these trials in a safe manner, and to do that, we
7  have to limit the trials to three at a time in our courthouse,
8  given the space limitations.  So I do believe it's in the public
9  interest as well as the defendant's interest to have his
10  attorney review this discovery and make decisions about what
11  motions to file and how best to defend this case.

12  So I will exclude that time until October 15 of 2021 in
13  calculating the date for speedy trial.

14  All right.  Anything else, Mr. Welch?

15  MR. WELCH:  No, Your Honor.

16  THE COURT:  All right.  Thank you all.

17  Mr. Reffitt, I will see you back on October 15th for a
18  motions hearing.

19  THE DEFENDANT:  Thank you, Your Honor.

20  (Proceedings concluded at 10:19 a.m.)

```
 1              CERTIFICATE OF OFFICIAL COURT REPORTER

 2

 3         I, Sara A. Wick, certify that the foregoing is a

 4   correct transcript from the record of proceedings in the

 5   above-entitled matter.

 6

 7         Please Note:  This hearing occurred during the

 8   COVID-19 pandemic and is, therefore, subject to the

 9   technological limitations of court reporting remotely.

10

11

12   /s/ Sara A. Wick                   September 10, 2021

13   SIGNATURE OF COURT REPORTER        DATE
```