1729. Protection Of Government Processes -- Tampering With Victims, Witnesses, Or Informants -- 18 U.S.C. 1512 | JM | Department of Justice

Case 1:21-cr-00032-DLF   Document 43-1   Filed 10/08/21   Page 1 of 3

🇺🇸 An official website of the United States government
Here's how you know



THE UNITED STATES
DEPARTMENT of JUSTICE
ARCHIVES

**ABOUT**   **OUR AGENCY**   **TOPICS**   **NEWS**   **RESOURCES**   **CAREERS**   **CONTACT**

Home » Justice Manual » Criminal Resource Manual » CRM 1500-1999 » Criminal Resource Manual 1701-1799

**Criminal Resource Manual**

- CRM 1-499
- CRM 500-999
- CRM 1000-1499
- **CRM 1500-1999**
  - Criminal Resource Manual 1501-1599
  - Criminal Resource Manual 1601-1699
  - **Criminal Resource Manual 1701-1799**
    - 1701. Trademark Counterfeiting -- Introduction
    - 1702. Trademark Counterfeiting -- Charging Considerations
    - 1703. Trademark Counterfeiting -- Reporting Requirements
    - 1704. Trademark Counterfeiting -- Elements -- 18 U.S.C. § 2320
    - 1705. Trademark Counterfeiting -- First Element -- The Defendant Trafficked Or Attempted To Traffic In Goods Or Services
    - 1706. Joint

This is archived content from the U.S. Department of Justice website. The information here may be outdated and links may no longer function. Please contact webmaster@usdoj.gov if you have any questions about the archive site.

# 1729. PROTECTION OF GOVERNMENT PROCESSES -- TAMPERING WITH VICTIMS, WITNESSES, OR INFORMANTS -- 18 U.S.C. 1512

Section 1512 of Title 18 constitutes a broad prohibition against tampering with a witness, victim or informant. It proscribes conduct intended to illegitimately affect the presentation of evidence in Federal proceedings or the communication of information to Federal law enforcement officers. It applies to proceedings before Congress, executive departments, and administrative agencies, and to civil and criminal judicial proceedings, including grand jury proceedings. *See* 18 U.S.C. § 1515(a)(1). In addition, the section provides extraterritorial Federal jurisdiction over the offenses created therein. *See* 18 U.S.C. § 1512(g); 128 Cong. Rec. H8469 (daily ed. Oct. 1, 1980); H. R. Rep. No. 1369, 96th Cong., 2d Sess. 20-22 (1980).

The express prohibitions against tampering with witnesses and parties contained in former 18 U.S.C. §§ 1503 and 1505, are now in paragraphs (b)(1) and (2) of 18 U.S.C. § 1512. (As discussed in this Manual at 1724 and 1727, the omnibus clauses of these provisions still cover witnesses.) All forms of tampering with informants covered in former 18 U.S.C. § 1510, with the exception of tampering by means of bribery, are now proscribed by 18 U.S.C. § 1512(b)(3). Tampering with informants by means of bribery remains an 18 U.S.C. § 1510 offense.

Section 1512 augments the prohibitions of the former law in several important respects. First, section 1512(b)(3) sweeps more broadly than former 18 U.S.C. § 1510 and expands the class of informants protected by Federal law. For example, it protects individuals having information concerning a violation of a condition of probation, parole, or bail whether or not that violation constitutes a violation of any other Federal criminal statute. Second, it protects individuals seeking to provide information to Federal judges or Federal probation and pretrial services officers.

Section 1512 also includes attempts in its list of prohibited conduct. There is no requirement that the defendants actions have the intended obstructive effect. *See, e.g., United States v. Murray*, 751 F.2d 1528 (9th Cir.), *cert. denied*, 474 U.S. 979 (1985); *United States v. Wilson*, 796 F.2d 55 (4th Cir. 1986), *cert. denied*, 479 U.S. 1039 (1987). As amended by the Criminal Law and Procedure Technical Amendments Act of 1986, Pub. L. 99-646, it is clear that the killing of a witness or attempts to kill a witness in order to prevent his/her testimony constitutes an act of force intended to "influence the witness' testimony." *See* 18 U.S.C. § 1512(a). This change was necessitated by one court interpreting former § 1512 as not reaching an act of attempted murder that was intended to prevent a witness from testifying. *See United States v. Dawlett*, 787 F.2d 771 (1st Cir. 1986).

**Appendix 1**

1729. Protection Of Government Processes -- Tampering With Victims, Witnesses, Or Informants -- 18 U.S.C. 1512 | JM | Department of Justice

Case 1:21-cr-00032-DLF   Document 43-1   Filed 10/08/21   Page 2 of 3

Statement On Trademark Counterfeiting Legislation, 130 Cong. Rec. H12076, H12078 -- Introduction

1707. Joint Statement -- Part A. Title 18 Amendment

1708. Joint Statement -- Part B. Defenses

1709. Joint Statement -- Parts C And D. Definitions -- "Trafficking" -- "Counterfeit Marks"

1710. Joint Statement -- Part E. Lanham Act Amendment

1711. Joint Statement -- Part G. Ex Parte Seizures

1712. Joint Statement -- Part H. Treble Damages And Atty's Fees

1713. Trademark Counterfeiting -- Second Element -- The Defendant's Trafficking Or Attempt To Traffic Was Intentional

1714. Trademark Counterfeiting -- Third Element -- The Defendant Used A "Counterfeit Mark" On Or In Connection With Such Goods Or Services

1715. Trademark Counterfeiting -- Requirements For A "Counterfeit Mark"

1716. Trademark Counterfeiting --

The section specifically abolishes the pending proceeding requirement of 18 U.S.C. §§ 1503 and 1505. The provision also eliminates ambiguity about the class of individuals protected. Although the former law protected witnesses, parties, and informants, it was unclear whether that law reached the intimidation of third parties (for example, the spouse of a witness) for the purpose of intimidating the principal party. Section § 1512 of Title 18 plainly covers such conduct, for it speaks of conduct directed toward "another person." *See* 128 Cong. Rec. H8203 (daily ed. Sept. 30, 1982).

Section 1512 protects potential as well as actual witnesses. With the addition of the words "any person," it is clear that a witness is "one who knew or was expected to know material facts and was expected to testify to them before pending judicial proceedings." *United States v. DiSalvo*, 631 F.Supp. 1398 (E.D. Pa. 1986), *aff'd*, 826 F.2d 1054 (3d Cir. 1987). Under § 1512, an individual retains his/her status as a witness even after testifying. *United States v. Wilson*, 796 F.2d 55 (4th Cir. 1986), *cert. denied*, 479 U.S. 1039 (1987) (protection of witness under § 1512 continues throughout the trial); *United States v. Patton*, 721 F.2d 159 (6th Cir. 1983) (witness retains status while defendant's motion for a new trial is pending); *United States v. Chandler*, 604 F.2d 972 (5th Cir. 1979) (witness retains status while case is pending on direct appeal). *Cf. United States v. Risken*, 788 F.2d 1361 (8th Cir.), *cert. denied*, 479 U.S. 923 (1986) (party was a witness after asserting his Fifth Amendment privilege and being dismissed from the stand since he could be recalled at any time).

Section 1512 of Title 18 contains two significant additions to the types of tampering barred by Federal law. First, it forbids "misleading conduct," as defined in 18 U.S.C. § 1515. Such conduct was not covered in those circuits that had narrowly construed the omnibus clauses of 18 U.S.C. §§ 1503 and 1505 under the rule of ejusdem generis. *See United States v. Metcalf*, 435 F.2d 754 (9th Cir. 1970); *United States v. Essex*, 407 F.2d 214 (6th Cir. 1969). *see generally*, 128 Cong. Rec. H8203 (daily ed. Sept. 30, 1982). Second, 18 U.S.C. § 1512 makes intentional harassment a misdemeanor. This offense is intended to reach conduct less egregious than the corrupt, threatening or forceful conduct required for a violation of former 18 U.S.C. §§ 1503 and 1505. Harassing conduct has been defined as that intended to badger, disturb or pester. *Wilson*, *supra*.

Despite its coverage, section 1512 was not intended to reach all forms of witness tampering. Its coverage is limited to tampering accomplished by the specific means enumerated in the provision. *United States v. King*, 762 F.2d 232 (2d Cir. 1985), *cert. denied*, 475 U.S. 1018 (1986). The more imaginative types of witness tampering as well as forms of tampering defying enumeration were still prohibited by the omnibus provision of § 1503. *United States v. Lester*, 749 F.2d 1288 (9th Cir. 1984).

It is unclear whether 18 U.S.C. § 1512(b)(3) was intended to widen the prohibition against obstructing investigations contained in former 18 U.S.C. § 1510 to include investigations that are not per se criminal in nature, such as an FAA investigation of an aircraft accident, or a Senate committee investigation of the trucking industry. A comparison of the difference in phraseology between 18 U.S.C. §§ 1510 and 1512(b)(3), however, indicates that those differences are differences of style, not substance, and that no such expansion was intended. Section 1510 proscribes interference with "the communication of information relating to a violation of any criminal statute of the United States . . ." to a (Federal) criminal investigator; 18 U.S.C. § 1512(b)(3) proscribes interference with "the communication to a (Federal) law enforcement officer . . . of information relating to the commission or possible commission of a Federal offense." There is nothing to indicate that Congress intended to depart from the generally accepted meaning of "law enforcement" as criminal law enforcement and of "offense" as criminal violation. *See* 18 U.S.C. § 1515(4); 128 Cong. Rec. H8203 (daily ed. Sept. 30, 1982). Accordingly, prosecutions for interference with legislative or administrative investigations that have not taken on the character of a criminal investigation should be brought under the omnibus clause of 18 U.S.C. § 1505. *See* this Manual at 1726.

## Appendix 2

1729. Protection Of Government Processes -- Tampering With Victims, Witnesses, Or Informants -- 18 U.S.C. 1512 | JM | Department of Justice

Case 1:21-cr-00032-DLF   Document 43-1   Filed 10/08/21   Page 3 of 3

Specific Exclusions From Definition Of "Counterfeit Mark"

1717. Trademark Counterfeiting -- Fourth Element -- The Defendant Knew The Mark Was Counterfeit

1718. Trademark Counterfeiting -- Defenses

1719. Trademark Counterfeiting -- Notification To The U.S. Atty Of Applications For Ex Parte Seizure Orders

1720. Protection Of Government Processes -- Overview

1721. Protection Of Government Processes -- Obstruction Of Justice -- Scope Of 18 U.S.C. 1503

1722. Protection Of Government Processes -- Pending Proceeding Requirement -- 18 U.S.C. 1503

1723. Protection Of Government Processes -- State Of Mind Requirement --18 U.S.C. 1503

1724. Protection Of Government Processes -- Omnibus Clause -- 18 U.S.C. 1503

1725. Protection Of Government Processes -- Obstruction Of Pending Proceeding -- 18 U.S.C. 1505

[cited in JM 9-69.100]

‹ 1728. Protection Of Government Processes -- Obstruction Of Federal Criminal Investigation -- 18 U.S.C. 1510

up

1730. Protection Of Government Processes - - "Official Proceeding" Requirement -- 18 U.S.C. 1512 ›

*Updated January 17, 2020*

**Appendix 3**