United States District Court for the District of Columbia

**United States of America**           \*

    v.                                          \*           No. 1:21-CR-00032-DLF-1

**Guy Wesley Reffitt**                  \*

## Notice of Supplemental Authority

During the motions hearing on October 15, 2021, there was discussion about whether Congress' Electoral College vote certification was like a court, and whether Congress was "like a jury." Mr. Reffitt maintains that it is neither, because Congress' certification is ministerial, and because applying Section 1512(c)(2) to conduct unrelated to the availability or integrity of evidence would render as surplusage: i) "otherwise obstructs" in Section 1512(c)(2); ii) the rest of Section 1512; and ii) much of Chapter 73.

Currently, the Court has the defendant's Motion to Dismiss Count Two (Doc. 38) under advisement.[1]  Min. Ord., Oct. 15, 2021.  Pertinent and significant authorities have come to Mr. Reffitt's attention since the hearing:

*Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) (Courts "assume Congress is aware of existing law when it passes legislation and is aware of the judicial background against which it is legislating.");

---

[1] Currently, this issue is also before the Court in *United States v. Caldwell et al.*, 1:21-CR-00028-APM; *United States v. Aaron Mostofsky*, 1:21-CR-00138-JEB; and *United States v. Brady Knowlton*, 1:21-CR-00046-RDM.

*United States v. Kelley*, 26 F.3d 1118, 1127 – 1128 (D.C. Cir. 1994) (OIG matter qualified as a "proceeding," because it possessed these obstruction-of-justice qualities: (1) "adjudicative power" or "the power to enhance [its] investigation through the issuance of subpoenas or warrants"; and (2) the OIG matter was an investigation;

*Begay v. United States*, 553 U.S. 137 (2008) (crimes covered by the statutory phrase "otherwise involves" are "crimes that are roughly similar in kind as well as in degree of risk posed to the [enumerated] examples themselves.");

*Yates v. United States*, 574 U.S. 528 (2015) ("We resist a reading of [an obstruction statute] that would render superfluous an entire provision passed in proximity as part of the same Act.");

Ltr. of Vice President Mike Pence, Jan. 6, 2021, available at: https://bit.ly/2WVy9s0 (Last accessed Oct. 19, 2021) (duties of the presiding officer were "largely ceremonial," not "adjudicative.")

*United States v. William Pepe*, 21-CR-52, Doc. 55, p. 8 n. 3 (D.D.C. 2021) (Gov't brief: "[T]he certification of the Electoral College vote is not an 'inquiry or investigation.'");

Akhil Reed Amar, *Presidents, Vice Presidents, and Death: Closing the Constitution's Succession Gap*, 48 Ark. L. Rev. 215, 229 (1995) ("In counting votes, Congress performs in effect a ministerial function, registering the will of the voters in the electoral college");

Vasan Kesavan, *Is the Electoral Count Act Unconstitutional*, 80 N.C. L. Rev. 1653, 1712 (2002) (same);

*Congress Sowed the Seeds of Jan. 6 in 1887: the Electoral Vote Count Act lets Congress think it can choose the President, but it's unconstitutional*, Judge J. Michael Luttig and David B. Rivkin, Jr., Wall Street Journal, Mar. 18, 2021, available at: https://www.wsj.com/articles/congress-sowed-the-seeds-of-jan-6-in-1887-11616086776 (same).

/s/ *William L. Welch*, III

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Guy Wesley Reffitt
(Appointed by this Court)

**Certificate of Service**

I hereby certify that on this 19th day of October 2021, a copy of the foregoing Notice of Supplemental Authority was delivered electronically to Mr. Jeffrey S. Nestler (jeffrey.nestler@usdoj.gov) and Ms. Risa Berkower (risa.berkower@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

/s/ *William L. Welch,* III

William L. Welch, III