**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 21-cr-00032 (DLF)** |
| | : | |
| **v.** | : | |
| | : | |
| **GUY WESLEY REFFITT,** | : | |
| | : | |
| **Defendant.** | : | |

**MOTION *IN LIMINE* TO PERMIT GOVERNMENT TO ELICIT LAY OPINION**
**TESTIMONY ABOUT FIREARM HOLSTER**

The government respectfully moves *in limine* for an order allowing FBI Special Agent Laird Hightower to testify that, in his lay opinion, the firearm holster visible in several anticipated Government exhibits—several videos of Defendant Guy Reffitt at the Capitol, and still frames from those videos—appears to be the same make and model of firearm holster visible in another Government exhibit, a photo of a firearm holster found on a nightstand in Reffitt's bedroom.

Pursuant to Federal Rule of Evidence 701, a lay witness may offer opinion testimony if the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." "Lay opinion is proper when it is based upon personal knowledge of events that occurred in the case being tried." *United States v. Williams*, 827 F.3d 1134, 1156 (D.C. Cir. 2016).

Here, SA Hightower will provide testimony that the holster depicted in these government exhibits is a Blackhawk Serpa CQC concealment holster. This testimony will be based on his own perception and experience. He is an experienced firearms trainer at the FBI and personally owns several Blackhawk Serpa CQC concealment holsters.[1] He is familiar with the unique

---

1 SA Hightower will testify that Blackhawk Serpa CQC concealment holsters contain small

features of such holsters, including a level-one finger retention device, which must be depressed by the user's index finger in order to remove the firearm from the holster.   This mechanism is visible on the side of the holster.   The government's exhibit showing the holster found in the defendant's bedroom is on the left, below.   One of the government exhibits taken from a video of the defendant on January 6, 2021 is on the right, below:

 

Another government exhibit, which is a still photograph taken from a video of the defendant on January 6, 2021 is below:

---

variations to fit different brands of firearms, and that the gun recovered from the holster in Reffitt's bedroom was a Smith & Wesson; SA Hightower will testify that he personally uses these holsters for Glock handguns.



SA Hightower's anticipated testimony will address a fact that will be in issue at the trial: whether the defendant was armed with a firearm (housed in a holster) while he was at the Capitol on January 6.   SA Hightower's testimony, which will establish that the defendant was carrying a firearm in a Blackhawk Serpa CQC concealment holster, and that a holster of the same make and model was found in the defendant's bedroom, will assist the jury in determining that fact.

Finally, SA Hightower's testimony is not based on "scientific, technical, or other specialized knowledge."   Rather, it is based on his own perception from reviewing video footage and still photographs of the defendant on January 6, viewing a photograph of the holster found in the defendant's bedroom, and from owning and possessing a similar holster.

In ruling on a similar motion in limine, Judge Kollar-Kotelly held that "the basis of these [law enforcement] witnesses' opinions must be made known to the jury in such a way that the jury

can assess the opinion and test the witness' reasoning." *United States v. Robinson*, No. CR 16-98 (CKK), 2017 WL 2636517, at *3 (D.D.C. June 15, 2017). The government agrees. We anticipate that SA Hightower will first testify about his own experience with firearms and holsters to lay the foundation for the basis for his opinion about the defendant's wearing of a holster (and thus likely a firearm) at the Capitol on January 6.

## **CONCLUSION**

Wherefore, the government respectfully requests that the Court grant the motion *in limine* to allow SA Hightower to testify as to his lay opinion.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By: */s/ Risa Berkower*_____
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Risa Berkower
Assistant United States Attorney
NY Bar No. 4536538
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Phone: 202-803-1576
Email: risa.berkower@usdoj.gov