**United States District Court for the District of Columbia**

| | | |
|---|---|---|
| **United States of America** | * | |
| v. | * | No. 1:21-CR-00032-DLF-1 |
| **Guy Wesley Reffitt** | * | |

**Notice of Supplemental Authority for Reply Argument**

Currently, the Court has the defendant's Motion to Dismiss Count Two (Doc. 38) under advisement.[1] Min. Ord., Oct. 15, 2021. Pertinent and significant authority has come to Mr. Reffitt's attention since filing the Supplemental Reply Memorandum in Support of Motion to Dismiss Count Two of the Second Superseding Indictment. Doc. 58.

Section 1512 was originally passed into law as part of the Victim and Witness Protection Act of 1982. *See* Pub. L. 97-291 § 4 (1982). The Report of the Senate Judiciary Committee accompanying the bill indicated, "the terms [of section 1512(a)(1)] are similar to those used by the National Commission on Reform of Federal Criminal Laws," published in 1971.[2] S. Rep. 97- 532, at *16 & n.7 (1982)

---

[1] Currently, this issue is also before the Court in *United States v. Caldwell et al.*, 1:21-CR-00028-APM; *United States v. Aaron Mostofsky*, 1:21-CR-00138-JEB; and *United States v. Brady Knowlton*, 1:21-CR-00046-RDM.

[2] The National Commission on Reform of Federal Criminal Laws was a presidential advisory committee established in 1966 to study, formulate, and recommend legislation to Congress to improve the federal criminal justice system. *See* https://www.nixonlibrary.gov/finding-aids/fg-172-national-commission-reform-federal-criminal-laws-white-house-central-files (Last accessed Nov. 17, 2021). The Commission consisted of twelve legislators, judges, and lawyers. *See* id.; *see also* Report at v. The Report itself was subtitled "A Proposed New Federal Criminal Code (Title 18, United States Code)," and consisted of a "proposed revision of Title 18,

(*citing* Final Report of the National Commission on Reform of Federal Criminal Laws (1971), available at https://www.ndcourts.gov/Media/Default/Legal%20Resources/legal-research/criminal-code/FinalReport.pdf ("Commission Report") (Last accessed Nov. 17, 2021).

Sections 1321 and 1322 in the Commission Report, both under the heading "Obstruction of Justice," served as models for the original section 1512(a) enacted in 1982.

| Commission Report Sections 1321 & 1322 | Original Section 1512(a) (1982) |
|---|---|
| Section 1321(1):<br>(1) Tampering. A person is guilty of a Class C felony if he uses force, threat, deception or bribery:<br>(a) with intent to influence another's testimony in an *official proceeding*; or<br>(b) with intent to induce or otherwise cause another:<br>(i) to withhold any testimony, information, document or thing from an *official proceeding*, whether or not the other person would be legally privileged to do so;<br>(ii) to violate section 1323 (Tampering with Physical | Whoever knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—,<br>(1) influence the testimony of any person in an *official proceeding*;<br>(2) cause or induce any person to—,<br>(A) withhold testimony, or withhold a record, document, or other object, from an *official proceeding*;<br>(B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an *official* |

United States Code as a work basis upon which the Congress may undertake the necessary reform of the substantive federal criminal laws." *Id*. at i.

| | |
|---|---|
| Evidence);[3]<br><br>(iii) to elude legal process summoning him to testify in an *official proceeding*; or<br><br>(iv) to absent himself from an *official proceeding* to which he has been summoned.<br><br>Section 1322(1):<br><br>(1) Offense. A person is guilty of a Class C felony if, believing another may have information relating to an offense, he deceives such other person or employs force, threat or bribery with intent to *hinder, delay or prevent communication of such information to a law enforcement officer*. . . .<br><br>Commission Report, §§ 1321(1), 1322(1), at 113-14, 116 (emphasis added). | *proceeding*;<br><br>(C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an *official proceeding*; or<br><br>(D) be absent from an *official proceeding* to which such person has been summoned by legal process; or<br><br>(3) *hinder, delay, or prevent the communication to a law enforcement officer* or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;<br><br>shall be fined not more than $250,000 or imprisoned not more than ten years, or both.<br><br>Pub. L. 97-291 § 4(a) (1982) (emphasis added). |

---

[3] Section 1323 of the Commission Report provided in relevant part:

> A person is guilty of an offense if, believing an official proceeding is pending or about to be instituted or believing process, demand or order has been issued or is about to be issued, he alters, destroys, mutilates, conceals or removes a record, document or thing with intent to impair its veracity or availability in such official proceeding or for the purposes of such process, demand or order.

Commission Report, § 1323(1).

The left side of the table shows that Section 1321 of the Commission Report, titled "Tampering With Witnesses and Informants in Proceedings," addressed obstruction of "official proceedings." Commission Report at 113. In contrast, Section 1322(1), titled "Tampering with Informants in Criminal Investigations," addressed obstruction in investigations and other proceedings *prior to* the institution of an official proceeding. *Id.*, at 116.

The right side of the table shows that the first incarnation of subsection 1512(a) tracked the Commission's proposals closely. Subsections 1521(a)(1) and (2) adopted the structure, substance, and much of the specific language of subsection 1321(1) from the Commission's Report (addressing official proceedings), while subsection 1521(a)(3) tracked Section 1322(1) (addressing investigations). Like the Commission's proposed Section 1321, Section 1512(a)(1) and (2) first laid out certain *actus rei* (intimidation, physical force, threats, or misleading conduct), followed by a set of intended results that are nearly identical to the Commission's proposed language. Section 1512(a)(3), in turn, includes the identical language addressing "hinder[ing], delay[ing], or prevent[ing] the communication [of relevant information] to a law enforcement officer" from the Commission's proposal in Section 1322, while omitting any mention of official proceedings. *Compare* Pub. L. 97-291 § 4 (1982), with Commission Report §§ 1321, 1322.

The definitions in the Commission Report confirm this intentional delineation between actions taken to obstruct official proceedings, on the one hand, and actions taken to obstruct investigations prior to the institution of an official proceeding, on

the other. "Official proceeding" was defined by the Commission as a proceeding involving the taking of evidence:

> a proceeding heard or which may be heard before any government agency or branch or public servant authorized to *take evidence under oath*, including any referee, hearing examiner, commissioner, notary or other person taking testimony or a deposition in connection with any such proceeding.

Commission Report, § 109(ad), at 9 (emphasis added).

In contrast, the Commission's definition of "law enforcement officer," as used in Section 1322(1), confirms that that section addressed investigations prior to the institution of an official proceeding: "a public servant authorized by law or by a government agency or branch to *conduct or engage in investigations or prosecutions for violations of law*." *Id.* § 109(w), at 8 (emphasis added).

Today, subsections 1512(a)(2) and (b) follow the same structure as the original subsection 1512(a), and Sections 1321 and 1322 in the Commission Report, continuing to differentiate between official proceedings and investigations:

(a)(2)  Whoever uses physical force or the threat of physical force against any person, or attempts to do so, with intent to—

    (A)  influence, delay, or prevent the testimony of any person in an *official proceeding*;

    (B)  cause or induce any person to—

        (i)  withhold testimony, or withhold a record, document, or other object, from an *official proceeding*;

        (ii)  alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an *official proceeding*;

        (iii)  evade legal process summoning that person to

      appear as a witness, or to produce a record, document, or other object, in an *official proceeding*; or

   (iv) be absent from an *official proceeding* to which that person has been summoned by legal process; or

 (C) *hinder, delay, or prevent the communication to a law enforcement officer or judge* of the United States of information relating to the commission or possible commission of a federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings;

shall be punished as provided in paragraph (3).

….

(b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

 (1) influence, delay, or prevent the testimony of any person in an *official proceeding*;

 (2) cause or induce any person to—

  (A) withhold testimony, or withhold a record, document, or other object, from an *official proceeding*;

  (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an *official proceeding*;

  (C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

  (D) be absent from an official proceeding to which such person has been summoned by legal process; or

 (3) *hinder, delay, or prevent the communication to a law enforcement officer or judge* of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation supervised release [sic],

> parole,, [sic] or release pending judicial proceedings;
>
> shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(a)(2) & (b) (emphasis added).

This structure and language, as originally adopted from the Commission Report and carried through to the current statute, shows Congress' intent to address obstruction of justice both in official proceedings at which evidence is taken and the gathering of information and evidence in investigations prior to the institution of an official proceeding. In context, the word "official" is used to differentiate between the periods before and after an investigation has concluded and a formal case has been instituted. Prior to the institution of such an official proceeding, the provisions addressing investigations, such as subsections 1512(a)(2)(C) and (b)(3), apply, while after institution, subsections 1512(a)(2)(A) and (B) and (b)(1) and (2) apply to the official proceedings.

Although Congress did not explicitly adopt the definition of "official proceeding" from the Commission Report, Congress' considered adoption of the same structure and language of the operative sections of the Report, as stated in the Senate Judiciary Committee Report—including the differentiation between obstruction of justice before and after an investigation is concluded and an official proceeding is instituted—supports limiting the definition of "official proceeding" in section 1512 to proceedings at which evidence is taken. This is especially so given that the definition included in section 1515(a)(1), on its face, could be read to encompass *every* proceeding before a court, Congress, or other federal agency, no matter the subject or type of

7

proceeding, a result that Congress could not have intended in this context. Given the breadth and ambiguity of subsection 1515(a)(1), the legislative history and context in which the language of section 1512 was adopted illustrates that Congress intended a narrower meaning for "official proceeding."

Congress then amended Section 1512 in 2002 to add what is currently subsection 1512(c), including subsection 1512(c)(2), the provision under which Mr. Reffitt is charged. In doing so, Congress limited the section to actions affecting "official proceedings" but provided no further clarification as to the scope or meaning of the term. *See* Pub. L. 107-204 § 1102 (2002). *See also* 18 U.S.C. § 1512(c). Accordingly, the term "official proceeding" maintains its original meaning, as adopted at the time of the original enactment, which in this case is a proceeding at which evidence is taken.

In Count 2, the government has failed to plead sufficient facts to support a violation of Section 1512(c), because the proceedings before Congress on January 6, 2021, were not an official proceeding under the statute.

/s/ *William L. Welch, III*

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Guy Wesley Reffitt
(Appointed by this Court)

**Certificate of Service**

I hereby certify that on this 17th day of November 2021, a copy of the foregoing Notice of Supplemental Authority was delivered electronically to Mr. Jeffrey S. Nestler (jeffrey.nestler@usdoj.gov) and Ms. Risa Berkower (risa.berkower@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

/s/ *William L. Welch, III*

William L. Welch, III

9