**United States District Court for the District of Columbia**

| | | |
|---|---|---|
| **United States of America** | * | |
| v. | * | No. 1:21-CR-00032-DLF-1 |
| **Guy Wesley Reffitt** | * | |

**Motion in *Limine* to Exclude Certain Language from Captions in Government Exhibit 204**

Exhibit 204 is a series of Capitol Police security camera video recordings to which characterization has been added in captions, including "Rioters Approach," "Breach," "Confrontation," "Police Line," etc.  Mr. Reffitt objects to the inclusion of characterization, but he would not object to just time and location in the captions.  In support, he states:

1.      Any out-of-court "statement" offered in evidence to prove the truth of the matter asserted is hearsay.  Fed. R. Evid. 801(c).

2.      The term "statement" includes both oral and written assertions.  Fed. R. Evid. 801(a).

3.      Hearsay evidence is inadmissible unless authorized by another rule or statute.  Fed. R. Evid. 802.

4.      "Hearsay is generally inadmissible as evidence because it is considered unreliable."  *United States v. Lozado*, 776 F.3d 1119, 1121 (10th Cir. 2015) (*citing Williamson v. United States*, 512 U.S. 594, 598 (1994)).

5.	The Sixth Amendment's Confrontation Clause guarantees a defendant the right "to be confronted with the witnesses against him." U.S. Const. amend VI. The Clause precludes the government from introducing even otherwise admissible hearsay. *Crawford v. Washington*, 541 U.S. 36 (2004).

6.	While the time and location of a video recording might not be hearsay or generate a Confrontation Clause problem, statements such as "Rioters Approach," "Breach," "Confrontation," "Police Line," etc. do, because they are testimonial.

7.	Opinion testimony is not helpful to the jury, if the opinion is one that the witness is in no better position to render than the jurors themselves. *United States v. Garcia-Ortiz*, 528 F.3d 74, 79–80 (1st Cir. 2008); *United States v. Wantuch*, 525 F.3d 505, 514 (7th Cir. 2008).

8.	Nor should opinion testimony usurp the fact-finding role of the jury. *United States v. Garcia*, 413 F.3d 201, 210–11 (2d Cir. 2005); *United States v. Grinage*, 390 F.3d 746, 750–51 (2d Cir. 2004).

/s/ *William L. Welch, III*

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Guy Wesley Reffitt
(Appointed by this Court)

**Certificate of Service**

I hereby certify that on this 24th day of November 2021, a copy of the foregoing Notice of Appearance was delivered electronically to Mr. Jeffrey S. Nestler (jeffrey.nestler@usdoj.gov) and Ms. Risa Berkower (risa.berkower@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

/s/ *William L. Welch, III*

William L. Welch, III