UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 21-cr-00032 (DLF)** |
| | : | |
| v. | : | |
| | : | |
| **GUY WESLEY REFFITT,** | : | |
| | : | |
| Defendant. | : | |

**PROPOSED JURY INSTRUCTIONS**

Pursuant to the Court's November 3, 2021, minute order, the parties hereby jointly propose the following final jury instructions, subject to issues that arise during trial, with the exception of the instruction for Count Two, Obstruction of an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2):

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100
2. Function of the Court, Redbook 2.101
3. Function of the Jury, Redbook 2.102
4. Jury's Recollection Controls, Redbook 2.103
5. Evidence in the Case, Redbook 2.104
6. Statements of Counsel, Redbook 2.105
7. Indictment Not Evidence, Redbook 2.106
8. Burden of Proof, Redbook 2.107
9. Reasonable Doubt, Redbook 2.108
10. Direct and Circumstantial Evidence, Redbook 2.109
11. Nature of Charges Not To Be Considered, Redbook 2.110
12. Number of Witnesses, Redbook 2.111
13. Inadmissible and Stricken Evidence, Redbook 2.112

14. Credibility of Witnesses, Redbook 2.200

15. Testimony of Immunized Witness, Redbook 2.204.  *The defense requests this instruction; the government objects.*

16. Police Officer's Testimony, Redbook 2.207

17. Right of Defendant Not to Testify, Redbook 2.208

18. Transcripts of Tape Recordings, Redbook 2.310

19. Count One, Transporting a Firearm in Furtherance of a Civil Disorder, 18 U.S.C. § 231(a)(2) [see proposal below]

    a. Elements

    b. Definitions

20. Count Three, Entering or Remaining in a Restricted Area or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(1) and (b)(1)(A) [see proposal below]

    a. Elements

    b. Definitions

21. Count Four, Obstructing Officers During a Civil Disorder, 18 U.S.C. § 231(a)(3) [see proposal below]

    a. Elements

    b. Definitions

    c. Attempt

22. Count Five, Obstruction of Justice—Hindering Communication Through Force or Threat of Physical Force, 18 U.S.C. § 1512(a)(2)(C) [see proposal below]

    a. Elements

    b. Attempt

23. Proof of State of Mind, Redbook 3.101

24. Multiple Counts – One Defendant, Redbook 2.402

25. Unanimity—General, Redbook 2.405

26. Verdict Form Explanation, Redbook 2.407

27. Redacted Documents and Tapes, Redbook 2.500

28. Exhibits During Deliberations, Redbook 2.501

29. Selection of Foreperson, Redbook 2.502

30. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

31. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

32. Excusing Alternate Jurors, Redbook 2.511

## Proposed Instruction No. 19 (Elements)[1]

### TRANSPORTING A FIREARM IN FURTHERANCE OF A CIVIL DISORDER

Count 1 of the indictment charges the defendant with transporting a firearm in commerce while knowing, having reason to know, or intending that it would be used unlawfully to further a civil disorder, which is a violation of federal law.

In order to the find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, that the defendant transported a firearm in commerce;

Second, that the defendant did so knowing, having reason to know, or intending that the firearm would be used unlawfully in furtherance of a civil disorder.

---

[1] 18 U.S.C. § 231(a)(2); *United States v. Huff*, 630 F. App'x 471, 490 (6th Cir. 2015).

**Proposed Instruction No. 19 (Definitions)[2]**

**TRANSPORTING A FIREARM IN FURTHERANCE OF A CIVIL DISORDER**

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.

A "firearm" includes any weapon which is designed to or may readily be converted to expel any projectile by the action of an explosive; or the frame or receiver of any such weapon.

---

[2] 18 U.S.C. § 232.  The definition of "commerce" is a modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021).

**Proposed Instruction No. 20 (Elements)[3]**

# ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON

Count 3 of the indictment charges the defendant with entering or remaining in a restricted building or grounds while using or carrying a dangerous or deadly weapon, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, that the defendant entered or remained in a restricted building or grounds.

Second, that the defendant did so knowingly.

Third, that the defendant had no lawful authority to do so.

Fourth, that the defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

---

[3] 18 U.S.C. § 1752; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).

**Proposed Instruction No. 20 (Definitions)**[4]

## ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President, the immediate family of the Vice President, and the Vice President Elect.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

A "dangerous or deadly weapon" means any object that can be used to inflict severe bodily harm or injury. The object need not actually be capable of inflicting harm or injury. Rather, an object is a deadly or dangerous weapon if it, or the manner in which it is used, would cause fear in the average person.

---

[4] 18 U.S.C. § 1752(c); 18 U.S.C. § 3056.  The definition of "knowingly" is derived from Seventh Circuit Pattern Criminal Jury Instructions and *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005).   The definition of "deadly or dangerous weapon" is derived from Seventh Circuit Pattern Criminal Jury Instructions and *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002).

**Proposed Instruction No. 21 (Elements)[5]**

**<u>OBSTRUCTING OFFICERS DURING A CIVIL DISORDER</u>**

Count 4 charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find the following three elements beyond a reasonable doubt:

First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

---

[5] 18 U.S.C. § 231(a)(3); *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81).

**Proposed Instruction No. 21 (Definitions)**[6]

**<u>OBSTRUCTING OFFICERS DURING A CIVIL DISORDER</u>**

The terms "civil disorder" and "commerce" have the same meaning I gave you previously.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

---

[6] 18 U.S.C. § 232; 18 U.S.C. § 6; 5 U.S.C. § 101.

**Proposed Instruction No. 21 (Attempt)[7]**

**OBSTRUCTING OFFICERS DURING A CIVIL DISORDER**

In Count 4, the defendant is charged with attempt to commit the crime of obstructing officers during a civil disorder.  An attempt to obstruct officers during a civil disorder is a federal crime even though the defendant did not actually complete the crime of obstructing officers during a civil disorder.

In order to find the defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing the crime of obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder merely because he thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the

---

[7] 18 U.S.C. § 231(a)(3); Third Circuit Model Jury Instruction 7.01.

defendant took some firm, clear, undeniable action to accomplish his intent to commit the crime of obstructing officers during a civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Proposed Instruction No. 22 (Elements)[8]**

**OBSTRUCTION OF JUSTICE – HINDERING COMMUNICATION THROUGH PHYSICAL FORCE OR THREAT OF PHYSICAL FORCE**

Count 5 of the indictment charges the defendant with using physical force or threatening to use physical force against Jackson Reffitt and Peyton Reffitt to hinder, delay, or prevent their communication to law enforcement officer or a federal judge, which is a violation of the law.

In order to the find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, that the defendant knowingly used or attempted to use physical force or the threat of physical force against Jackson Reffitt or Peyton Reffitt.

Second, that the defendant acted with intent to hinder, delay, or prevent Jackson Reffitt or Peyton Reffitt from communicating to law enforcement information relating to the commission or possible commission of an offense.

Third, that there was a reasonable likelihood that at least one of the communications targeted by the defendant would have been made to a federal officer.

Fourth, the information that would have been communicated related to the possible commission of a federal offense.

The government need not prove that the defendant knew that the information related to a federal offense or knew that the communications were reasonably likely to reach a federal officer.

---

[8] 18 U.S.C. § 1512(a)(2)(C); Third Circuit Pattern Criminal Jury Instruction 6.18.1512A2-1.

**Proposed Instruction No. 22 (Attempt)[9]**

## OBSTRUCTION OF JUSTICE – HINDERING COMMUNICATION THROUGH PHYSICAL FORCE OR THREAT OF PHYSICAL FORCE

In Count 5, the defendant is charged with attempt to commit the crime of obstruction of justice through physical force or threat of physical force.  An attempt to commit obstruction of justice through physical force or threat of physical force is a federal crime even though the defendant did not actually complete the crime of obstruction of justice through physical force or threat of physical force.

In order to find the defendant guilty of attempt to commit obstruction of justice through physical force or threat of physical force, you must fine that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of justice through physical force or threat of physical force, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of justice through physical force or threat of physical force which strongly corroborates or confirms that the defendant intended to commit that crime.

The principles governing attempt that I explained above apply here as well.

---

[9] 18 U.S.C. § 1512(a)(2)(C); Third Circuit Pattern Criminal Jury Instruction 7.01.

Respectfully submitted,

For the Government:

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

_____/s/_____
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Risa Berkower
Assistant United States Attorney
NY Bar No. 4536538
U.S. Attorney's Office for the District of
 Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Phone: 202-252-7277
Email: Jeffrey.Nestler@usdoj.gov

For the Defendant:

_____/s/_____
William L. Welch, III
D.C. Bar No. 447886
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Phone: 410-615-7186
Email: wlw@wwelchattorney.com