**United States District Court for the District of Columbia**

**United States of America**              *

     **v.**                    *              **No. 1:21-CR-00032-DLF-1**

**Guy Wesley Reffitt**                *

**Response to Motion *in Limine* to Preclude Cross-examination of Secret Service Witnesses**

Secret Service protocols and protective detail specifics might not be relevant, unless the government raises them in direct examination. However,

    i.    whether witnesses saw the defendant,

    ii.    whether witnesses spoke with him,

    iii.    whether witnesses notified him about a restricted building or grounds,

    iv.    if so, what they told him,

    v.    any observations by witnesses about him, such as how close he was to the Vice President and members of the Vice President's family,

    vi.    how the defendant specifically affected the Secret Service's protection of the Vice President and his family members,

    vii.    what the Secret Service did specifically in response to the defendant,

    viii.    whether witnesses made any notes about the defendant,

    ix.    if so, did they provide them to the prosecutors,

    x.    whether witnesses wrote any reports about the defendant,

    xi.    if so, did they provide them to the prosecutors, and

    xii.    whether witness have previously testified about the defendant;

would all be relevant, because the government intends to have them testify regarding Counts Three and Four a) that "Secret Service agents were on duty to protect Vice President Mike Pence and his two immediate family members, all of whom were present at the Capitol[;]" and b) "the effect on the Secret Service's protection of Vice President Pence and his family members."  Doc. 49 at 1–2.

Count Three alleges implicitly that the defendant posed an armed threat to the Vice President and Vice President elect.  Doc. 34 at 2.  The government has also claimed:

    i.    that the defendant is "planning for further political violence[,]" "prepar[ing] for further violence" and a "danger to the community" (Doc. 10 at 8, 9, 11–14, 17; Doc. 22 at 2–6, 9);

    ii.    "unlawful and violent invasion of the Capitol grounds and interference with federal law enforcement deployed to protect the Capitol and its occupants on January 6[]" (Doc. 40 at 18);

    iii.    that as a result of the defendant's actions Speaker Pelosi and Leader McConnell were forced to evacuate, because the defendant appears to have been targeting them (Doc. 56 at 30); and

    iv.    that the defendant "tr[ied] to physically remove or displace [Speaker Pelosi and Leader McConnell] from the Capitol…."  (Id. at 33).

The Sixth Amendment's Confrontation Clause guarantees a defendant the right "to be confronted with the witnesses against him."  U.S. Const. amend VI.  A defendant's right to cross-examine, with the opportunity to impeach, an adverse

witness "is the main and essential purpose" of the Confrontation Clause. *Delaware v. Van Arsdall,* 475 U.S. 673, 678 (1986). Bias and improper motive evidence has been favored as a basis for attacking the credibility of and weight to be given testimony. *United States v. Abel,* 469 U.S. 45, 51 (1984). "[E]xposure of a witness' motivation in testifying is a proper and important function of the constitutional right of cross-examination." *Davis v. Alaska,* 415 U.S. 308, 316–17 (1974).

While the right to unlimited cross-examination concerning any topic is not constitutionally guaranteed, a criminal defendant does have a right within reasonable limits to cross-examine an adverse witness concerning matters that could reveal biases for the prosecution, biases against the defendant, a motivation to lie, or matters that call into question the credibility of the witness (e.g., prior inconsistent statements that the witness gave). *Van Arsdall* at 678–79; *see also Olden v. Kentucky,* 488 U.S. 227 (1988); *Davis,* 415 U.S. 308.

Even when the law categorically limits the scope of cross-examination in some manner (*see e.g.,* Fed. R. Evid. 412) courts must still balance the government's legitimate interest in enacting such laws against a defendant's right to confront a particular witness with relevant matters concerning the witness' credibility. *See Michigan v. Lucas,* 500 U.S. 145, 149–151 (1991); *see also* Clifford S. Fishman, *Consent, Credibility, and the Constitution: Evidence Relating to a Sex Offense Complainant's Past Sexual Behavior,* 44 Cath. U. L. Rev. 709 (1995) (discussing constitutional challenges to rape shield laws). Depending on the circumstances, courts have held that the application of such a law may violate the Confrontation

Clause.  *Compare e.g., United States v. Begay,* 937 F.2d 515, 520–23 (10th Cir. 1991) (finding a constitutional violation); *Davis v. State,* 749 N.E.2d 552 (Ind. Ct. App. 2001) (same); *and State v. Atkinson,* 276 Kan. 920 (2003) (same), *with Quinn v. Haynes,* 234 F.3d 837 (4th Cir. 2000) (finding no violation).

The government's citations involved different facts.  *United States v. Balistreri* involved i) motions for mistrial and new trial, when an Agent refused to answer the question whether he lived in New York or California in a trial with allegations of organized crime and ii) cross-examination of another agent regarding the sealed portion of a telex about which that agent did not testify on direct examination and which did not pertain to the charges in the case.  779 F.2d 1191, 1215–17 (7th Cir. 1985).

*United States v. Lin,* involved an insufficient proffer of a basis for a prejudicial line of cross-examination of a witness.  101 F.3d 760, 768 (D.C. Cir. 1996).  Lin argued that he was targeted by the government's witnesses, because he worked for a Chinatown gambling parlor in competition with the witness' own gambling parlor. During cross-examination, Lin's counsel attempted to impeach the witness by asking whether he was involved in a Chinatown gambling business.  When the government objected on relevance grounds, the court requested a proffer.  Lin's attorney claimed that the question went to bias and motive to lie, arguing that the witness and others sought to remove Lin from the Chinatown gambling scene.  He asserted that the witness was involved in several shady businesses.  Asked to show a basis for the allegation, Lin's attorney explained that the only witness he had was his client.

Although the court offered to hold a hearing outside the presence of the jury, defense counsel would not accede to his client taking the stand.

*United States v. Sampol* involved limiting cross-examination of an alleged CIA murder scheme until the defense put forth sufficient evidence of an affirmative defense.  636 F.2d 621, 663–64 (D.C. Cir. 1980).

*United States v. Stamp* involved limiting cross-examination regarding an affirmative defense that had not been addressed on direct.  458 F.2d 759, 773 (D.C. Cir. 1971).

*United States v. Mohamed* involved whether classified documents contained *Brady* and *Giglio* material (*see Brady v. Maryland,* 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972) and subject to Rule 16 (*see* Fed. R. Crim. P. 16), that would have provided a basis for cross-examination.  410 F. Supp. 2d 913, 918 (S.D. Cal. 2005).  Although Federal Rule of Evidence 403 was cited in *Mohamed*, Mr. Reffitt is the one who would be prejudiced by denying cross-examination that addresses the charges, addresses what the government has proffered in its Motion (Doc. 49 at 1–2), and allowing the jury to be misled.

Count Three alleges implicitly that the defendant posed an armed threat to the Vice President and Vice President elect.  Doc. 34 at 2.  Count Four alleges implicitly that the defendant interfered with the response to Count Three.  Ibid.  The government intends to have agents testify regarding Counts Three and Four a) that "Secret Service agents were on duty to protect Vice President Mike Pence and his two

immediate family members, all of whom were present at the Capitol[;]" and b) "the effect on the Secret Service's protection of Vice President Pence and his family members." Doc. 49 at 1–2. Cross-examination would address the charges and what the government has proffered in its Motion. Ibid. Denial of cross-examination would mislead the jury, violate the right of confrontation and render the proceeding fundamentally unfair. U.S. Const. amend. V, VI.

Secret Service protocols and protective detail specifics have neither been requested nor sought by process. However, if the government has additional materials about the defendant that it has still not disclosed, such as *Brady* or *Giglio* material, then it needs to be addressed appropriately.

/s/ *William L. Welch,* III

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Guy Wesley Reffitt
(Appointed by this Court)

**Certificate of Service**

I hereby certify that on this 1st day of December 2021, a copy of the foregoing Response to Motion in Limine to Preclude Cross-examination of Secret Service Witnesses was delivered electronically to Mr. Jeffrey S. Nestler (jeffrey.nestler@usdoj.gov) and Ms. Risa Berkower (risa.berkower@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

/s/ *William L. Welch,* III

_____

William L. Welch, III