**United States District Court for the District of Columbia**

| | | |
|---|---|---|
| **United States of America** | * | |
| **v.** | * | **No. 1:21-CR-00032-DLF-1** |
| **Guy Wesley Reffitt** | * | |

**Objection to Deferred Ruling on Motion to Dismiss Count Two**

A defendant cannot be prosecuted for a felony without either a grand jury indictment or a waiver of that right.  U.S. Const. amend. V; Fed. R. Crim. P. (7)(a) & (b); *see Gaither v. United States*, 413 F. 2d 1061 (D.C. Cir. 1969).  "A defendant may not be tried for a crime with which he was not charged."  *Jackson v. United States*, 359 F. 2d 260, 262 (D.C. Cir. 1966); *see Russell v. United States*, 369 U.S. 749 (1962).

An indictment must "contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend," and "enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense [i.e., double jeopardy]."  *See Hamling v. United States,* 418 U.S. 87, 117 (1974); *Russell* at 763; *see also* Fed. R. Crim. P. 7(c)(1).  That is because a defendant has a "substantial right to be tried only on charges presented in an indictment returned by a grand jury."  *Stirone v. United States,* 361 U.S. 212, 217 (1960).  An indictment that fails to recite an essential element of the offense is subject to dismissal.  *United States* v. *Du Bo,* 186 F.3d 1177, 1179 (9th Cir. 1999) (indictment's failure to specify *mens rea* necessary for Hobbs Act conviction required dismissal); *see also United States v. Omer,* 395 F.3d 1087, 1088 (9th Cir. 2005) (bank fraud Indictment's failure to specify materiality of falsehood required dismissal).  Likewise, this Court has held that such

a pleading deficiency fails to provide constitutionally fair notice.  Min. Ord. Nov. 28, 2021.

In *Stirone,* the Supreme Court addressed the variance between pleading and proof and held that deprivation of "the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury ... is far too serious to be treated as nothing more than a variance and then dismissed as harmless error." 361 U.S. at 217 (1960).  Likewise, in *Russell v. United States,* the Supreme Court held that "an indictment cannot be amended except by resubmission to the grand jury" and that "[t]o allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure."  369 U.S. at 770 (dismissing an indictment lacking a critical element).

A jury instruction that acts as a constructive amendment typically requires reversal, and a variance requires reversal if a defendant's "substantial rights" are prejudiced.  *United States v. Ward,* 747 F.3d 1184, 1189 (9th Cir. 2014); *see also United States v. Tsinhnahijinnie,* 112 F.3d 988, 989–91 (9th Cir. 1997) (prejudicial variance when proof of unlawful sexual conduct was evidence that it occurred at substantially different time and place from allegation).

A constructive amendment occurs "when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them."  *United States v. Von Stoll,* 726 F.2d 584, 586 (9th

Cir. 1984), *quoting United States v. Cusmano,* 659 F.2d 714, 718 (6th Cir. 1981); *see Stirone* at 219 (evidence at trial and the district court's instruction to the jury expanded the scope of conduct from which the defendant could be convicted from the indictment); *see also Ward,* 747 F.3d at 1191.

Whether the defendant obstructed, influenced or impeded an official proceeding "corruptly" is an element of the Section 1512(c)(2) offense.  Mr. Reffitt has moved to dismiss Count Two of the Second Superseding Indictment on the basis that it does not allege facts stating an offense under that statute.  Fed. R. Crim. P. 12(b)(3)(B)(iii), (v).  If the government's interpretation of "corruptly" as charged in the indictment is legally deficient, then Count Two does not state an offense, and the government has not presented legally cognizable evidence to the grand jury in satisfaction of the defendant's Fifth Amendment presentment right.

The indictment must contain "the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  When it does not, the defendant has not received fair notice of the charges against him and the government has not properly presented the felony charge to the grand jury.  *See e.g.*, *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999).  If defendant is correct that "corruptly" requires the government to allege and prove that he committed an obstructive act with the intent to obtain an unlawful advantage for himself or an associate and that he influenced another to violate their legal duty, the indictment must have alleged, and the grand jury must have passed upon, those allegations.  Count Two does not allege those facts and the government does not show otherwise.

The Court has held that such a pleading deficiency fails to provide constitutionally fair notice to a criminal defendant.  Min. Ord. Nov. 28, 2021 (ordering the government to particularize vague allegation that defendant "corruptly" obstructed Congress); *see also United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011) (Rule 7 not satisfied, because indictment did not identify specific overt acts of defendants); *United States v. Brown*, 2007 U.S. Dist. LEXIS 49169, *45 (D.D.C. July 9, 2007) (Rule 7 not satisfied, when indictment did not "specif[y] alleged actions and specifically worded false statements on which the government shall rely in proving its case"); *United States v. Palfrey*, 499 F. Supp. 2d 34, 51-52 (D.D.C. 2007) (Rule 7 not satisfied, when indictment did not identify proceeds allegedly used in support of criminal enterprise so defendant does not "waste precious pre-trial preparation guessing what data … will be relevant to [the] defense"); *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) (Rule 7 not satisfied in false-statement case when indictment did not allege "which statements he has to defend against … when the government knows precisely the statements on which it intends to rely and can easily provide the information"); *United States v. Espy*, 989 F. Supp. 17, 34 (D.D.C. 1997) (Rule 7 not satisfied, when indictment did not allege "the basis of the government's allegations that the defendant solicited and received things of value for and because of official acts performed and to be performed by defendant").

Not only does Count Two fail to allege facts satisfying the unlawful-advantage standard and the *Poindexter* transitive corruption rule (*United States v. Poindexter*,

951 F.2d 369 (D.C. Cir. 1991)), the government provides no notice whatsoever of what the "corruptly" element factually entails in this case.

What was the "unlawful benefit" Reffitt intended to and did receive on January 6?

Whom did Reffitt influence to violate their legal duty and thereby obstruct an official proceeding?

The government does not dispute that a constructive amendment occurs when the evidence on which a defendant is tried broadens the possible bases for conviction beyond the indictment voted on by the grand jury. *Stirone*, 361 U.S. at 217. Nor does the government dispute that such amendment is a "fatal error," for which prejudice is presumed. *Id.* at 219; *United States v. Rigas*, 490 F.3d 208, 226 (2d Cir. 2007) (constructive amendment *per se* violation of grand jury right); *United States v. Atul Bhagat*, 436 F.3d 1140, 1145 (9th Cir. 2006) (same).

The meaning of "corruptly" in the context of obstructing Congress and what actions defendant allegedly did to obstruct Congress can and should be resolved before trial to avoid waste, to uphold Reffitt's constitutionally protected liberty interest, and because Federal Rules of Criminal Procedure 7 and 12 and the due process and presentment clauses of the Fifth Amendment require it. U.S. Const. amend V; *see Gaither*, 413 F. 2d 1061; *Jackson*, 359 F. 2d at 262.

*/s/ William L. Welch, III*

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Guy Wesley Reffitt
(Appointed by this Court)

### Certificate of Service

I hereby certify that on this 14th day of December 2021, a copy of the foregoing Objection to Deferring Ruling on Motion to Dismiss Count Two was delivered electronically to Mr. Jeffrey S. Nestler (jeffrey.nestler@usdoj.gov) and Ms. Risa Berkower (risa.berkower@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

*/s/ William L. Welch, III*

William L. Welch, III