UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 21-cr-00032 (DLF) |
| | : | |
| v. | : | |
| | : | |
| GUY WESLEY REFFITT, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' REPLY IN SUPPORT OF
### MOTION IN LIMINE TO LIMIT CROSS-EXAMINATION OF
### SECRET SERVICE WITNESS

At trial, the government will offer a witness from the United States Secret Service to testify about the "emergency actions" the Secret Service employed to keep Vice President Pence and his family safe after rioters breached the Capitol. The government will then argue to the jury that these "emergency actions" constituted an "adverse [e]ffect[]" on a "federally protected function" within the meaning of 18 U.S.C. § 231(a)(3).

The defendant's response to the government's motion in limine to limit cross-examination of the Secret Service witness concedes that "Secret Service protocols and protective detail specifics might not be relevant, unless the government raises them in direct examination." Opp. to MIL (ECF 69) at 1. The government does not intend to.

The defendant's response appears to misconstrue the relevance of the Secret Service witness's testimony. To prove a violation of Section 231(a)(3), the government must prove, in part, that the *civil disorder*—not the defendant himself—adversely affected a federally protected function. *See* Joint Proposed Jury Instructions (ECF 65) at 8 (Element Three: "[T]he civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function."). The Secret Service witness will provide evidence to support this

element.[1]

The defendant lists twelve categories of information that he claims may be relevant, Opp. to MIL at 1-2, but these categories of information all flow from the same error described above: the government need not prove that the defendant's personal conduct adversely affected the Secret Service, but only that the riot in which he was a participant had an adverse effect.  Moreover, because the Secret Service witness did not have any personal interaction with the defendant, the answer to most of the questions the defendant proposes will be a simple *no*.  We have no indication that the Secret Service witness saw or spoke with the defendant, and we do not intend to offer any evidence that the Secret Service personally notified him about the restricted building or grounds.  The Secret Service witness did not make any notes about the defendant, write any reports about the defendant, or testify about the defendant, and thus there are no relevant notes, reports, or prior testimony.

The government does not object to defense counsel asking two of his proposed questions on cross-examination: (1) "how the defendant specifically affected the Secret Service's protection of the Vice President and his family members," and (2) "what the Secret Service did specifically in response to the defendant."  The government expects that the answers to these questions will not implicate any of the sensitive information identified by the government in its motion because the Secret Service witness will state that the witness does not have any personal knowledge of this specific defendant   The government expects that the witness will explain, in general, what constituted the Secret Service's "emergency action" here: relocating Vice President Pence and his

---

[1] The witness will also provide evidence to support the charge of a violation of Section 1752(a), namely that the Capitol and its grounds were "restricted" on January 6.

family members, bringing additional personnel to the Capitol, and relocating the Vice President's motorcade. The motion in limine requests only that the Court limit the defense from seeking to elicit details such as *where* Vice President Pence and his family members were relocated, *how many* personnel were initially at the Capitol or were later brought to the Capitol, and *where* the motorcade was relocated.

Because the defendant's response to the motion in limine does not assert that these details will be relevant, the defendant should be limited by Federal Rules of Evidence 401 and 403 from inquiring about them on cross-examination.

The argument in the defendant's "supplemental memorandum" to his response to the motion in limine (ECF 73)—that Vice President Pence allegedly left the Capitol grounds at some point in the afternoon in response to the rioters storming the building[2]—does not affect the analysis, for both legal and factual reasons.

As a legal matter, this argument is irrelevant. Count Three charges the defendant with being in a "restricted building and grounds" in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A). Second Superseding Indictment (ECF 34) at 2. The term "restricted building or grounds" is defined as a building or grounds where a Secret Service protectee "is *or will be* temporarily visiting." 18 U.S.C. § 1752(c)(1)(B) (emphasis added); *see also* Joint Proposed Jury Instructions

---

[2] The defendant alleges that journalist Jonathan Karl stated to Stephen Colbert that Mr. Karl "saw pictures of Vice President Pence waiting in an underground garage on January 6, 2021." *Id.* at 1. But Mr. Karl works for ABC—not the government—and he appeared on the *Late Show* on November 9, 2021, three weeks before the defendant filed his opposition to the pending motion. *See* "Utterly Delusional"—Jonathan Karl On No. 45's Mental State After Leaving Office, *The Late Show with Stephen Colbert* (Nov. 9, 2021), *available at* https://www.youtube.com/watch?v=fxXy8aHpL7c. These arguments thus could have been included in the defendant's original opposition.

(ECF 65) at Proposed Instruction No. 20 (Definitions) ("The term 'restricted building or grounds' means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting."). The government intends to prove that the Vice President was inside the Capitol on January 6 at 1 p.m. and was expected to be within the Capitol until Congress certified the Electoral College vote. *See* 3 U.S.C. § 15 (requiring the Vice President, as the "President of the Senate," to be present in the "Hall of the House of Representatives" at 1 p.m. on January 6); *id.* § 16 (providing that the "joint meeting shall not be dissolved until the count of electoral votes shall be completed"). The Vice President was supposed to be at the Capitol until Congress completed its work on January 6; whether he ever left the building—and for security reasons, as described in the government's motion in limine, the government is not taking a position one way or the other—is irrelevant.

Also, as a factual matter, the defendant's argument has no merit, because the defendant and the Vice President were both on the Capitol grounds at the same time. The defendant was physically on the stairs of the Capitol building as of at least 1:47 p.m., and remained there for at least about 45 minutes:



At that same time, Vice President Pence was sitting in the Senate chamber within the Capitol building, presiding over the Senate[3]:



There is thus no basis for the defendant to ask the Secret Service witness where the Vice President went when he was relocated from the Senate chamber, because the witness's answer will have no effect on the questions of whether (a) the Capitol was a "restricted building or grounds" or (b) the defendant was unlawfully in a "restricted building or grounds."

## CONCLUSION

Wherefore, the government respectfully requests that the Court grant its motion in limine.

Respectfully submitted,

---

[3] The watermarked timestamp of 13:48:55:29 equates to 1:48 p.m.

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By: _____
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Risa Berkower
Assistant United States Attorney
NY Bar No. 4536538
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Phone: 202-252-7277
Email: Jeffrey.Nestler@usdoj.gov