UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 21-cr-00032 (DLF) |
| | : | |
| v. | : | |
| | : | |
| GUY WESLEY REFFITT, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION *IN LIMINE*
TO PERMIT GOVERNMENT TO ELICIT LAY OPINION
TESTIMONY ABOUT FIREARMS HOLSTER**

The government respectfully submits the following Reply in support of its motion *in limine* for an order allowing the government to elicit lay opinion testimony from Federal Bureau of Investigation (FBI) Special Agent (SA) Laird Hightower concerning a firearms holster visible on the defendant's person in photographs and videos of the defendant from the January 6, 2021 riot at the U.S. Capitol. The defendant opposes the admission of this testimony on the ground that it is beyond the scope of admissible testimony under Fed. R. Evid. 701. Because SA Hightower's anticipated testimony falls squarely within Rule 701's boundaries, the government's motion should be granted.

Rule 701 permits a witness to testify to a lay opinion that is "rationally based on the witness's perception," "helpful to . . . determining a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The 2000 Committee Notes (which addressed substantive changed to the Rule's terms), explain the difference between the specialized knowledge that requires qualification as an expert under Rule 702, and lay opinion that may be admitted under Rule 701:

> The amendment incorporates the distinctions set forth in *State v. Brown*, 836 S.W.2d 530, 549 (1992), a case involving former Tennessee Rule of Evidence 701, a rule that precluded lay witness testimony based on "special knowledge." In Brown, the court declared that the

> distinction between lay and expert witness testimony is that lay testimony "results from a process of reasoning familiar in everyday life," while expert testimony "results from a process of reasoning which can be mastered only by specialists in the field." The court in *Brown* noted that a lay witness with experience could testify that a substance appeared to be blood, but that a witness would have to qualify as an expert before he could testify that bruising around the eyes is indicative of skull trauma. That is the kind of distinction made by the amendment to this Rule.

Fed. R. Evid. 701, Committee Notes on Rules—2000 Amendment. In addition to this, the Notes explain, the Rule is designed to allow "'prototypical example[s] of the type of evidence contemplated by the adoption of Rule 701 relat[ing] to the appearance of persons or things, . . . and an endless number of items that cannot be described factually in words apart from inferences.'" *Id*. (quoting *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1196 (3d Cir. 1995)).

The D.C. Circuit has further explained the requirements of Rule 701 where lay testimony is offered through law enforcement witnesses. Rule 701 "was designed to ensure that any opinions offered by a lay witness are based on personal, 'first-hand knowledge or observation,' . . . and 'a process of reasoning familiar in everyday life.'" *United States v. Williams*, 827 F.3d 1134, 1155 (D.C. Cir. 2016) (quoting Fed. R. Evid. 701 Committee Notes (2000)). To that end, a law enforcement witness's opinion testimony is proper under Rule 701 when it is derived from particularized knowledge of the case in which the witness is testifying, rather than general knowledge from the agent's overall experience in cases of the same type. *Id*. ("Lay opinion is proper when it is based upon personal knowledge of events that occurred in the case being tried, because [a]n individual testifying about the operations of a drug conspiracy because of knowledge of that drug conspiracy has 'particularized' knowledge and should be admitted as a lay witness. . . . On the other hand, an individual testifying about the operations of a drug conspiracy based on previous experiences with other drug conspiracies has 'specialized' knowledge and—provided his

testimony meets the rule's enumerated requirements—should be admitted as an expert." (citations and quotation marks omitted)). "A lay opinion witness may tell jurors what was in the evidence, but not tell them what inferences to draw from it." *United States v. Hampton*, 718 F.3d 978, 986 (D.C. Cir. 2013) (Brown, J., concurring) (quotation marks omitted). Finally, in order for the jury to properly evaluate the law enforcement witness's opinion, the specific bases upon which the opinion testimony rests "'other than broad claims about knowledge . . . gained from the investigation'" must be made clear to the jury. *Williams*, 827 F.3d at 1157 (quoting *United States v. Miller*, 738 F.3d 361, 373 (D.C. Cir. 2013)).

The opinion testimony the government seeks to offer through SA Hightower meets all of these requirements. The government seeks to elicit SA Hightower's opinion that the holster carried by the defendant during the January 6 riot and the holster found in his bedroom are both Blackhawk Serpa CQC concealment holsters. This opinion is based on personal knowledge from working on the case: SA Hightower is the lead case agent who investigated the defendant's involvement in the riot. In that role, SA Hightower is highly familiar with videos and still photographs showing the defendant wearing a handgun holster with a silver object inside of it during the riot. He is also highly familiar with the evidence that was found at the defendant's house during the execution of a search warrant, including a handgun inside a holster that was found on a nightstand in his bedroom.[1] SA Hightower is able to recognize both of these holsters to be a Blackhawk Serpa CQC concealment holster because he personally owns such a holster, and because he has extensive experience through his career with firearms and this specific type of holster.[2]

---

[1] The FBI seized the handgun and photographed, but did not seize, the holster.
[2] As noted in the government's moving brief, SA Hightower will testify that Blackhawk Serpa CQC concealment holsters contain small variations to fit different brands of firearms, and that

3

This type of testimony "relating to the appearance of persons or things" falls within the "'prototypical example[s] of the type of evidence contemplated by the adoption of Rule 701." Fed. R. Evid. 701 (Committee Notes (2000)). It is also testimony that "results from a process of reasoning familiar in everyday life,"—that is, identifying a product based on personal knowledge from owning the same item and using it in connection with employment—rather than testimony that "results from a process of reasoning which can be mastered only by specialists in the field." *Id*. As such, it is proper lay opinion testimony.

This testimony is also helpful to the jury, which must determine whether the defendant was using or carrying a firearm in the restricted area of the Capitol during the riot. SA Hightower's testimony, which will establish that the defendant was carrying a firearm in a Blackhawk Serpa CQC concealment holster, and that a holster of the same make and model was found in the defendant's bedroom, will assist the jury in determining that fact.

Finally, in accordance with D.C. Circuit precedent, the government will also elicit the bases for SA Hightower's opinion. This includes his familiarity with specific items of evidence in this case, including the specific photographs of the holster the defendant wore on January 6, and the photograph of the holster found in the defendant's bedroom. The government will further elicit SA Hightower's own personal experience with Blackhawk Serpa CQC concealment holsters, both through his personal ownership of one and through his experience with this type of holster during his work as a law enforcement officer.

---

the gun recovered from the holster in the defendant's bedroom was a Smith & Wesson; SA Hightower will testify that he personally uses these holsters for Glock handguns.

Wherefore, the government respectfully requests that the Court grant its motion *in limine* allowing for lay opinion testimony from SA Hightower.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By:   */s/ Risa Berkower*
    JEFFREY S. NESTLER
    Assistant United States Attorney
    D.C. Bar No. 978296
    RISA BERKOWER
    Assistant United States Attorney
    NY Bar No. 4536538
    U.S. Attorney's Office for the District of Columbia
    555 4th Street, N.W.
    Washington, D.C. 20530
    Phone: 202-803-1576
    Email: risa.berkower@usdoj.gov