UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 21-cr-00032 (DLF) |
| | : | |
| v. | : | |
| | : | |
| GUY WESLEY REFFITT, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DECEMBER 14, 2021 MINUTE ORDER**

On December 14, 2021, the Court issued a minute order directing the government to file a response to the defendant's response (ECF 75) to the Court's December 11, 2021 minute order directing the defendant to file a brief "explaining why the Court should not defer ruling on his motion [to dismiss court two of the indictment] until the evidence has been presented at trial."

The Court can and should issue an order now, pretrial, denying the defendant's motion to dismiss. The Court can address the defendant's as-applied constitutional challenge after the close of the evidence, on a Rule 29 motion, should the defendant file one.

**I.      The Court Can Deny the Motion to Dismiss Now.**

The defendant's motion to dismiss requires the Court to consider (among other things) whether 18 U.S.C. § 1512(c)(2) is unconstitutionally vague as to his conduct. In *United States v. Sandlin*, No. 21-cr-88-DLF, 2021 WL 5865006 (Dec. 10, 2021), this Court denied those defendants' motions to dismiss the Section 1512(c)(2) charge based on the factual allegations in the indictment. *Id.* at *13. Although the indictment in this case does not include as many factual allegations, dismissal is nonetheless appropriate here because the defendant's challenge is premature.

Pretrial denial of the motion to dismiss is consistent with the two cases cited in the Court's December 11, 2021 minute order—*United States v. Kettles*, No. 3:16-cr-00163-1, 2017 WL

1

2080181, at *3 (M.D. Tenn. May 15, 2017), and *United States v. Raniere*, 384 F. Supp. 3d 282, 320 (E.D.N.Y. 2019).  Those courts denied the defendants' Rule 12 motions to dismiss and invited them to renew their challenges (presumably as Rule 29 motions) after the presentation of evidence at trial.  In other words, the courts did not defer ruling on the Rule 12 motions; rather, the courts denied the Rule 12 motions but deferred ruling on the *arguments* presented by the motions.  *See Raniere*, 384 F. Supp. 3d at 321 (noting that the defendant's "as-applied challenge to § 1591(a) is thus *denied* as premature") (emphasis added); *Kettles*, 2017 WL 2080181, at *4 (denying the defendant's Rule 12 motion "with the denial being without prejudice to [that defendant]'s renewing those arguments following the presentation of evidence at trial").

Those decisions are consistent with others that have denied—not deferred ruling on—Rule 12 motions to dismiss where the motions involved as-applied conduct challenges.  For example, in *United States v. Nagi*, 254 F. Supp. 3d 548 (E.D.N.Y. 2017), the defendant filed a Rule 12 motion to dismiss the count charging him with material support to a foreign terrorist organization, arguing that the charge was unconstitutionally vague as applied to him.  *Id.* at 556.  The court found that the government's proffer of evidence—not the language in the indictment itself—was sufficient to deny the motion to dismiss.  *Id.* at 560.  "The proper procedure for raising the Defendant's as-applied First Amendment challenge is, instead, by way of a post-trial [Rule 29] motion."  *Id.* at 564.  Similarly, in *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.), the court affirmed the trial court's decision to deny a pretrial motion to dismiss arguing that a federal firearm statute was unconstitutional as applied to the defendant.  "If contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial."  *Id.*  The Tenth Circuit held that the proper avenue for an as-applied constitutional challenge is a post-trial Rule 29 motion.

*Id.* at 1263.  And the D.C. Circuit employed this approach in *United States v. Poindexter*, 951 F.2d 369, 377 (D.C. Cir. 1991), where it held, on a sufficiency challenge, that 18 U.S.C. § 1505 was unconstitutionally vague as applied to a defendant's conduct after the presentation of the government's evidence at trial.  *See id.* (noting that Poindexter "d[id] not request any relief from the indictment").

This Court should take the same approach.  In *Sandlin*, the Court concluded that "because the government has alleged that the defendants acted corruptly, or unlawfully, and with the intent to obstruct, as defined in § 1512(c)(2), the defendants were on notice that their conduct violated the statute and 'no more is required' at this stage of the prosecution." 2021 WL 5865006, at *14 (quoting *United States v. Concord Mgmt. & Consulting LLC*, 347 F. Supp. 3d 38, 57 (D.D.C. 2018)).  Here, Defendant Reffitt's conduct as set out in the government's pleadings, *see, e.g.,* Gov't Supp. Re 18 U.S.C. § 1512(c)(2) (ECF 56) at 2-3 (recounting the defendant's multiple expressions of his own intent, both before and after attacking the Capitol), and accurately reflected by the Court in the minute order, *see* Dec. 11, 2021 Min. Order (quoting Gov't Opp'n to Motion to Dismiss (ECF 40) at 1), parallels the conduct alleged in *Sandlin*, and thus supplies adequate grounds to deny the defendant's motion.  To the extent the trial evidence shows otherwise, the defendant may renew his challenge as a Rule 29 motion following the presentation of evidence.

**II.     The Defendant's Presentment and Constructive-Amendment Challenges Fail.**

Rather than respond to the Court's timing question,[1] the defendant's pleading (ECF 75) recycles his vagueness claim (in the guise of a presentment challenge) and adds a constructive-

---

[1] The defendant "object[s]" to the Court "defer[ring] ruling on [his] motion to dismiss count two." ECF 75 (caption) (capitalization altered).  But he provides no argument in support of that objection.

3

amendment argument. Neither argument suggests any reason for the Court to defer ruling. Each also fails on its own terms.

The indictment here is a "plain, concise, and definite written statement of the essential facts constituting the offense charged" as required by Rule 7(c)(1). "[B]y using the statutory language and specifying the time and place of the offense," an indictment provides both "fair notice" and protection against future prosecution. *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). Count two of the indictment does exactly that, as it recites Section 1512(c)(2)'s "statutory language," and it lists the date and the specific proceeding that was allegedly obstructed. There is no requirement that the indictment specifically allege *how* the defendant obstructed Congress's Joint Session. The indictment therefore sufficiently puts the defendant on notice of the charge against him.[2]

The cases cited by the defendant are wholly inapposite here. They address circumstances where a defendant requested a bill of particulars under Rule 7, so that the defendant could be on notice of the overt acts in a conspiracy case, *see, e.g.*, *United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011), or the precise statements in a false-statements case, *see, e.g.*, *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998). They simply have no application to a void-for-vagueness challenge.

Similarly, there is no constructive-amendment problem here. A constructive amendment occurs when the admission of evidence or the jury instructions have the effect of modifying the essential elements of the indicted offense, so that a jury may convict on a crime other than that

---

[2] The defendant's presentment claim suggests that he has inadequate notice of the charges against him to allow him to defend himself at trial. But that argument misses the mark. The true question for a void-for-vagueness challenge is whether the statute provided sufficient notice for the defendant to understand, at the time of the alleged crime, that his conduct would violate the statute.

charged in the indictment. *See* 3 Charles Alan Wright & Sarah N. Welling, *Federal Practice and Procedure* § 516, at 48-49 (4th ed. 2011) ("[A] constructive amendment involves a difference between the pleading and proof so great that it essentially changes the charge."). Disagreement over how to define "corruptly" when instructing the jury[3] does not implicate the type of change to a factual theory of proof at issue in *Stirone v. United States*, 361 U.S. 212, 217-18 (1960), and its progeny. And, in any event, nothing precludes the defendant from raising such a claim post-trial.

## III.   Conclusion

The Court should deny the defendant's motion to dismiss. The Court can address any as-applied constitutional challenge after the evidence has been presented at trial, should the defendant file a Rule 29 motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: _____
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Risa Berkower
Assistant United States Attorney
NY Bar No. 4536538
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Phone: 202-252-7277
Email: Jeffrey.Nestler@usdoj.gov

---

[3] As the Court pointed out in *Sandlin*, "[t]he Court will address further refinements of the definition of 'corruptly' with jury instructions." 2021 WL 5865006, at *13. Here, too, the Court can further refine the definition of the word "corruptly" with jury instructions.

/s/ *James I. Pearce*
James I. Pearce
Capitol Breach Appellate Coordinator
NC Bar No. 44691
555 4th Street, N.W.
Washington, D.C. 20530
Phone: 202-532-4991
Email: James.Pearce@usdoj.gov