**United States District Court for the District of Columbia**

| | | |
|---|---|---|
| **United States of America** | * | |
| v. | * | No. 1:21-CR-00032-DLF-1 |
| **Guy Wesley Reffitt** | * | |

**Reply in Support of Objection to Deferred Ruling on Motion to Dismiss Count Two**

The Court has already found that "[i]n contrast to the indictment at issue in *Sandlin*, the Indictment in this case does not allege any facts in support of the § 1512(c)(2) charge." Min. Ord., Dec. 11, 2021.

The indictment must contain "the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). When it does not, the defendant has not received fair notice of the charges against him and the government has not properly presented the felony charge to the grand jury. *See e.g., United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999).

If defendant is correct that "corruptly" requires the government to allege and prove that he committed an obstructive act with the intent to obtain an unlawful advantage for himself or an associate and that he influenced another to violate their legal duty (*See United States v. Poindexter*, 951 F.2d 369, 379 (D.C. Cir. 1991); *United States v. North*, 910 F.2d 843, 882, 285 U.S. App. D.C. 343 (D.C. Cir. 1990) (a "corrupt" intent means "the intent to obtain an improper advantage for oneself or someone else…"); *United States v. Reeves*, 752 F.2d 995, 1001 (5th Cir. 1985) ("To interpret 'corruptly' [in obstruction statute] as meaning 'with an improper motive or bad or evil

purpose' would raise the potential of overbreadth' in this statute because of the chilling effect on protected activities … Where 'corruptly' is taken to require an intent to secure an unlawful advantage or benefit, the statute does not infringe on first amendment guarantees and is not 'overbroad.'")), then the indictment must have alleged, and the grand jury must have passed upon, those allegations. Count Two does not allege those facts, and the government does not proffer them. Doc's 4, 25, 34, 40, 56, 60, 71, 79.

The Court has held that such a pleading deficiency fails to provide constitutionally fair notice. Min. Ord. Nov. 19, 2021 (ordering the government to particularize vague allegation that defendant "corruptly" obstructed Congress).

*United States v. Kettles* involved sex trafficking a child (*see* 18 U.S.C. §§ 2 and 1591(a)(1), (b)(1), and (c)) and conspiracy (*see* 18 U.S.C. § 1594(c)), which did not implicate First Amendment rights (U.S. Const. amend. I). *Compare*, No. CR 3:16-00163-1, 2017 WL 2080181 (M.D. Tenn. May 15, 2017) *with Reeves,* 752 F.2d at 1001.

*United States v. Raniere* involved racketeering and conspiracy (*see* 18 U.S.C. § 1962(c) and (d)). 384 F. Supp. 3d 282, 320 (E.D.N.Y. 2019). Although *Raniere* raised a First Amendment challenge to one of the alleged racketeering acts, *Raniere's* Indictment alleged fourteen predicate acts. *Id.* at 305–306. The Indictment in this case does not allege any facts in support of the Section 1512(c)(2) charge. *See* Min. Ord., Dec. 11, 2021.

*United States v. Nagi* involved providing material support to a foreign terrorist organization (*see* 18 U.S.C. § 2339B(a)(1)).  254 F. Supp. 3d 548 (E.D.N.Y. 2017). Although the government's proffer of evidence in *Nagi* was sufficient to deny the motion to dismiss (*Id.* at 560), it also alleged a series of specific acts. *Id.* at 559–560. The Indictment in this case does not allege any facts in support of Count Two. *See* Min. Ord., Dec. 11, 2021.

*United States v. Pope* involved a guilty plea, reserving the right to appeal, in order to raise a Second Amendment challenge to Title 18, United States Code, Section 922(g)(9).  613 F.3d 1255, 1258 (10th Cir. 2010).  *Pope* did not implicate First Amendment rights (U.S. Const. amend. I).  *See Reeves,* 752 F.2d at 1001.

Although Poindexter "d[id] not request any relief from the indictment" (*Poindexter*, 951 F.2d at 377), Mr. Reffitt has.  Doc's 38, 43, 47, 55, 58, 59, 74, 75.  In addition, the Court has already found that "the Indictment in this case does not allege any facts in support of the § 1512(c)(2) charge."  Min. Ord., Dec. 11, 2021.

*Poindexter* also holds that the term "corruptly" is vague and unconstitutional, and it stands for the unlawful-advantage standard and the transitive corruption rule. *Poindexter*, 951 F.2d 369.  In Mr. Reffitt's case, despite being ordered to "file a Bill of Particulars that sets forth the means by which Mr. Reffitt 'corruptly... obstruct[ed], influence[d], or impede[d] any official proceeding.' 18 U.S.C. § 1512(c)(2); *see* Fed. R. Crim. P. 7(f) (Min. Ord., Nov. 19, 2021), and despite being ordered to respond to "the defendant's objection, *see* [75] Defendant's Response to Order to Show Cause at 5[]" (Min. Ord., Dec. 14, 2021), the government still has not answered the questions:

3

What was the "unlawful benefit" Reffitt intended to and did receive on January 6?

Whom did Reffitt influence to violate their legal duty and thereby obstruct an official proceeding?

The meaning of "corruptly" in the context of obstructing Congress and what actions defendant allegedly did to obstruct Congress can and should be resolved before trial to avoid waste, to uphold Reffitt's constitutionally protected liberty interest, and because Federal Rules of Criminal Procedure 7 and 12 and the due process and presentment clauses of the Fifth Amendment require it.  U.S. Const. amend V; *see Gaither v. United States*, 413 F. 2d 1061 (D.C. Cir. 1969); *Jackson v. United States*, 359 F. 2d 260, 262 (D.C. Cir. 1966); *see also Russell v. United States*, 369 U.S. 749 (1962).

/s/ *William L. Welch,* III

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Guy Wesley Reffitt
(Appointed by this Court)

**Certificate of Service**

I hereby certify that on this 20th day of December 2021, a copy of the foregoing Reply in Support of Objection to Deferring Ruling on Motion to Dismiss Count Two

was delivered electronically to Mr. Jeffrey S. Nestler (jeffrey.nestler@usdoj.gov) and Ms. Risa Berkower (risa.berkower@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

/s/ *William L. Welch, III*

William L. Welch, III