UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

GUY WESLEY REFFITT,

*Defendant.*

No. 21-cr-32 (DLF)

**ORDER**

The indictment in this case charges Guy Wesley Reffitt with obstructing an official proceeding of Congress on January 6, 2021. *See* Second Superseding Indictment, Dkt. 34. In particular, Count Two of the indictment alleges that Reffitt "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18," in violation of 18 U.S.C. § 1512(c)(2) and 2. *Id.* at 2. Before the Court is Reffitt's Motion to Dismiss Count Two, Dkt. 38. For the reasons that this Court stated in *United States v. Sandlin*, No. 21-cr-88, 2021 WL 5865006 (D.D.C. Dec. 10, 2021), and for the additional reasons stated here, the Court will deny the motion.[1]

On January 6, 2021, a joint session of Congress convened at the U.S. Capitol to certify the Electoral College results of the 2020 Presidential Election. Compl. Ex. 1 (Statement of

---

[1] Other January 6 defendants have also moved to dismiss the § 1512(c)(2) charge. These motions have been denied. *See United States v. Caldwell*, No. 21-cr-28, 2021 WL 6062718 (D.D.C. Dec. 20, 2021) (Mehta, J.); *United States v. Mostofsky*, No. 21-cr-138, 2021 WL 6049891 (D.D.C. Dec. 21, 2021) (Boasberg, J.); *United States v. Montgomery*, No. 21-cr-46, Dkt. 87 (D.D.C. Dec. 28, 2021) (Moss, J.); *United States v. Nordean*, No. 21-cr-175, Dkt. 263 (D.D.C. Dec. 28, 2021) (Kelly, J.).

1

Facts) ¶ 5, Dkt. 1-1.[2]  As the Joint Session commenced, a large crowd gathered outside, and U.S. Capitol police attempted to keep the crowd away from the building.  *Id.* ¶ 6.  Individuals in the crowd forced their way into the Capitol, including by breaking windows and assaulting Capitol police officers, as other crowd members encouraged them.  *Id.* ¶ 7.  At approximately 2:20 p.m., members of Congress and Vice President Pence were told to evacuate the chambers.  *Id.* ¶ 8.  The Joint Session was suspended until shortly after 8:00 p.m.  *Id.*

Before January 6, Guy Reffitt travelled from his Texas home to Washington, D.C. with an AR-15 Rifle and a Smith & Wesson .40 caliber pistol.  *Id.* ¶¶ 24, 31.  And on that date, he joined the crowd outside the Capitol.  *Id.* ¶ 14.  He interacted with officers on the West Front of the Capitol, at or past the police line protecting the building, and was sprayed with chemical spray.  *Id.* ¶¶ 12, 19.

Reffitt moves to dismiss Count Two on multiple grounds.  He argues that it fails to state an offense, as Congress's certification of the electoral results did not constitute an "official proceeding," and that his alleged conduct did not "obstruct, influence, and impede" the proceeding within the meaning of the statute.  He also contends that the term "corruptly," as applied to him, is unconstitutionally vague.  *See* Def.'s Mot. to Dismiss, Dkt. 38; Def.'s Suppl. Br., Dkt. 55.  The Court considered and rejected these arguments in *Sandlin*, 2021 WL 5865006, and Reffitt's additional arguments do not alter the Court's earlier conclusion.

First, Congress's Joint Session constitutes as an "official proceeding" as defined in 18 U.S.C. § 1515(a)(1), as it has the "trappings of a formal hearing before an official body."  *Sandlin*, 2021 WL 5865006, at *4.  Like the defendants in *Sandlin*, Reffitt claims that an official

---

[2] The Court treats the allegations in the complaint as true for purposes of this motion.  *See United States v. Griffin*, No. 21-cr-92, 2021 WL 2778557, at *1 (D.D.C. July 2, 2021).

proceeding must also relate to the "administration of justice." Def.'s Mot. to Dismiss at 1–2. Congressional proceedings that qualify, he contends, are those that investigate potential federal crimes. *See id.* at 2. But as the Court noted in *Sandlin*, other provisions in Chapter 73 show that the Court cannot read an extra "administration of justice" requirement into the definition in § 1515(a)(1)(C). *Sandlin*, 2021 WL 5865006, at *4. And the same is true for Reffitt's proposed "congressional investigation" addition. A different statute, 18 U.S.C. § 1505, makes it a crime to "corruptly, or by threats or force, or by any threatening letter or communication influence[], obstruct[], or impede[] or endeavor[] to influence, obstruct, or impede . . . the due and proper exercise of the power of inquiry under which any *inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress*." (emphasis added). Thus, an "official proceeding" for purposes of 18 U.S.C. § 1512(c)(2) encompasses something beyond congressional inquiries and investigations.

Reffitt also invokes the Department of Justice's Criminal Resource Manual to argue that the Joint Session was not an "official proceeding" as it did not "review evidence and find facts." Def.'s Mot. to Dismiss at 12. The Court agrees with Judge Mehta's rejection of the same argument in *United States v. Caldwell*, No. 21-cr-28, 2021 WL 6062718, at *7 (D.D.C. Dec. 20, 2021). First, the Manual, last published in 1997, predated § 1512(c)(2)'s enactment, and thus "sheds no light on the scope of the code provision at issue here." *Id.* And though the Manual describes the original § 1512(c) in relation to conduct affecting evidence in federal proceedings, these "generalized statements cannot alter the plain meaning of the statutory text." *Id.* That is, they do not add an additional evidence-based requirement to "official proceeding" as defined in § 1515(a)(1)(C).

Next, Reffitt objects that he did not do anything to "obstruct[], influence[], or impede[]" within the meaning of the statute. Def.'s Suppl. Br. at 5. The Court is unpersuaded by his proposed limiting construction for § 1512(c)(2)—that it covers only acts affecting the integrity and availability of evidence—for the reasons discussed in *Sandlin*, 2021 WL 5865006, at *5–10 (rejecting the defendants' argument that subsection § 1512(c)(2) only covers acts that affect the state and content of what may be considered at an official proceeding). Like the *Sandlin* defendants, Reffitt cites legislative history to support his interpretation of § 1512(c)(2), *see* Def.'s Mot. to Dismiss at 10, but his additional references do not help his case. It is true that floor statements by Senator Lott and Senator Hatch indicate that § 1512(c) was designed to close a loophole that enabled individuals to escape liability if they had acted alone in destroying documents. *See* 148 Cong. Rec. S6542, S6545, S6550 (daily ed. July 10, 2002). Even so, this asserted purpose does not limit the plain language of the statute which is broad enough to cover *other* obstructive acts aimed at an official proceeding. *See Sandlin*, 2021 WL 5865006, at *5; *see also Griffin*, 2021 WL 2778557, at *4 n.4 (quoting *Advoc. Health Care Network v. Stapleton*, 137 S. Ct. 1652, 1661 (2017)) ("'[S]cattered floor statements by individual lawmakers,' [is] 'the sort of stuff' the Supreme Court has called 'among the least illuminating forms of legislative history'"). Section 1512(c)(2)'s verbs "encompass all sorts of actions that affect or interfere with official proceedings, including blocking or altering the evidence that may be considered during an official proceeding *or*, as [Reffitt allegedly] attempted, halting the occurrence of the proceeding altogether." *Sandlin*, 2021 WL 5865006, at *5.

Reffitt also relies on the "novel construction principle" to support his argument for dismissal. *See* Def.'s Suppl. Reply at 30–31, Dkt. 58; Def.'s Mot. to Dismiss at 14. But the fact that the government has not previously charged anyone with obstructing this type of proceeding

or engaging in this kind of obstructive conduct does not alter the statute's plain language.  As this Court explained in *Sandlin* (and again above), Congress's certification of the electoral results falls comfortably within the meaning of "official proceeding," both its plain and statutory definition.  *See Sandlin*, 2021 WL 5865006, at *4.  And § 1512(c)(2)'s verbs plainly cover obstructive acts aimed at official proceedings.  *See id.* at *5.  Accordingly, there is no notice problem here: the "touchstone is whether the statute, *either standing alone* or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal."  *United States v. Lanier*, 520 U.S. 259, 267 (1997) (emphasis added).

Finally, Reffitt argues that Count Two must be dismissed because the word "corruptly" renders § 1512(c)(2) unconstitutionally vague as applied to him.  *See* Def.'s Mot. to Dismiss at 12–17.  To prevail on an as-applied vagueness challenge, Reffitt must show that the law failed to give him "fair notice" that his conduct was criminal.  *Johnson v. United States*, 576 U.S. 591, 595 (2015).  For an as-applied challenge, an "implicit requirement" is "that it must be clear what the defendant did."  *United States v. Raniere*, 384 F. Supp. 3d 282, 320 (E.D.N.Y. 2019) (internal quotation omitted).

In *Sandlin*, this Court held that a defendant who "used obvious[ly] criminal means with the intent to obstruct an official proceeding" falls within the "core coverage of 'corruptly' as used in § 1512(c)(2)."  *Sandlin*, 2021 WL 5865006, at *13.[3]  But, as the Court noted, "there may be scenarios at the edges that present vagueness problems."  *Id.* at *10.  Whether Reffitt acted "corruptly" under its core meaning cannot be determined based on the face of the indictment

---

[3] Reffitt further argues that the government must "allege and prove that he committed an obstructive act with the intent to obtain an unlawful advantage for himself or an associate and that he influenced another to violate their legal duty."  Def.'s Objection to Deferred Ruling at 3, Dkt. 75.  But this Court did not define "corruptly" in this way in *Sandlin*.  And, as explained, *see infra* at 6, the indictment need not have "alleged . . . those allegations."  *Id.*

alone.  *Compare with* Superseding Indictment, *United States v. Sandlin*, No. 21-cr-88, Dkt. 46 (alleging that the defendants physically assaulted multiple police officers while trespassing in the Capitol).

In Reffitt's case, the government asserts that Reffitt violated the statute by stopping, or attempting to stop, the proceeding from going forward on time, with the members of Congress present and able to examine the electoral results.  *See* Gov't Bill of Particulars at 2–3, Dkt. 71.  The government further proffers that it will prove that Reffitt charged at officers with the intent to obstruct the proceeding.  *See* Gov't's Response to Dec. 14, 2021 Minute Order at 3, Dkt. 79.  Reffitt disagrees.  *See* Def.'s Mot. to Dismiss at 13–15.  Because the Court cannot determine, based on the indictment alone, whether Reffitt was sufficiently on notice that his conduct was criminal, it will deny his motion to dismiss on this ground as premature.  *See Lanier*, 520 U.S. at 267.  "Rule 12 permits pretrial resolution of a motion to dismiss the indictment only when trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense."  *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.) (internal quotation omitted).  That is not the case here.

Contrary to Reffitt's contention, *see* Def.'s Objection to Deferred Ruling at 3–4, the lack of factual specificity in the indictment does not render it infirm.[4]  The indictment need only contain a "plain, concise, and definite written statement of the essential facts constituting the

---

[4] Reffitt also appears to argue that there is a discrepancy between what the government presented to the grand jury and what the jury will be instructed at trial, *see* Def.'s Objection to Deferred Ruling at 2–3.  But he presents no evidence in support of his constructive amendment claim.  To support such a claim, "[he] would [need] to show that the evidence presented at trial *and* the instructions given to the jury so modify the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the grand jury's indictment." *United States v. Toms*, 396 F.3d 427, 436 (D.C. Cir. 2005) (internal quotation marks omitted).  Reffitt's pretrial argument is thus premature.

offense charged." Fed. R. Crim. P. 7(c)(1).  And it is sufficient "if it clearly informs the defendant of the precise offense of which he is accused so that he may prepare his defense." *United States v. Conlon*, 628 F.2d 150, 155 (D.C. Cir. 1980).  It is enough for the indictment "us[e] the statutory language and specify[] the time and place of the offense."  *United States v. Williamson*, 903 F.3d 124, 130–31 (D.C. Cir. 2018); *see also Conlon*, 628 F.2d at 156.  Reffitt's indictment tracks the language of § 1512(c)(2) and explains which proceeding he allegedly obstructed.  That is adequate to put him on notice of the charge against him.  *See United States v. Mostofsky*, No. 21-cr-138, 2021 WL 3168501, at *4 (D.D.C. July 27, 2021) (Boasberg, J.) (denying the defendant's motion for a Bill of Particulars regarding the § 1512(c)(2) charge).[5]

Thus, the Court will deny Reffitt's as-applied vagueness challenge as premature.  After "the facts have been established by evidence introduced at trial," *Raniere*, 384 F. Supp. 3d at 320, Reffitt may renew this challenge under Rule 29.

Accordingly, it is

**ORDERED** that Reffitt's Motion to Dismiss, Dkt. 38, is **DENIED**.

**SO ORDERED.**

*(signature)*
DABNEY L. FRIEDRICH
United States District Judge

December 29, 2021

---

[5] In his briefs, Reffitt has not argued that the indictment is factually infirm, nor has he requested a Bill of Particulars.  *See generally* Def.'s Mot. to Dismiss; Def.'s Reply in Support of Mot. to Dismiss, Dkt. 43; Def.'s Notice of Suppl. Authority, Dkt. 47; Def.'s Suppl. Br.; Def.'s Suppl. Reply.  On November 19, 2021, the Court ordered the government to clarify its theories of obstruction.  *See* November 19 Minute Order.  Because the government had already provided the defense with extensive factual discovery—including the government's trial exhibits and Jencks materials which the government produced to the defense in November 2021, before the defense requested a last-minute continuance of the November 15 trial—the Court did not require the government to highlight all of the factual evidence that it intends to offer at trial to prove the obstruction charge.