UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 21-cr-00032 (DLF) |
| | : | |
| v. | : | |
| | : | |
| GUY WESLEY REFFITT, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO RECONSIDER DETENTION ORDER**

The defendant is a danger to the community and should remain detained pending trial. Following a March 15, 2021, detention hearing, Magistrate Judge Faruqui granted the government's detention request. *See* ECF 14 (written order of detention). On May 13, 2021, the Court, during a bond review hearing, denied the defendant's motion to revoke Judge Faruqui's detention order, finding that the factors in 18 U.S.C. § 3142(g) supported the defendant's detention. *See* 5/13/21 Tr. at 33 ("Together, the evidence of Mr. Reffitt's general dangerousness and his acts of obstruction lead the Court to conclude that he presents a danger to the community."). Defendant Reffitt's present motion (ECF 82) does not point to any compelling reason for this Court to reconsider its decision.

The defendant's motion to "reconsider" appears to be premised on 18 U.S.C. § 3142(f)(2)(B), which permits a court to reopen a bond hearing and reconsider a defendant's detention if the court "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." It is Defendant Reffitt's burden to come forward with "new and material information," which "must consist of truly changed circumstances, something

1

unexpected, or a significant event." *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020) (internal citation and quotation omitted).

The defendant has not come close to meeting that burden. He points to an outbreak of COVID-19 at the jail. But he fails to articulate how that outbreak has any material impact on the Section 3142(g) factors the Court previously considered in rendering its detention decision. *See id.* at 8 (denying motion under Section 3142(f)(2)(B) premised on the COVID-19 pandemic, because the pandemic likely has "*no*" impact on the Section 3142(g) factors). Indeed, Defendant Reffitt does not even attempt to explain how the COVID-19 outbreak at the jail affects him.

Similarly, because the defendant is detained at the Central Treatment Facility ("CTF") rather than the Central Detention Facility ("CDF"), his argument about the U.S. Marshal Service's ("USMS") findings about conditions at CDF carry no weight. Indeed, the USMS specifically wrote in its November 1, 2021 memorandum that "[c]onditions at the Central Treatment Facility (CTF) were observed to be largely appropriate and consistent with federal prisoner detention standards." *See* Ex. 1 at 2.

Finally, Defendant Reffitt points to the fact that on October 26, 2021, Judge Jackson released defendant Thomas Sibick. But that decision has no bearing on this Court's careful analysis and weighing of the Section 3142(g) factors *with respect to Defendant Reffitt*. Moreover, the government has proffered evidence that Defendant Reffitt (unlike Mr. Sibick) was armed with a firearm while at the Capitol on January 6 and that Defendant Reffitt (unlike Mr. Sibick) threatened witnesses after the fact. In contrast to Mr. Sibick, who asked the Department of Corrections to place him in "administrative segregation" to disassociate him from other January 6 inmates, *see* Defendant Thomas Sibick's Motion to Modify Bond, *United States v. Sibick*, 21-cr-291 (ABJ), ECF 83 (Oct. 16, 2021) at 12 n.13, Defendant Reffitt appears to be a leader of the

January 6 inmates, *see* ECF 24 (Notice of Letter Allegedly Written by Defendant); ECF 39 (Gov't Opp. to Motion to Transfer Venue) at 14.

At the end of his motion, Defendant Reffitt states, without argument, that his continued detention would violate the Eighth Amendment, with citations to *United States v. Salerno*, 481 U.S. 739 (1988), and *United States v. Munchel*, 991 F. 3d 1273 (D.C. Cir. 2021). Neither case supports that proposition. The Supreme Court in *Salerno* held that the Bail Reform Act did *not* violate the Eighth Amendment. 481 U.S. at 755. And the Court of Appeals in *Munchel* said nothing about the Eighth Amendment; rather, it held that the district court must, in applying the Bail Reform Act, identify an articulable threat posed by the defendant to an individual or the community before ordering a defendant preventatively detained. 991 F.3d at 1283. This Court did so when it conducted a thorough bond review hearing on May 13, 2021, ultimately concluding that the Section 3142(g) factors warranted the defendant's detention. Moreover, the length of a defendant's pretrial detention is not a factor to be considered in making a detention determination under Section 3142. *See United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986) (noting that Congress deliberately and specifically omitted from Section 3142 the "duration of pretrial incarceration"); *see also Salerno*, 481 U.S. at 747 (holding that detention under Bail Reform Act is regulatory rather than punitive). And Defendant Reffitt does not appear to be arguing that his continued detention currently violates the Due Process Clause. *Cf. United States v. Ali*, 534 F. App'x 1, 2 (D.C. Cir. 2013) (per curiam) (unpublished) (reversing district court's release decision and holding that period of pretrial detention of 29 months did not violate constitutional due process).

As this Court previously held, the Section 3142(g) factors weigh in favor of the defendant's detention. *See* 5/13/21 Tr. at 35 ("[C]onsidering all of the factors under Section 3142(g), the Court

finds clear and convincing evidence that Mr. Reffitt poses a concrete prospective threat to public safety that cannot be mitigated by pretrial supervision and conditions of release."). The same is true today.

### Conclusion

The Court should deny the defendant's motion to reconsider its detention decision.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: _____
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Risa Berkower
Assistant United States Attorney
NY Bar No. 4536538
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Phone: 202-252-7277
Email: Jeffrey.Nestler@usdoj.gov
