UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 21-cr-00032 (DLF) |
| | : | |
| v. | : | |
| | : | |
| GUY WESLEY REFFITT, | : | |
| | : | |
| Defendant. | : | |

## PROPOSED JURY INSTRUCTION FOR COUNT TWO

In response to the Court's December 30, 2021, Minute Order, the government[1] hereby proposes the following final jury instruction for Count Two, Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). The proposed instruction has four parts: elements, definitions, attempt, and aiding and abetting.

---

[1] While the minute order directed the parties "to submit a joint filing," the defense has refused. The government initially provided a draft of this instruction to the defense on December 2, 2021, and then followed up on December 9, prompting the defense to indicate that there would be no agreement on a proposed instruction for Count Two. The government also followed up on December 12, in light of this Court's opinion in *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006 (D.D.C. Dec. 10, 2021), denying that defendant's motion to dismiss the 18 U.S.C. § 1512(c)(2) charge. On December 30, in light of the Court's minute order, the government again sent its proposal to the defense. The government followed up on January 5, seeking to confer, which prompted the following response from the defense: "The entire instruction is unacceptable for the reasons in the papers addressing Count Two. There will be an objection to any instruction."

**Proposed Instruction for Count Two (Elements)[2]**

## OBSTRUCTION OF AN OFFICIAL PROCEEDING

Count 2 of the indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of the law.

In order to the find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede any official proceeding.

Second, the defendant acted corruptly.

---

[2] 18 U.S.C. § 1512(c)(2); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit at § 1512(c)(2).

**Proposed Instruction for Count Two (Definitions)[3]**

## OBSTRUCTION OF AN OFFICIAL PROCEEDING

The term "official proceeding" includes a proceeding before the Congress. As used in Count 2, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

An official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.

"Corruptly" means knowingly, with intent to obstruct or impede, and with consciousness of wrongdoing. "Consciousness of wrongdoing" means an understanding or awareness that what

---

[3] For the definition of "official proceeding": 18 U.S.C. §§ 1512(f)(1), 1515(a)(1)(B); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit at §§ 1512 & 1515(a)(1).

For the nexus requirement (that the official proceeding be reasonably foreseeable): *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *12 (D.D.C. Dec. 10, 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit at §§ 1512 & 1515(a)(1).

For the definition of "corruptly": The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit at § 1512; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North,* 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by* 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *11-13 (D.D.C. Dec. 10, 2021); *United States v. Caldwell*, No. 21-cr-28 (APM), 2021 WL 6062718, at *11 (D.D.C. Dec. 20, 2021); *United States v. Mostofsky*, No. 21-cr-138 (JEB), 2021 WL 6049891, at *11 (D.D.C. Dec. 21, 2021); *United States v. Montgomery,* No. 21-cr-46 (RDM), 2021 WL 6134591, at *19-21 (D.D.C. Dec. 28, 2021); *United States v. Nordean*, No. 21-cr-175 (TJK), 2021 WL 6134595, at *10-11 (D.D.C. Dec. 28, 2021); *United States v. Lonich*, No. 18-10298, 2022 WL 90881, at *18 (9th Cir. Jan. 10, 2022).

the person is doing is wrong, immoral, depraved, or evil.  A person may act "corruptly" by using unlawful means or by having a wrongful purpose, or both.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.  For example, a political activist might call a representative in Congress and threaten to oppose her reelection and peacefully protest the representative in public spaces unless the representative votes in a congressional proceeding against taking action that the activist believes to be a waste of taxpayer money.  The activist is acting with the intent to obstruct or impede the proceeding but is not necessarily doing so corruptly.  By contrast, a political activist who obstructs or impedes a congressional proceeding by engaging in conduct such as offering illegal bribes, engaging in violence, committing fraud, or through other independently unlawful conduct, is acting corruptly.

**Proposed Instruction for Count Two (Attempt)[4]**

**OBSTRUCTION OF AN OFFICIAL PROCEEDING**

In Count 2, the defendant is charged with attempt to commit the crime of obstruction of an official proceeding.  An attempt to commit obstruction of an official proceeding is a crime even though the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official

---

[4] Third Circuit Model Criminal Jury Instruction 7.01; Criminal Jury Instruction for the District of Columbia 7.101.

proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Proposed Instruction for Count Two (Aiding and Abetting)**[5]

**<u>OBSTRUCTION OF AN OFFICIAL PROCEEDING</u>**

A person may be guilty of an offense because he personally committed the offense or because he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing the offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count 2. In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following four requirements:

First, others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained those elements to you in these instructions.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed some act or acts in furtherance of the offense charged.

Fourth, that the defendant knowingly performed those act or acts for purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the specific offense charged and with the intent that others commit that specific offense.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts

---

[5] 18 U.S.C. § 2(a); Third Circuit Model Criminal Jury Instruction 7.02; Criminal Jury Instruction for the District of Columbia 3.200.

did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence including the defendant's words and actions and the other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

 /s/
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Risa Berkower
Assistant United States Attorney
NY Bar No. 4536538
U.S. Attorney's Office for the District
of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Phone: 202-252-7277
Email: Jeffrey.Nestler@usdoj.gov