United States District Court for the District of Columbia

| | | |
|---|---|---|
| **United States of America** | * | |
| v. | * | No. 1:21-CR-00032-DLF-1 |
| **Guy Wesley Reffitt** | * | |

### Memorandum in Support of Defendant's Proposed Additional Jury Instructions

The Court has directed the parties to provide support for their proposed instructions. Min. Ord. Dec. 30, 2021. The parties have different understandings about whether the Court had previously directed the submission of only final instructions. Accordingly, the government has submitted proposed instructions, which the parties agree would be final instructions. Doc. 65.

Based on the understanding that the Court directed the parties to identify all potentially relevant instructions, defendant proposed additional instructions from Barbara E. Bergman, Criminal Jury Instructions for the District of Columbia, Fifth Ed., filed through Release No. 17, Sep. 2019 (the Red Book). Doc. 66.

**I.     1.102. Preliminary Instruction before Trial.**

Although lengthy, it is preferable for the Court to give jurors a basic explanation of their duties and responsibilities at the outset of the trial, especially when some might be sitting in their first criminal case. *See* Barrett E. Prettyman, Jury Instructions—First or Last?, 46 A.B.A.J. 1066 (1960); *See also United States v. Bynum*, 566 F.2d 914, 923 (5th Cir. 1978) (giving the jury an instruction similar to Instruction 1.03 was proper and desirable).

It explains: what a juror should do, who recognizes a witness or party connected to the case; the prohibition against communications concerning the case, including current technology; the prohibition on using the Internet and independent investigation by the jurors during trial; and that the questions lawyers ask are not evidence. Bergman, Crim. Jury Instr. 1.102 Comment. The Court should give instruction regarding contact before evening recess. *United States v. Richardson*, 817 F.2d 886 (D.C. Cir. 1987).

## II.    1.105. Notetaking by Jurors.

The Court has discretion to allow jurors to take notes. *United States v. Oppon*, 863 F.2d 141 (1st Cir. 1988); *United States v. Bertolotti*, 529 F.2d 149 (2d Cir. 1975); *United States v. Maclean*, 578 F.2d 64 (3d Cir. 1978); *United States v. Polowichak*, 783 F.2d 410 (4th Cir. 1986); *Fortenberry v. Maggio*, 664 F.2d 1288 (5th Cir. 1982); *United States v. Johnson*, 584 F.2d 148 (6th Cir. 1978); *United States v. Braverman*, 522 F.2d 218 (7th Cir. 1975); *United States v. Bassler*, 651 F.2d 600 (8th Cir. 1981); *United States v. Vaccaro*, 816 F.2d 443 (9th Cir. 1987); *United States v. Riebold*, 557 F.2d 697 (10th Cir. 1977). Likewise, most state courts recognize a judge's discretion to permit jurors to take notes. *See* Sonja Larsen, Taking and Use of Trial Notes by Jury, 36 A.L.R.5th 255 (1996).

**III.   1.107. Preliminary Instruction to Jury Where Identity of Alternates Is Not Disclosed.**

By avoiding pre-designated alternates, all jurors may feel more a part of the process and might be more likely to pay better attention.  Bergman, Crim. Jury Instr. 1.107 Comment.

**IV.   1.108. A Juror's Recognition of a Witness or Other Party Connected to the Case.**

This instruction assures that the Court is alerted as soon as possible during trial when a juror knows a witness or someone otherwise connected with the case. Bergman, Crim. Jury Instr. 1.108 Comment.  The court can then immediately take steps to cure the problem, including *voir dire* of the juror and substitution by an alternate, if necessary.  *Ibid*.

**V.   1.201.   Cautionary Instruction—Photographs of the Defendant Alternative A Photographs Generally.**

The introduction of photographs of the defendant in custody can be prejudicial. *see United States v. Jackson*, 509 F.2d 499 (D.C. Cir. 1974); *Barnes v. United States*, 365 F.2d 509 (D.C. Cir. 1966).

**VI.   1.202. Cautionary Instruction on the Use of the Internet and Publicity.**

The first paragraph of this instruction should be used at the end of a day to remind the jurors not to investigate or research anything in connection with the case either in person or electronically.  Bergman, Crim. Jury Instr. 1.202 Comment.  In addition, there is the possibility of publicity during the trial itself and should be used

to explain to the jurors what they should do if they encounter such publicity. *Ibid.*; *see also United States v. Richardson*, 817 F.2d 886 (D.C. Cir. 1987).

### VII. 2.204. Testimony of Immunized Witness.

A cautionary instruction for immunized witnesses is appropriate for the same reasons that a cautionary instruction is appropriate for accomplice and paid informant testimony. *United States v. Sarvis*, 523 F.2d 1177, 1180 (D.C. Cir. 1975); *United States v. Leonard*, 494 F.2d 955, 961 (D.C. Cir. 1974) (when the government offers immunity to a witness, as an incentive to testify, the witness might realize that he can procure his own freedom by incriminating another, and therein lies his motivation to falsify); *but see United States v. Rubin*, 609 F.2d 51, 64–5 (2d Cir. 1979), aff'd, 449 U.S. 424 (1980) (general credibility instruction coupled with reference to fear of prosecution was adequate, and immunity instruction was not required, since the issue of immunity had been fully explored in cross-examination and closing argument; distinguishing *Leonard* on the ground that "the witnesses testifying under immunity were also accomplices").

### VIII. 2.205. Informer's Testimony.

Although this instruction is not required when there is significant corroboration for the informant's testimony, but the Court would be "well advised" and it would be "sounder" to give it. *United States v. Lee*, 506 F.2d 111, 123–24 (D.C. Cir. 1974); *see also Hardy v. United States*, 343 F.2d 233, 234 (D.C. Cir. 1964); *cf. United States v. Herron*, 567 F.2d 510, 514–15 (D.C. Cir. 1977) (failure to give informer instruction, *sua sponte*, not plain error when informant's testimony was

corroborated); *United States v. Hill*, 470 F.2d 361, 365 n. 10 (D.C. Cir. 1972) ("[t]he special interest of informers may be singled out and brought to the attention of the jury") (dicta); *Bush v. United States*, 375 F.2d 602, 604 & n.2 (D.C. Cir. 1967) (informants should "in some circumstances be the subject of a cautionary instruction when requested") (dicta).

However, this instruction should be given when the testimony of an informer is uncorroborated or corroborated to only a minor extent. *Lee*, 506 F.2d at 121; *United States v. Kinnard*, 465 F.2d 566, 570 (D.C. Cir. 1972) (when this instruction is requested with regard to a paid informant, "failure to give it is reversible error unless the informer's testimony is fully corroborated by other eyewitnesses … [The Court of Appeals has] also urged trial courts to caution the jury about the unreliability of informant testimony even in the absence of a request"); *Fletcher v. United States*, 158 F.2d 321, 322 (D.C. Cir. 1946) (special cautionary instruction required when there is uncorroborated testimony from a paid informant).

## IX. 2.211. Effect of Refusal of Witness to Answer Question.

This instruction should be given when a witness continues to refuse to answer a question after being instructed to do so by the court. As an alternative to giving this instruction, it may be appropriate to strike all or a portion of the witness' testimony. *See, e.g., Lawson v. Murray*, 837 F.2d 653 (4th Cir. 1988); *United States v. Doddington*, 822 F.2d 818 (8th Cir. 1987).

If a government witness refuses to answer any questions when on the stand, the court should consider giving the following additional instruction:

> You must not hold it against the defendant that [name of government witness] took the stand and refused to answer any questions.

*See United States v. Anderson*, 509 F.2d 312, 325 (D.C. Cir. 1974) (jury told not to draw any inference from witness' recalcitrance and not to speculate about what the testimony would have been).

This instruction should not be given when the witness refuses to answer a question in front of the jury on the basis of a valid privilege. *See* Instruction 2.212.

## X.    2.212. Invocation of Fifth Amendment Privilege against Self-Incrimination.

If a witness has a valid claim of privilege, the witness should not be required to invoke the privilege in the presence of the jury. *See Bowles v. United States*, 439 F.2d 536, 542 (D.C. Cir. 1970) (*en banc*).

However, if a witness' invocation of Fifth Amendment privilege occurs inadvertently in the jury's presence, then the Committee recommends giving this instruction. Bergman, Crim. Jury Instr. 2.212 Comment. It may be necessary, of course, for the court to hold a hearing on whether the witness has a valid Fifth Amendment privilege before deciding whether instruction 2.211 or 2.212 is appropriate. *Ibid.*

XI.     **2.215. Expert Testimony.**

A party may not circumvent the heightened standard and notice requirements of Rule 702 (expert testimony) by offering as a lay opinion testimony that should be properly qualified as expert testimony. *United States v. Oriedo,* 498 F.3d 593, 602–03 (7th Cir. 2007) (DEA agent's testimony about how crack cocaine is typically packaged was expert testimony impermissibly cloaked as lay opinion); *Garcia,* 413 F.3d at 215 (testimony about roles in drug conspiracy erroneously admitted as lay opinion where witness' reasoning was partially based on his specialized training and experience as a narcotics officer); *United States v. Glenn,* 312 F.3d 58, 67 (2d Cir. 2002) (drug dealer's testimony that bulge in clothing viewed from five or six houses away was inadmissible expert testimony improperly admitted as lay opinion).

Federal Rule of Evidence 701 governs lay witness opinion testimony. Rule 701(c) provides that such testimony may not be "based on scientific, technical or other specialized knowledge within the scope of Rule 702." *See* Fed. R. Evid. 702. On the same page where the government quotes Rule 701, it concedes that Agent Hightower's testimony will be based on his own perception and ***experience***[,]" and Agent Hightower "is an ***experienced*** firearms trainer at the FBI…." (emphasis added) Doc. 48 at 1.

XII.    **2.216. Evaluation of Prior Inconsistent Statement of a Witness.**

Part A reflects the common-law doctrine admitting prior inconsistent statements only to impeach credibility. It should be given when an unsworn prior statement is elicited. *See United States v. Livingston,* 661 F.2d 239 (D.C. Cir. 1981).

7

Part B incorporates the provisions of Federal Rule Evidence 801(d)(1)(A) that permit a prior inconsistent statement made under oath at a trial, hearing, deposition, or other proceeding to be admitted both as impeachment and as substantive evidence. Bergman, Crim. Jury Instr. 2.216 Comment. It should be given where the impeachment involves a prior statement given under oath. *Ibid.*

When a witness has been impeached with statements made under oath and statements not made under oath, both Parts A and B should be given along with the bracketed language in Part B. *Ibid.* The statements should be identified with specificity so that the jury understands which statements are being admitted as substantive evidence and which are admitted only for impeachment purposes. *Ibid.*

If requested, Part A must be given following impeachment of a witness with a prior inconsistent statement, when the statement is admitted only to attack credibility. *United States v. Bruner*, 657 F.2d 1278, 1285–86 (D.C. Cir. 1981) (failure to give this instruction immediately following impeachment of government witness by defense not error when impeachment helped, not harmed, the defendant; prior statements were admissible as substantive evidence; and trial court gave this instruction at the close of the witnesses' testimony and in the final charge to the jury).

Failing to assert a fact when it would have been natural to do so—for instance, by omitting it from a prior statement or failing to correct a third party's misunderstanding—may constitute an inconsistency. *See Jencks v. United States*, 353 U.S. 657, 667 (1957).

Prior inconsistent statements can be proved by extrinsic evidence only if they relate to facts that are not collateral. *See, e.g., Gordon v. United States*, 344 U.S. 414 (1953); *United States v. Stock*, 948 F.2d 1299, 1301–02 (D.C. Cir. 1991).

**XIII. 2.305. Statements of the Defendant – Substantive Evidence.**

This instruction should be given when the government seeks to introduce a defendant's statements to the police as substantive evidence. Bergman, Crim. Jury Instr. 2.305 Comment. Although the government will usually only introduce, as substantive evidence, inculpatory statements made by a defendant to the police, a judge need not characterize such statements for the jury as confessions or admissions. *Ibid.*

While the jury does not determine the voluntariness of such a statement, a defendant may nevertheless raise the issue before the jury of the alleged involuntariness of his/her statement in arguing about the statement's appropriate weight. *Crane v. Kentucky*, 476 U.S. 683, 688 (1986).

/s/ *William L. Welch,* III

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Guy Wesley Reffitt
(Appointed by this Court)

## Certificate of Service

I hereby certify that on this 13th day of January 2022, a copy of the foregoing Memorandum in Support of Defendant's Proposed Additional Jury Instructions was delivered electronically to Mr. Jeffrey S. Nestler (jeffrey.nestler@usdoj.gov) and Ms. Risa Berkower (risa.berkower@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

/s/ *William L. Welch, III*

William L. Welch, III