UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 21-cr-00032 (DLF) |
| | : | |
| v. | : | |
| | : | |
| **GUY WESLEY REFFITT,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY
CONCERNING LAY OPINION TESTIMONY**

On January 15, 2022, the Court directed the government to provide supplemental authority concerning the distinction between lay and opinion testimony, and the type of experience that may properly inform a witness's lay opinion. The government now provides the following authority:

(1) *Atlanta Channel, Inc. v. Solomon*, No. 15-cv-1823, 2021 WL 4243383 (D.D.C. Sept. 17, 2021) (providing a detailed analysis of the distinction between lay and expert opinion testimony, and noting that "a lay opinion's defining characteristic is that it arises from the personal knowledge or firsthand perception of the witness" (citation and quotation marks omitted)).

(2) *United States v. Westbrook*, 896 F.2d 330 (8th Cir. 1990)), cited by Fed. R. Evid. 701, Committee Notes on Rules-2000 Amendment. In *Westbrook*, the court held that two amphetamine users properly provided lay opinion testimony to identify a particular substance as amphetamine, based on their personal knowledge of using the drug. The Committee Notes explained that such testimony is lay opinion because it "is based upon a layperson's personal knowledge. If, however, that witness were to describe how a narcotic was manufactured, or to describe the intricate workings of a narcotic distribution network, then the witness would have to qualify as an expert under Rule 702."

(3) *United States v. Robinson*, No. 16-cr-98, 2017 WL 11496737 (D.D.C. July 13, 2017). In this case, where a doctor was prosecuted for illegally over-prescribing opiates, the government was permitted to call pharmacists to testify that they refused to fill the defendant's prescriptions because they were concerned about the validity of those prescriptions based on their interaction with the defendant's patients and with the defendant himself when they called him to verify the prescriptions. The court allowed the pharmacists' testimony because these facts were within their personal knowledge and it was "based on their day-to-day business experience as pharmacists." *Id*. at *2.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By: */s/ Risa Berkower*
        JEFFREY S. NESTLER
        Assistant United States Attorney
        D.C. Bar No. 978296
        RISA BERKOWER
        Assistant United States Attorney
        NY Bar No. 4536538
        U.S. Attorney's Office for the District of Columbia
        555 4th Street, N.W.
        Washington, D.C. 20530
        Phone: 202-803-1576
        Email: risa.berkower@usdoj.gov