**United States District Court for the District of Columbia**

| | | |
|---|---|---|
| **United States of America** | \* | |
| **v.** | \* | **No. 1:21-CR-00032-DLF-1** |
| **Guy Wesley Reffitt** | \* | |

## Objection and Opposition to Government's Proposed Jury Instruction Regarding Count Two

The Court has directed the filing of opposition to proposed jury instructions by January 20, 2022.  Min. Ord. Dec. 30, 2021.  The Court has further ordered defense counsel to include a proposed alternative instruction regarding Count Two.

Accordingly, Mr. Reffitt objects and opposes the government's Proposed Jury Instruction for Count Two.   Doc. 86.   First, Mr. Reffitt maintains that the Indictment(s) does not contain "the essential facts constituting the offense charged." Doc's 4, 25, 34; *see* Fed. R. Crim. P. 7(c)(1).  Mr. Reffitt has not received fair notice of the charges against him and the government has not properly presented the felony charge to the grand jury.  *See e.g.*, *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999).

Second, the government's proposal omits the requirement that the "Official Proceeding" must relate to the administration of justice.  Section 1512(c) only prohibits the obstruction of proceedings related to the *administration of justice* that take place before a tribunal.  *See United States v. Ermoian*, 752 F.3d 1165, 1171–1172 (9th Cir. 2013).

Third, the government's proposal omits the requirement that conduct otherwise impair the integrity and availability of non-object information used in the "official proceeding." 18 U.S.C. § 1512(c)(2); *see Yates v. United States*, 574 U.S. 528, 544 (2015).

Fourth, the government's proposal is contrary to the D.C. Circuit's holding in *United States v. Poindexter* that the term "corruptly" is vague and unconstitutional. 951 F.2d 369 (D.C. Cir. 1991). "Corruptly" requires the government to allege and prove that the defendant committed an obstructive act with the intent to obtain an unlawful advantage for himself or an associate, and that he influenced another to violate their legal duty. *Id.* at 379; *United States v. North*, 910 F.2d 843, 882, 285 U.S. App. D.C. 343 (D.C. Cir. 1990) (a "corrupt" intent means "the intent to obtain an improper advantage for oneself or someone else…"); *United States v. Reeves*, 752 F.2d 995, 1001 (5th Cir. 1985) ("To interpret 'corruptly' [in obstruction statute] as meaning 'with an improper motive or bad or evil purpose' would raise the potential of overbreadth' in this statute because of the chilling effect on protected activities … Where 'corruptly' is taken to require an intent to secure an unlawful advantage or benefit, the statute does not infringe on first amendment guarantees and is not 'overbroad.'"). Count Two does not allege those facts, and the government does not proffer them. Doc's 4, 25, 34, 40, 56, 60, 71, 79.

*Poindexter* also stands for the unlawful-advantage standard and the transitive corruption rule. 951 F.2d 369. In Mr. Reffitt's case, despite being ordered to "file a Bill of Particulars that sets forth the means by which Mr. Reffitt 'corruptly…

obstruct[ed], influence[d], or impede[d] any official proceeding.'   18 U.S.C. §
1512(c)(2); *see* Fed. R. Crim. P. 7(f) (Min. Ord., Nov. 19, 2021), and despite being
ordered to respond to "the defendant's objection, *see* [75] Defendant's Response to
Order to Show Cause at 5[]" (Min. Ord., Dec. 14, 2021), the government still has not
answered the questions:

What was the "unlawful benefit" Reffitt intended to and did
receive on January 6?

Whom did Reffitt influence to violate their legal duty and thereby
obstruct an official proceeding?

Defendant's counsel provides the following instruction regarding Count Two,
because the Court has ordered him to do so.   Mr. Reffitt maintains all of his
arguments in support of his Motion to Dismiss Count Two and relies on the
government representation to the Court that it would not argue on appeal that he
had waived any arguments by submitting an instruction regarding Count Two.

Elements

To find the defendant guilty of this crime, you must be convinced
beyond a reasonable doubt:

First: The defendant acted knowingly;

Second: The defendant obstructed, influenced, or impeded, or
attempted to obstruct, influence or impede, an official proceeding;

Third: The defendant acted corruptly, that is, the defendant acted
knowingly and dishonestly with the wrongful purpose to obstruct,
influence, or impede the due administration of justice;

Fourth: The defendant's alleged actions had a relationship in
time, causation, or logic with the proceeding such that it was foreseeable
that defendant's conduct would interfere with the proceeding. In other

words, the government must prove to you beyond a reasonable doubt that obstruction of an official proceeding was the natural and probable outcome of defendant's conduct.

*United States v. Ahrensfield*, 698 F. 3d 1310 (10th Cir. 2012).

Definitions

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

L. Sand, *et al.*, Mod. Fed. Jury Instr.—Crim., Instr. 3A-1, filed through Rel. 78B, 2021.

An official proceeding means a proceeding before a court, judge or federal agency. The proceeding may be civil or criminal. You are instructed that (e.g., a federal grand jury investigation) is an official proceeding.

The law does not require that the federal proceeding be pending at the time of defendant's actions as long as the proceeding was foreseeable such that defendant knew that his actions were likely to affect the proceeding. In addition, the government does not have to prove that defendant knew that the proceeding would be in (e.g., federal court).

Sand, Instr. 46-70; *see Arthur Andersen LLP v. United States*, 544 U.S. 696, 125 S. Ct. 2129, 161 L. Ed. 2d 1008 (2005).

To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede or influence the due administration of justice. "Corruptly" requires the government to prove beyond a reasonable doubt that the defendant committed an obstructive act with the intent to obtain an unlawful advantage for himself or an associate, and that he influenced another to violate their legal duty.

Sand, Instr. 46-71; *Poindexter*, 951 F.2d at 379.

## Attempt

The elements of the crime of attempted obstruction of an official proceeding, each of which the government must prove beyond a reasonable doubt, are that:

First: The defendant intended to commit the crime of obstructing an official proceeding;

Second: The defendant engaged in conduct that constituted a substantial step toward committing obstruction of an official proceeding;

Obstruction of an official proceeding requires proof beyond a reasonable doubt that:

First: The defendant acted knowingly;

Second: The defendant obstructed, influenced, or impeded, or attempted to obstruct, influence or impede, an official proceeding;

Third: The defendant acted corruptly, that is, the defendant acted knowingly and dishonestly with the wrongful purpose to obstruct, influence, or impede the due administration of justice;

Fourth: The defendant's alleged actions had a relationship in time, causation, or logic with the proceeding such that it was foreseeable that defendant's conduct would interfere with the proceeding. In other words, the government must prove to you beyond a reasonable doubt that obstruction of an official proceeding was the natural and probable outcome of defendant's conduct.

An overt act must constitute a "substantial step" toward completing the offense. However, "mere preparation" does not amount to an attempt.

Barbara E. Bergman, Crim. Jury Instr. for the District of Columbia, Fifth Ed., Instr.

No. 7.101, filed through Rel. No. 17, Sep. 2019 (the Red Book); *see United States v.*

*Resendez-Ponce*, 549 U.S. 102, 106–07 (2007); *see also United States v. Duran*, 96 F.3d

1495 (D.C. Cir. 1996); *United States v. Bolden*, 514 F.2d 1301, 1307 n.10 (D.C. Cir. 1975).

Aiding and Abetting

You may find the defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed.   Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender.  It makes no difference which label you attach.  The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary.  Mere physical presence by Mr Reffitt at the place and time the crime is committed is not by itself sufficient to establish his guilt.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime.

I have already instructed you on the elements of the offense with which the defendant is charged.  With respect to the charge of obstructing an official proceeding, regardless of whether the defendant is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that Mr. Reffitt personally acted with knowledge.

An aider and abettor is legally responsible for the principal's use of a weapon during an offense if the government proves beyond a reasonable doubt that the aider and abettor had actual knowledge that the principal would be armed with a dangerous weapon during the

6

commission of the offense.   You may consider the surrounding circumstances in determining whether the aider and abettor knew that the principal would be armed with a dangerous weapon during the commission of the offense.   You may consider any statement made, acts done or not done, the reasonable foreseeability that some weapon would be required to commit the offense, and any other facts and circumstances received in evidence that indicate the aider and abettor's actual knowledge or lack of actual knowledge that the principal would be armed with a dangerous weapon during the offense.

Bergman, Crim. Jury Instr. 3.200.

/s/ *William L. Welch,* III

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Guy Wesley Reffitt
(Appointed by this Court)

### Certificate of Service

I hereby certify that on this 19th day of January 2022, a copy of the foregoing Objection and Opposition to Government's Proposed Jury Instruction Regarding Count Two was delivered electronically to Mr. Jeffrey S. Nestler (jeffrey.nestler@usdoj.gov) and Ms. Risa Berkower (risa.berkower@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

/s/ *William L. Welch,* III

William L. Welch, III

7