

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

January 24, 2022

VIA Email and CM/ECF

William L. Welch, Esq.
wlw@wwelchattorney.com

      Re:    United States v. Guy Reffitt, Case No. 21-CR-32
               *Notice of Possible Expert Testimony*

Dear Counsel:

      The government anticipates eliciting testimony in its case-in-chief concerning the type firearms holster seen on the defendant's waist in photographs and/or videos that were taken during the Capitol riot on January 6, 2021, as well as the type of firearms holster found in the defendant's bedroom.  As explained in the government's *Motion on Limine* (ECF 48), its Reply in support of the motion (ECF 77) and at oral argument on January 20, 2022, is the government's position that the anticipated testimony is proper lay opinion testimony under Fed. R. Evid. 701.  *See Atlanta Channel, Inc. v. Solomon*, No. 15-cv-1823, 2021 WL 4243383 (D.D.C. Sept. 17, 2021) ("a lay opinion's defining characteristic is that it arises from the personal knowledge or firsthand perception of the witness" (citation and quotation marks omitted)); Fed. R. Evid. 701, Committee Notes on Rules- 2000 Amendment ("lay testimony results from a process of reasoning familiar in everyday life" (quotation marks omitted)).  Regardless, to the extent the Court determines that this testimony can only be provided by an expert witness, the Government hereby provides the following notice of possible expert testimony under Fed. R. Crim. P. 16(a)(1)(G).1

---

      1 The Committee Notes to Rule 701 make clear that one witness may provide expert and lay testimony.  *See* Fed. R. Evid. 701, Committee Notes on Rules- 2000 Amendment ("The amendment does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*.  Certainly it is possible for the same witness to provide both lay and expert testimony in a single case." (emphasis in original)).

Should expert testimony concerning the type of firearms holster carried by the defendant on January 6 and the type of holster found in his bedroom be required, the government will seek to qualify Federal Bureau of Investigation (FBI) Special Agent (SA) Laird Hightower as an expert witness.

*Anticipated Testimony*

SA Hightower will testify that, during a search of the defendant's home on January 16, 2021, SA Hightower observed a handgun in a holster that had been found by the search team on a nightstand in the defendant's bedroom. SA Hightower will testify that he recognized the type of holster to be a Blackhawk Serpa CQC Concealment holster. He is personally familiar with this type of holster because he has purchased and owns several Blackhawk Serpa CQC concealment holsters, and he uses them for firearms in his personal collection. In addition, he previously used a Blackhawk Serpa CQC concealment holster on a daily basis for more than a decade to carry his FBI service weapon. SA Hightower will explain that this type of holster has a distinctive configuration, with an auto-locking finger retention device that can be seen in a raised ridgeline on the side of the holster; the user must depress the device with his trigger finger to release the weapon from the holster. The auto-locking device is configured in an L-shape on the front side of the holster. SA Hightower will state that he recognized the holster in the defendant's bedroom to be a Blackhawk Serpa CQC concealment holster because of the L-shaped configuration of its auto-locking finger retention device, as well as because of several other visible features. SA Hightower will also explain that he is a firearms enthusiast, and from his own experiences buying Blackhawk Serpa CQC concealment holsters, he knows that they are made from an injection molded polymer and can be purchased in matte black, and that the holster comes with a paddle that can be used to clip it on the wearer's pants. He will testify that the holster he observed in the defendant's bedroom appeared to be made of matte black injection molded polymer, and it had an attached paddle to clip it onto the wearer's pants.

The holster found in in the defendant's bedroom was not seized by the FBI, but it was photographed during the search. SA Hightower will therefore also testify that the holster seen in photographs taken during the search is the same holster he observed in the defendant's bedroom, and that the photo depicts a Blackhawk Serpa CQC concealment holster.

As the case agent investigating this matter, SA Hightower will also testify that in the time since the January 16, 2021 search of the defendant's residence, he has reviewed many of the images and videos showing the defendant during the riot. SA Hightower will testify that, upon reviewing certain images that showed the defendant sitting on a railing on the steps of the Capitol, he noticed that the bottom of the defendant's jacket was displaced from his lower body, and a holster was visible on the defendant's right back hip area. SA Hightower will testify that he recognized the holster to be a Blackhawk Serpa CWC Concealment holster because in certain higher-quality images he could see the raised ridgeline of the finger retention device with an L-shaped auto-lock feature on the side of the holster, as well as the paddle attachment on the outside of the defendant's

pants.

In sum, SA Hightower will testify that the holster he observed in the defendant's bedroom (which will be shown in a photograph) is a Blackhawk Serpa CQC concealment holster. SA Hightower will also testify that the holster that can be seen on the defendant's person in images taken at the Capitol on January 6, 2021 is a Blackhawk Serpa CWC concealment holster. SA Hightower will not opine on whether the holster found in the defendant's bedroom is the same holster seen in the photographs taken on January 6, 2021.

Finally, the government anticipates using a newly purchased Blackhawk Serpa CQC concealment holster as a demonstrative exhibit. In connection with this exhibit, the government will ask SA Hightower to identify the distinctive features that allowed him to recognize it in the defendant's bedroom and in photographs from January 6, 2021, explain how the wearer puts it on, explain how the paddle works to attach it to the wearer's clothing, demonstrate how the finger retention device works, and demonstrate how the firearm found on the defendant's nightstand (which will be entered into evidence as a separate government exhibit) fits into the holster.

*Basis for Opinion*

As noted above, SA Hightower will opine that the holster in the defendant's bedroom (which will be shown in a photograph) and the holster in images of the defendant from January 6, 2021 are both Blackhawk Serpa CQC concealment holsters based on his personal knowledge of this type of holster, which he has gained from owning this product and using it regularly. Because this opinion "results from a process of reasoning familiar in everyday life" from owning this product, and does not "result from a process of reasoning which can be mastered only by specialists in the field," the government respectfully submits this is proper lay opinion testimony under Fed. R. Evid. 701. *See* Fed. R. Evid. 701, Committee Notes- 2000 Amendment. Questioning on direct examination by the government concerning the basis for this opinion will be limited to elicit his personal knowledge of this type of holster.

However, should the Court require expert testimony for this opinion, SA Hightower is also qualified to provide expert testimony about firearms, firearms equipment, and tactical gear based on years of law enforcement experience, including thirteen years as a firearms instructor at the FBI. SA Hightower has been a law enforcement officer since 1995, and an FBI agent since 1999. In his time at the FBI, among numerous other qualifications, he has been a firearms instructor since 2008, a tactical instructor since 2009, a defensive tactics instructor since 2011, and an active shooter instructor since 2013. In 2011 he served as a Supervisory Special Agent over the Firearms Training Unit at the FBI Academy in Quantico, Virginia. He was also qualified as a SWAT team sniper from 2001 through 2011. He was most recently re-certified as a defensive tactics instructor in 2019 and as a firearms instructor in 2021. These qualifications have required SA Hightower to possess an extensive knowledge of firearms, firearms safety, and tactical equipment related to firearms. This includes knowledge of how holsters work, the features of different types of holsters, and how those features are used by someone wearing the holster.

3

~~
If you have any questions regarding this matter, please do not hesitate to contact us.

                    Sincerely,

                    MATTHEW M. GRAVES
                    United States Attorney

By:    */s/ Risa Berkower*
           Jeffrey S. Nestler
           Risa Berkower
           Assistant United States Attorneys
           Phone: 202-803-1576
           Email: risa.berkower@usdoj.gov