**United States District Court for the District of Columbia**

| | | |
|---|---|---|
| **United States of America** | * | |
| **v.** | * | **No. 1:21-CR-00032-DLF-1** |
| **Guy Wesley Reffitt** | * | |

**Amended Supplemental Response Objecting to and Opposing Motion *in Limine* to Permit Government to Elicit Lay Opinion Testimony about a Firearm Holster from an Experienced Firearms Trainer at the FBI**

First, Agent Hightower is in no better position to observe pictures and video than anyone else. Second, Agent Hightower acquired his knowledge about the Blackhawk Serpa CQC holster through specialized experience.

## I.     Improper Lay Opinion Testimony.

Lay opinion testimony is not helpful to the jury, when the opinion is one that the witness is in no better position to render than the jurors themselves. *United States v. Garcia-Ortiz*, 528 F.3d 74, 79–80 (1st Cir. 2008) (opinion of agent that defendant resembled photograph used in identification was wrongly admitted, because the jury was perfectly capable of drawing its own conclusion).

Laypeople may give opinions which are otherwise difficult to describe factually, such as size, degrees of darkness, speed, distance, and whether a person appeared sad or angry and the like. Advisory Committee Notes to 2000 Amendment to Rule 701, *citing Asplundh Mfg. Div. v. Boston Harbor Eng'g*, 57 F. 3d 1190, 1196 (3rd Cir. 1995).

Lay opinion testimony should not usurp the fact-finding role of the jury. *United States v. Garcia*, 413 F.3d 201, 210–11 (2d Cir. 2005); *United States v. Grinage*, 390 F.3d 746, 750–51 (2d Cir. 2004) (agent's interpretation of wiretapped phone calls was unhelpful to jury).  Law enforcement officers may not rely on the totality of information gathered in the course of the investigation to opine that the defendant is guilty.  *Garcia* 413 F.3d at 211–12.

Opinion testimony that not only informs the jury what the evidence is, but what inferences to draw from it essentially tells the jury what result to reach and obviates the need for a jury.  *Id.* at 214–16 (agent's lay opinion that *Garcia* was partner receiving cocaine essentially told jury that agent had concluded *Garcia* was guilty as charged, and improper under Rules 701 and 702).

Accordingly, Agent Hightower should not be permitted express his opinion that he sees: the defendant "wearing a holster (and thus likely a firearm)[,]" a firearm holster, or any particular kind of holster in Exhibits 202, 202.1, and 202.2 (Doc. 48 at 3, 4; Doc. 94), as the government alleges (Doc's 25, 34).

## II.   Agent Hightower's Specialized Experience.

The government concedes:

that Agent Hightower's testimony will be based on his own perception and ***experience***[, and  Agent Hightower] is an ***experienced*** firearms trainer at the FBI…. (emphasis added)  (Doc. 48 at 1);

SA Hightower is able to recognize both of these holsters to be a Blackhawk Serpa CQC concealment holster because he personally owns such a holster, ***and because he has extensive experience through***

*his career with firearms* and this specific type of holster[] (emphasis added)  (Doc. 77 at 3);

… SA Hightower is also **qualified to provide expert testimony about firearms**, firearms equipment, and tactical gear **based on years of law enforcement experience, including thirteen years as a firearms instructor at the FBI.** … [H]e has been a firearms instructor since 2008…. In 2011 he **served as a Supervisory Special Agent over the Firearms Training Unit** at the FBI Academy in Quantico, Virginia. … He was most recently **re-certified … as a firearms instructor in 2021.** These qualifications have required SA Hightower to possess an extensive knowledge of firearms, firearms safety, and tactical equipment related to firearms. **This includes knowledge of how holsters work, the features of different types of holsters, and how those features are used by someone wearing the holster.** (emphasis added)  (Doc. 93 at 3);

SA Hightower will state that he also has personal knowledge of this type of holster *because he previously used a Blackhawk Serpa CQC concealment holster on a daily basis for more than a decade to carry his FBI service weapon*[] (emphasis added)  (Doc. 94 at 3);

SA Hightower will explain that *he is a firearms enthusiast, and from his own experiences* buying Blackhawk Serpa CQC concealment holsters, *he knows….* (emphasis added)  (Doc. 94 at 4); and

[He also has a] "personal collection."  Doc. 94 at 3.

A party may not circumvent the heightened standard and notice requirements of Rule 702 (expert testimony) by offering as lay opinion testimony what should be properly qualified as expert testimony. *United States v. Oriedo*, 498 F.3d 593, 602–03 (7th Cir. 2007) (DEA agent's testimony about how crack cocaine is typically packaged was expert testimony impermissibly cloaked as lay opinion); *Garcia*, 413 F.3d at 215 (testimony about roles in drug conspiracy erroneously admitted as lay opinion when witness' reasoning was partially based on his specialized training and experience as a narcotics officer); *United States v. Glenn*, 312 F.3d 58, 67 (2d Cir.

2002) (drug dealer's testimony that bulge in clothing viewed from five or six houses away was inadmissible expert testimony improperly admitted as lay opinion).

Federal Rule of Evidence 701 governs lay witness opinion testimony.  Rule 701(c) provides that such testimony may not be "based on scientific, technical or other specialized knowledge within the scope of Rule 702."  *See* Fed. R. Evid. 702.  None of the government's supplemental authority (Doc's 88, 94) changes the Rules.

Rule 701 prohibits parties from proffering an expert cloaked as a lay witness to undercut the expert discovery and disclosure process prescribed by Rule 702. Advisory Committee Notes to 2000 Amendment to Rule 701, *citing United States v. Figueroa-Lopez,* 125 F.3d 1241, 1246 (9th Cir.1997) (law enforcement agent's testimony that defendant's conduct was consistent with that of drug trafficker would subvert the requirements of Federal Rule of Criminal Procedure 16); *United States v. Hampton*, 718 F.3d 978, 981–982 (D.C. Cir. 2013) (FBI agent's lay interpretation and opinion of calls in non-coded language was plain error).

*United States v. Williams* involved the erroneous admission of lay testimony by an agent that resulted in reversal of Williams' conviction.  827 F.3d 1134 (D.C. Cir. 2016).  "[K]nowledge derived from previous professional experience falls squarely 'within the scope of Rule 702' and thus by definition outside of Rule 701."  *Id.* at 1156, *quoting United States v. Smith,* 640 F.3d 358, 365 (D.C. Cir. 2011) (*quoting* Fed. R. Evid. 701(c)).

Likewise, expert testimony is not allowed on whether a defendant in a criminal case had a mental state or condition that constitutes an element of the crime charged. Fed. R. Evid. 704(b).   Such ultimate issues are matters for the jury.   The Rule restrains the admission of opinions that essentially tell the jury what result to reach. *See United States v. Scop,* 846 F. 2d 135, 140–142 (2nd Cir. 1988) (expert testimony on ultimate factual conclusions that if believed are dispositive of particular issues should be precluded); Advisory Committee Notes to Rule 704.   A Rule 704(b) inquiry should not elevate form over substance.   *United States v. Smart*, 98 F.3d 1379, 1387–89 (D.C. Cir. 1996).   Even though the testifying expert does not say "intent" or "intended," the effect is the same.   *Ibid*.

Jurors rely unduly on a law enforcement officer's expert testimony.   *Ibid*.   Even if the agent does not testify explicitly to the elements, including the *mens rea*, the elements would almost certainly be associated in the jurors' minds with the statutory elements of the alleged crime, including the element of intent.   The proposed jury instructions for this case refer to intent and knowledge.   *See* Doc. 65 at 4, 6–8, 10, 12, 13.

The D.C. Circuit has expressed concerns with "the Government's use of overview and summary witnesses to anticipate or interpret evidence for the jury[.]" *Williams,* 827 F.3d at 1156; *Hampton,* 718 F.3d at 983; *United States v. Moore,* 651 F.3d 30, 57 (D.C. Cir. 2011).

Mr. Reffitt maintains his objection and opposition to  allowing the government to have its Agent Hightower testify: i) that in his opinion firearm holsters shown in

different government exhibits are the same one (Doc's 48 at 1, 94 at 3–6); and ii) that in his opinion he sees: the defendant "wearing a holster (and thus likely a firearm)[,]" a firearm holster, or any particular kind of holster in Exhibits 202, 202.1, and 202.2 (Doc. 48 at 3, 4; Doc. 94), as the government alleges (Doc's 25, 34).

Essentially, while opinion testimony, whether offered by a lay witness (Fed. R. Evid. 701), or by an expert (Fed. R. Evid. 702), is not inadmissible simply "because it embraces an ultimate issue to be decided by the trier of fact," (Fed. R. Evid. 704), it is not properly received "merely [to] tell the jury what result to reach[.]"   *Ibid.,* Advisory Committee Notes on 1972 Proposed Rules; *see* 4 *Weinstein's Federal Evidence* § 701.05 (2d ed. 2004) (courts should be wary of opinion testimony whose "sole function is to answer the same question that the trier of fact is to consider in its deliberations"); *see also Garcia*, 413 F.3d at 210.

The purpose of the foundation requirements in the federal rules governing opinion evidence is to ensure that opinion testimony does not usurp the fact-finding function of the jury.   *See* Fed. R. Evid. 704, Advisory Committee Notes on 1972 Proposed Rules; *see also Garcia*, 413 F.3d at 211.

*/s/ William L. Welch, III*

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Guy Wesley Reffitt
(Appointed by this Court)

### Certificate of Service

I hereby certify that on this 1st day of February 2022, a copy of the foregoing Supplemental Response Objecting to and Opposing Motion in Limine to Permit Government to Elicit Lay Opinion Testimony about a Firearm Holster from an Experienced Firearms Trainer at the FBI was delivered electronically to Mr. Jeffrey S. Nestler (jeffrey.nestler@usdoj.gov) and Ms. Risa Berkower (risa.berkower@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

*/s/ William L. Welch, III*

William L. Welch, III