UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>GUY WESLEY REFFITT,<br><br>    *Defendant.* | No. 21-cr-32 (DLF) |

## ORDER

Before the Court are the government's motions to limit the cross-examination of Secret Service Agency witnesses, Dkt. 49, and to permit lay opinion testimony, Dkt. 49. For the reasons stated on the record during the January 20, 2022 and February 3, 2022 hearings, these motions are granted.

As set forth in the government's motion to limit the cross-examination of Secret Service Agency witnesses, the government intends to call one or more witnesses who will testify that Secret Service agents were on duty to protect Vice President Pence and his family at the Capitol when the riot occurred on January 6 and that the riot affected their performance of that duty. On cross-examination of these witnesses, the defense is precluded from eliciting testimony about: (1) the location where the Vice President, his family, or their motorcade were taken once the riot began on January 6; (2) Secret Service protocols about locations where Secret Service protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur; and (3) Secret Service protective details, such as the number of and type of agents the Secret Service assigns to protectees. The defense may, however, ask the Secret Service witness about (1) whether Reffitt's actions on January 6 affected the agents' protection of the vice

1

president or his family, and (2) whether the agents took any actions specifically in response to Reffitt's conduct.

The government also intends to call FBI Special Agent Laird Hightower to testify that the firearm holster visible in photograph exhibits of Reffitt at the Capitol appears to be the same make and model of the holster Agent Hightower saw in Reffitt's bedroom.  The Special Agent can testify about why he believes the holster that he saw (and was photographed) in Reffitt's bedroom was a Blackhawk Serpa CQC concealment holster.  Further, he can explain the distinctive features of the holster that enabled him to recognize it, both in the bedroom and in the above-referenced photographs.  The agent can point out these distinctive features on the holster that the government intends to introduce as a demonstrative exhibit and explain how they work.  Finally, the agent can demonstrate how a firearm fits into the holster.

Agent Hightower is permitted to testify as a lay witness because, as an FBI Special Agent and gun owner, he has carried the Blackhawk Serpa holster on a nearly daily basis for more than ten years.  He also is the investigating agent for Reffitt's case.  As such, he is familiar with the holster that was found in Reffitt's bedroom and with the photograph exhibits.  The government may not, however, elicit testimony that Agent Hightower served as an FBI arms trainer for years and is a firearms enthusiast.  Finally, the Court will hold the government to its representation that the agent will not testify that Reffitt carried a firearm while at the Capitol on January 6.

Accordingly, it is

**ORDERED** that the government's Motion in Limine to Limit Cross-Examination of Secret Service Agency Witnesses, Dkt. 49, is **GRANTED**.  It is further

**ORDERED** that the government's Motion in Limine to Permit the Government to Elicit Lay Opinion Testimony, Dkt. 48, is **GRANTED**.

**SO ORDERED**.

/s/ Dabney L. Friedrich
DABNEY L. FRIEDRICH
United States District Judge

February 3, 2022