United States District Court for the District of Columbia

**United States of America**           \*

  v.                                    \*          No. 1:21-CR-00032-DLF-1

**Guy Wesley Reffitt**                  \*

## Objection and Opposition to Government's Proposed Testimony by Daniel Schwager

In the government's summary of Daniel Schwager's expected testimony, it states:

> Mr. Schwager served as the counsel to the Secretary of the Senate on January 6, 2021.  (He has since left the Senate.)  Mr. Schwager will generally explain the process and constitutional and legal bases for Congress's certification of the Electoral College vote.

Doc. 98-1 at 9.

Mr. Reffitt objects and opposes testimony about the process and constitutional and legal bases for Congress' certification of the Electoral College vote.  First, Federal Rule of Evidence 701 prohibits parties from proffering an expert cloaked as a lay witness to undercut the expert discovery and disclosure process prescribed by Federal Rule of Evidence 702.  Advisory Committee Notes to 2000 Amendment to Rule 701, *citing United States v. Figueroa-Lopez,* 125 F.3d 1241, 1246 (9th Cir.1997) (law enforcement agent's testimony that defendant's conduct was consistent with that of drug trafficker would subvert the requirements of Federal Rule of Criminal Procedure 16); *United States v. Hampton*, 718 F.3d 978, 981–982 (D.C. Cir. 2013) (FBI agent's lay interpretation and opinion of calls in non-coded language was plain error).

Second, it is the Court's function to rule on questions of law. Barbara E. Bergman, Crim. Jury Instr. for the District of Columbia, Fifth Ed., Instr. No. 2.102, filed through Rel. No. 17, Sep. 2019 (the Red Book); *see also, Specht v. Jensen*, 853 F. 2d 805, 807 (10th Cir. 1988). The judge alone "instruct[s] the jury on the relevant legal standards." *Burkhart v. Washington Metro. Area Transit Auth.,* 112 F. 3d 1207, 1213 (D.C. Cir. 1997).

An expert witness may not give an opinion on ultimate issues of law. *Ibid.*; *see also Specht* at 808; *Marx & Co. v. Diners' Club, Inc.,* 550 F.2d 505, 509–10 (2d Cir.), *cert. denied,* 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977) ("legal opinions as to the meaning of the contract terms at issue ... was testimony concerning matters outside [the witness'] area of expertise.... It is not for witnesses to instruct the jury as to the applicable principles of law, but for the judge."); *Adalman v. Baker, Watts & Co.,* 807 F.2d 359, 366 (4th Cir. 1986) (testimony of attorney on the meaning and applicability of "domestic" (as opposed to foreign) law would be inadmissible as invasion of the judge's province ); *Owen v. Kerr-McGee Corp.,* 698 F.2d 236, 240 (5th Cir.1983) witness' offering legal conclusion on the contributory negligence of a party infringed upon the jury's role in deciding case); *United States v. Zipkin,* 729 F.2d 384, 387 (6th Cir. 1984), ("It is the function of the trial judge to determine the law of the case, …. It is impermissible to delegate that function to a jury through the submission of testimony on controlling legal principles."

/s/ *William L. Welch, III*

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Guy Wesley Reffitt
(Appointed by this Court)

## Certificate of Service

I hereby certify that on this 8th day of February 2022, a copy of the foregoing Objection and Opposition to Government's Proposed Testimony was delivered electronically to Mr. Jeffrey S. Nestler (jeffrey.nestler@usdoj.gov) and Ms. Risa Berkower (risa.berkower@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

/s/ *William L. Welch, III*

William L. Welch, III