United States District Court for the District of Columbia

**United States of America**         *

    v.                          *           No. 1:21-CR-00032-DLF-1

**Guy Wesley Reffitt**               *

### Response to Court's Proposed Changes to Government's Proposed Jury Instruction Regarding Count Two

While Mr. Reffitt maintains his objection and opposition to the government's proposed jury instruction regarding Count Two for the reasons stated previously (Doc. 89), the Court has directed the parties to address the modifications that the Court proposed to the instruction regarding Count Two proposed by the government. Min. Ord. Feb. 3, 2021.

**I.**      **The Instruction Should Include the "Nexus" Requirement.**

An act must have a relationship in time, causation, or logic with the proceedings. *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *see also United States v. Phillips*, 583 F.3d 1261, 1264 (10th Cir. 2009). Without knowledge of the proceeding, a person could not know that his or her actions were likely to affect it. *Friske* at 1292. Otherwise, a person lacks the requisite intent to obstruct. *United States v. Aguilar,* 515 U.S. 593, 599, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995); *see also Arthur Andersen LLP v. United States,* 544 U.S. 696, 707–708, 125 S.Ct. 2129, 161 L.Ed.2d 1008 (2005) ("[i]t is ... one thing to say that a proceeding need not be pending or about to be instituted at the time of the offense, and quite another to say a proceeding need not even be foreseen.").

## II.     Objection to Definition of Corruptly.

"Corruptly" requires the government to allege and prove that the defendant committed an obstructive act with the intent to obtain an unlawful advantage for himself or an associate, and that he influenced another to violate their legal duty. *United States v. Poindexter*, 951 F.2d 369, 379 (D.C. Cir. 1991); *United States v. North*, 910 F.2d 843, 882, 285 U.S. App. D.C. 343 (D.C. Cir. 1990) (a "corrupt" intent means "the intent to obtain an improper advantage for oneself or someone else…"); *United States v. Reeves*, 752 F.2d 995, 1001 (5th Cir. 1985) ("To interpret 'corruptly' [in obstruction statute] as meaning 'with an improper motive or bad or evil purpose' would raise the potential of overbreadth' in this statute because of the chilling effect on protected activities … Where 'corruptly' is taken to require an intent to secure an unlawful advantage or benefit, the statute does not infringe on first amendment guarantees and is not 'overbroad.'").

*Poindexter* also stands for the unlawful-advantage standard and the transitive corruption rule.  951 F.2d 369.  Defendant proposes:

> To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede or influence the due administration of justice. "Corruptly" requires the government to prove beyond a reasonable doubt that the defendant committed an obstructive act with the intent to obtain an unlawful advantage for himself or an associate, and that he influenced another to violate their legal duty.

L. Sand, *et al.*, Mod. Fed. Jury Instr.—Crim., Instr. 46-71, filed through Rel. 78B, 2021; *Poindexter* at 379.

**III. Deleting The Government's Examples of Corrupt/Non-Corrupt Conduct.**

Defendant would not object.

**IV. Objection to Clarification that the Court Is Not Defining an Official Proceeding as a Joint Session of Congress.**

Defendant objects to the Court not defining whether certification of the Electoral College Vote pursuant to the Electoral Count Act of 1887 and the Constitution qualifies as an "Official Proceeding" for the purpose of Title 18, United States Code, Section 1512(c)(2), because this is a legal question. It is the Court's function to rule on questions of law. Barbara E. Bergman, Crim. Jury Instr. for the District of Columbia, Fifth Ed., Instr. No. 2.102, filed through Rel. No. 17, Sep. 2019 (the Red Book); *see also, Specht v. Jensen*, 853 F. 2d 805, 807 (10th Cir. 1988). The judge alone "instruct[s] the jury on the relevant legal standards." *Burkhart v. Washington Metro. Area Transit Auth.,* 112 F. 3d 1207, 1213 (D.C. Cir. 1997).

Defendant maintains that certification of the Electoral College Vote does not qualify as an "Official Proceeding" for the purpose of Section 1512(c)(2), because Congress' role is ministerial, not adjudicative. Doc's 38, 55 at 1–4, 58 at 8–13.

/s/ *William L. Welch, III*

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Guy Wesley Reffitt
(Appointed by this Court)

## Certificate of Service

I hereby certify that on this 8th day of January 2022, a copy of the foregoing Response to Court's Proposed Changes to Government's Proposed Jury Instruction Regarding Count Two was delivered electronically to Mr. Jeffrey S. Nestler (jeffrey.nestler@usdoj.gov) and Ms. Risa Berkower (risa.berkower@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

/s/ *William L. Welch, III*

William L. Welch, III