UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 21-cr-00032 (DLF)** |
| | : | |
| v. | : | |
| | : | |
| **GUY WESLEY REFFITT,** | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT RESPONSE TO COURT ORDER REGARDING JURY INSTRUCTION ON COUNT TWO

The government submits the following comments in response to the Court's instruction during the pretrial conference on February 3, 2022, regarding certain portions of the government's proposed jury instruction on count two, obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2).  *See* ECF No. 86.

A.     Nexus requirement

The government has no objection to including a nexus requirement in the definition of official proceeding in the second paragraph on page 3.  The government proposes the following language for this paragraph:

> An official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant and that the natural and probable effect of the defendant's conduct was to obstruct the official proceeding.

B.     "Corruptly" definition

The government respectfully submits that its proposed instruction for the definition of corruptly correctly states the law and would be most understandable to a jury.  The government proposed this instruction for the definition of corruptly:

1

> "Corruptly" means knowingly, with intent to obstruct or impede, and with consciousness of wrongdoing. "Consciousness of wrongdoing" means an understanding or awareness that what the person is doing is wrong, immoral, depraved, or evil. A person may act "corruptly" by using unlawful means or by having a wrongful purpose, or both.
>
> Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a political activist might call a representative in Congress and threaten to oppose her reelection and peacefully protest the representative in public spaces unless the representative votes in a congressional proceeding against taking action that the activist believes to be a waste of taxpayer money. The activist is acting with the intent to obstruct or impede the proceeding but is not necessarily doing so corruptly. By contrast, a political activist who obstructs or impedes a congressional proceeding by engaging in conduct such as offering illegal bribes, engaging in violence, committing fraud, or through other independently unlawful conduct, is acting corruptly.

The Court proposed the following instruction:

> Corruptly means to act knowingly, with consciousness of wrongdoing, with the specific intent to obstruct or impede. A person may act "corruptly" by acting with an improper purpose to accomplish either (1) an unlawful end or result by lawful or unlawful methods or means, or (2) a lawful end or result by some unlawful method or means.

1. The word *specific* before *intent* is not necessary. The jury must find that the defendant intended to obstruct the proceeding. Indeed, the phrase "specific intent" is a legalistic term that the Criminal Jury Instructions for the District of Columbia ("Redbook") suggests omitting. *See* Redbook, Instruction 3.101, comment (noting that the instruction for proof of state of mind explicitly removes any reference to "specific intent").

2. To the extent a juror would find it helpful to have a definition of "consciousness of wrongdoing," the government's proposed instruction ("an understanding or awareness that what the person is doing is wrong, immoral, depraved, or evil") accomplishes that end by relying on language from the Supreme Court's decision in *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005). Whatever ambiguity may inhere in some of those words individually, together they give content to the term "consciousness of wrongdoing."

3. Although the Court's proposed sentence about means/purposes largely reflects the government's proposal, it raises two concerns. First, it appears to imply that a defendant must act with "improper purpose" to act corruptly even though the Court's ruling in *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *11 (D.D.C. Dec. 10, 2021), held that "corruptly" "encompasses both corrupt (improper) *means* and corrupt (morally debased) *purposes*." In other words, and as Judge Silberman pointed out, a person can corruptly endeavor to obstruct a proceeding with a corrupt purpose, through corrupt means, or both. *Id.* (quoting *United States v. North*, 910 F.2d 843, 942-43 (D.C. Cir. 1990) (Silberman, J., concurring in part and dissenting in part)). Second, the Court's proposed sentence may unnecessarily confuse the jury through reference to an *unlawful* or *lawful* "end." The government respectfully submits that its proposal ("A person may act 'corruptly' by using unlawful means or by having a wrongful purpose, or both.") is both consistent with the Court's ruling and more concise.

4. The paragraph providing examples of corrupt and non-corrupt conduct can further assist the jury in defining the term *corruptly*, especially in light of the defense's claim that the word is vague.

C. <u>Instruction about official proceeding as a matter of law</u>

This Court already explicitly held that Congress's Joint Session to certify the Electoral College vote is an "official proceeding" as a matter of law under 18 U.S.C. §§ 1512(c)(2) and 1515(a)(1)(B). *See* Dec. 29, 2021 Order (ECF No. 81) at 1 (adopting the reasoning from *Sandlin*, 2021 WL 5865006, at *3, on this point).

The Court can instruct the jury on a question of law. *See United States v. Ashton*, 961 F. Supp. 2d 7, 11 (D.D.C. 2013) ("[T]he jury does not have the power to determine pure questions of law and a court is 'permitted to instruct the jury on the law and insist that the jury follow his

3

instructions.'") (quoting *United States v. Gaudin*, 515 U.S. 506, 513 (1995)).  Indeed, the defense's proposed instruction for count two, quoting a model federal jury instruction, includes a sentence in which the defense proposes the court state to the jury: "You are instructed that (e.g., a federal grand jury investigation) is an official proceeding."  ECF No. 89 at 4.  The parenthetical can be easily modified to "Congress's Joint Session to certify the Electoral College vote."

Because the status of a particular proceeding is a question of law for the Court rather than a question of fact for the jury, the Court can—and should—instruct the jury as such.  *See* Third Circuit Model Criminal Jury Instruction 6.18.1512A2, comment (instructing that under 18 U.S.C. § 1512, "[t]he question of whether the proceeding alleged and proved by the government is an official proceeding is for the judge").  With respect to Section 1512(c), the Seventh Circuit's pattern jury instruction suggests that the Court tell the jury what the term "official proceeding" means.  *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit at §§ 1512 & 1515(a)(1) ("The term 'official proceeding' as used in Count[s] — means [name official proceeding].").  The government's proposal does just that: "As used in Count 2, the term 'official proceeding' means Congress's Joint Session to certify the Electoral College vote."

        Respectfully submitted,

        Matthew M. Graves
        United States Attorney
        D.C. Bar No. 481052

        _____/s/_____
        Jeffrey S. Nestler
        Assistant United States Attorney
        D.C. Bar No. 978296
        Risa Berkower
        Assistant United States Attorney
        NY Bar No. 4536538
        U.S. Attorney's Office for the District
            of Columbia

555 4th Street, N.W.  
Washington, D.C. 20530  
Phone: 202-252-7277  
Email: Jeffrey.Nestler@usdoj.gov