United States District Court for the District of Columbia

**United States of America**         *

    v.                              *          No. 1:21-CR-00032-DLF-1

**Guy Wesley Reffitt**               *

**Reply to Government's Response to Court's Proposed Changes to Government's Proposed Jury Instruction Regarding Count Two**

Mr. Reffitt maintains his objection and opposition to the proposed jury instruction regarding Count Two for the reasons stated previously. Doc's 89, 100.

### I.   Instruction Addressing the "Nexus" Requirement.

While the government's proposed instruction does address the nexus requirement, defendant maintains that certification of the Electoral College Vote does not qualify as an "Official Proceeding" for the purpose of Section 1512(c)(2), because Congress' role is ministerial, not adjudicative. Doc's 38, 55 at 1–4, 58 at 8–13; 100 at 3.

### II.  Objection to Definition of Corruptly.

In *Arthur Andersen LLP v. United States*, the Supreme Court made clear that if a defendant lacks the knowledge that a particular official proceeding is foreseeable, then he cannot have the required intent to obstruct it. 544 U.S. 696, 708 (2005), *citing United States v. Aguilar,* 515 U.S. 593, 599–600 (1995).

*Arthur Andersen* does not support defining "consciousness of wrongdoing" as the government proposes by combining ambiguous terms. Doc. 101 at 2. Instead,

doing so would create an overbreadth problem. *United States v. Reeves*, 752 F.2d 995, 1001 (5th Cir. 1985) ("To interpret 'corruptly' [in obstruction statute] as meaning 'with an improper motive or bad or evil purpose' would raise the potential of overbreadth' in this statute because of the chilling effect on protected activities … Where 'corruptly' is taken to require an intent to secure an unlawful advantage or benefit, the statute does not infringe on first amendment guarantees and is not 'overbroad.'").

Consistent with Circuit precedent, defendant proposes:

> To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede or influence the due administration of justice. "Corruptly" requires the government to prove beyond a reasonable doubt that the defendant committed an obstructive act with the intent to obtain an unlawful advantage for himself or an associate, and that he influenced another to violate their legal duty.

L. Sand, *et al.*, Mod. Fed. Jury Instr.—Crim., Instr. 46-71, filed through Rel. 78B, 2021; *United States v. Poindexter*, 951 F.2d 369, 379 (D.C. Cir. 1991); *United States v. North*, 910 F.2d 843, 882, 285 U.S. App. D.C. 343 (D.C. Cir. 1990) (a "corrupt" intent means "the intent to obtain an improper advantage for oneself or someone else…").

*Poindexter* also stands for the unlawful-advantage standard and the transitive corruption rule. 951 F.2d 369.

### III. Deleting The Government's Examples of Corrupt/Non-Corrupt Conduct.

The government's examples do not resolve the legal problems with its instruction that a proper instruction would avoid.

2

## IV. Objection to Clarification that the Court Is Not Defining an Official Proceeding as a Joint Session of Congress.

Defendant objects to the Court not defining whether certification of the Electoral College Vote pursuant to the Electoral Count Act of 1887 and the Constitution qualifies as an "Official Proceeding" for the purpose of Title 18, United States Code, Section 1512(c)(2), because this is a legal question. It is the Court's function to rule on questions of law. Barbara E. Bergman, Crim. Jury Instr. for the District of Columbia, Fifth Ed., Instr. No. 2.102, filed through Rel. No. 17, Sep. 2019 (the Red Book); *see also, Specht v. Jensen*, 853 F. 2d 805, 807 (10th Cir. 1988). The judge alone "instruct[s] the jury on the relevant legal standards." *Burkhart v. Washington Metro. Area Transit Auth.,* 112 F. 3d 1207, 1213 (D.C. Cir. 1997).

The parenthetical may not just be modified, because a Joint Session of Congress to certify the Electoral College Vote has nothing to do with the due administration of justice. Defendant maintains that certification of the Electoral College Vote does not qualify as an "Official Proceeding" for the purpose of Section 1512(c)(2), because Congress' role is ministerial, not adjudicative. Doc's 38, 55 at 1–4, 58 at 8–13; 100 at 3.

Defendant proposes:

To find the defendant guilty of this crime, you must be convinced beyond a reasonable doubt:

First: The defendant acted knowingly;

Second: The defendant obstructed, influenced, or impeded, or attempted to obstruct, influence or impede, an official proceeding;

3

Third: The defendant acted corruptly, that is, the defendant acted knowingly and dishonestly with the wrongful purpose to obstruct, influence, or impede ***the due administration of justice*** (emphasis added);

Fourth: The defendant's alleged actions had a relationship in time, causation, or logic with the proceeding such that it was foreseeable that defendant's conduct would interfere with the proceeding. In other words, the government must prove to you beyond a reasonable doubt that obstruction of an official proceeding was the natural and probable outcome of defendant's conduct.

*United States v. Ahrensfield*, 698 F. 3d 1310 (10th Cir. 2012).

/s/ *William L. Welch,* III

---

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Guy Wesley Reffitt
(Appointed by this Court)

## Certificate of Service

I hereby certify that on this 11th day of February 2022, a copy of the foregoing Reply to Government's Response to Court's Proposed Changes to Government's Proposed Jury Instruction Regarding Count Two was delivered electronically to Mr. Jeffrey S. Nestler (jeffrey.nestler@usdoj.gov) and Ms. Risa Berkower (risa.berkower@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

/s/ *William L. Welch, III*

William L. Welch, III