```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF ALABAMA


 UNITED STATES OF AMERICA
                                         CASE NO. 20-CR-00073
 v.
                                         COURTROOM 3B
 TIA DEYON PUGH,
                                         MOBILE, ALABAMA
            Defendant.
                                         WEDNESDAY, MAY 19, 2021
    * * * * * * * * * * * * * *

                  EXCERPT FROM DAY 3 OF TRIAL
              BEFORE THE HONORABLE TERRY F. MOORER,
              UNITED STATES DISTRICT JUDGE, AND JURY

 APPEARANCES:

 FOR THE GOVERNMENT:
     CHRISTOPHER JOHN BODNAR
     JUSTIN D. KOPF
     United States Attorney's Office
     63 S. Royal Street, Suite 600
     Mobile, AL  36602
     (251) 441-5845

 FOR THE DEFENDANT:
     GORDON G. ARMSTRONG, III
     205 Congress Street
     Mobile, AL 36603
     (251) 434-6428

     THOMAS MARRIOTT WOOD
     TM Wood, LLC
     P.O. Box 16561
     Mobile, AL  36633
     (251) 654-2223

 THE COURTROOM DEPUTY:  MARY ANN BOYLES
 THE LAW CLERK:  KELLY ADAMS
 COURT REPORTER:  ROY ISBELL, CCR, RDR, CRR

          Proceedings recorded by OFFICIAL COURT REPORTER
       Qualified pursuant to 28 U.S.C. 753(a) & Guide to
   Judiciary Policies and Procedures Vol. VI, Chapter III, D.2.
         Transcript produced with computerized stenotype.
```

\* \* \*

(In open court, defendant and jury present.)

THE COURT: Now, the indictment in this case charges one crime -- it's called a count -- against the defendant. And you will have a copy of the indictment to refer to during your deliberations.

Count one charges the defendant committed what is called a substantive offense; specifically, a violation of Title 18, United States Code, Section 231(a)(3). Specifically, it alleges that the defendant knowingly obstructed, impeded, or interfered with a law enforcement officer or attempted to do so while the law enforcement officer was engaged in the lawful performance of their official duties incident to or during a civil disorder which in any way or degree obstructs, delays, or adversely affects interstate commerce.

So I will now explain to you the law governing the substantive offense.

It is a federal crime for anyone to knowingly and intentionally obstruct, impede, or interfere with or to attempt to obstruct, impede, or interfere with a law enforcement officer while they are engaged in the lawful performance of their official duties incident to or during a civil disorder which in any way or degree obstructs, delays, or adversely affects interstate commerce.

The term "civil disorder," as used in this statute,

means any public disturbance involving acts of violence by a group of three or more persons which causes an immediate danger of or results in damage or injury to the property or the person of any other individual.

Interstate commerce means commerce or travel between one state, territory, or possession of the United States and any other state, territory, or possession of the United States, including the District of Columbia.

The defendant can be found guilty of count one only if all of the following facts are proven beyond a reasonable doubt:  First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers; secondly, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder, as that term was defined above; and, third, the civil disorder obstructed, delayed, or adversely affected interstate commerce or the movement of any article or commodity in interstate commerce in any way or to any degree.

As to attempt.  In some cases it is a crime to attempt to commit an offense, even if the attempt fails.  In this case the defendant is charged in count one with knowingly committing an act or attempting to commit an act to obstruct, impede, or

interfere with law enforcement officers during the course of or incident to a civil disorder.

The defendant can be found guilty of an attempt to commit that offense only if both of the following facts are proven beyond a reasonable doubt:  First, that the defendant knowingly intended to commit the crime of obstructing, impeding, or interfering with a law enforcement officer during the course of and incident to a civil disorder; and, secondly, the defendant's intent was strongly corroborated by her taking a substantial step toward committing the crime.

A substantial step is an important action leading up to the committing of an offense, not just an inconsequential act.  It must be more than simply preparing.  It must be an act that would normally result in the commission of the offense.

Now, where a statute specifies multiple ways, multiple alternative ways, in which an offense may be committed, the indictment may then allege the multiple ways in the conjunctive; that is, by using the "word."  If only one of the alternatives is proven beyond a reasonable doubt, that is sufficient for a conviction so long as you agree unanimously as to that specific alternative.

You will see that the indictment charges that the crime was committed on or about a certain date.  The government does not have to prove that the offense occurred on an exact date.  The government only has to prove beyond a reasonable

```
 1  doubt that the crime was committed on a date reasonably close
 2  to the date alleged in the indictment.
 3          The word "knowingly" means that an act was done
 4  voluntarily and intentionally and not because of mistake or by
 5  accident.
 6          Now, in this case there were some stipulations or
 7  there was an occasion where I took judicial notice.  Sometimes
 8  the parties agree that certain facts are true and in those
 9  cases they may enter into a stipulation.  And they did in this
10  case.  So you must treat those facts as proven for this case.
11  And they did stipulate to several matters during the course of
12  the trial.
13                                * * *
14
15
16
17
18
19
20
21
22
23
24
25
```

# C E R T I F I C A T E

STATE OF ALABAMA)

COUNTY OF BALDWIN)

    I do hereby certify that the foregoing proceedings were taken down by me and transcribed using computer-aided transcription and that the foregoing is a true and correct transcript of said proceedings.

    I further certify that I am neither of counsel nor of kin to any of the parties, nor am I in anywise interested in the result of said cause.

    I further certify that I am duly licensed by the Alabama Board of Court Reporting as a Certified Court Reporter as evidenced by the ACCR number following my name found below.

    /s/ *Roy Isbell*    9/15/2021
ROY ISBELL, CCR, RDR, RMR, RPR, CRR
ALABAMA CCR #22, EXP. 9/30/2021
LOUISIANA CCR #2014002, EXP. 12/31/2021
COURT REPORTER, NOTARY PUBLIC
STATE OF ALABAMA AT LARGE

My Commission Expires:  10/25/2021

Certified Court Reporter
    Alabama Board of Court Reporters
Registered Professional Reporter #2735
Registered Merit Reporter
Registered Diplomate Reporter
Certified Realtime Reporter
    National Court Reporters Association