## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Crim. No. 21-cr-00032 (DLF)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **GUY WESLEY REFFITT,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

### SUPPLEMENTAL JOINT PROPOSED VOIR DIRE

The parties, by and through their undersigned attorneys, respectfully submit the following Supplemental Proposed Voir Dire to assist the Court in implementing the Joint Proposed Voir Dire that the parties previously filed (ECF 64). Specifically, the parties propose the following:

### A. Questions addressed to the full venire:

The parties propose that the Court address the following questions to the full venire, and ask each juror to mark any "yes" answers on an index card, so that follow-up to those questions can be conducted during individual voir dire. These proposed questions are the same questions contained in the Court's proposed Voir Dire (ECF 46) and the parties Joint Proposed Voir Dire (ECF 64). All red text indicates jointly proposed new language beyond the Court's proposed Voir Dire that was included in the parties Joint Proposed Voir Dire (ECF 64). The parties have agreed to the language in red text unless otherwise noted:

1.      This is a criminal case entitled United States v. Guy Wesley Reffitt. The government has charged the defendant, Mr. Reffitt, with four crimes relating to Congress's meeting at the United States Capitol on January 6, 2021, to certify the Electoral College vote for president. First, he is charged with obstructing an official proceeding for allegedly interfering with Congress's meeting. Second, he is charged with being unlawfully present on the Capitol grounds while armed with a firearm. Third, he is charged with transporting firearms during a civil disorder.

Fourth, he is charged with interfering with law enforcement officers during a civil disorder.  The government has also charged Mr. Reffitt with obstructing justice based on statements he made to his children while at home in Wylie, Texas, around January 11, 2021.  Mr. Reffitt has pleaded not guilty to all charges.

Do you know or have you heard anything about this case?

2.      The Government in this case is represented by Assistant United States Attorneys Jeffrey Nestler and Risa Berkower. The Defendant is represented by William Welch. The Defendant is Guy Wesley Reffitt, who resides in Wylie, Texas.

Do you know any of these people?

3.   [*Each side will introduce its witnesses by name, general area of residence, and employment*.]  Do you know any of the witnesses who have been introduced to you?

The next three questions relate to you, members of your immediate family, and close personal friends.

4.      Does anyone in that group now work for, or has anyone in that group ever worked for, any law-enforcement agency? This includes any police department in or outside the District, special police officers, prosecutors' offices such as the state's attorney or U.S. Attorney, Park Police, FBI, Department of Justice, Homeland Security, sheriffs' departments, Secret Service, or any other law-enforcement agency.

5.      Has any member of that group ever gone to law school, worked as a lawyer, or worked in a law office?

6.      Has any member of that group ever been arrested for, convicted of, or charged with a crime or been a victim of or witness to a crime?

7.      Do any of you live or work at or near the U.S. Capitol?

8.      I will be instructing the jury at the end of the trial that the testimony of a police officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness is a police officer. Does anyone have such strong feelings about the police – either positive or negative – that would make it difficult for you to be a fair juror in the case?

9.      Have any of you had an experience as a juror in a previous ~~criminal~~ trial that would affect your ability to be a fair juror in this trial?

10.     This case involves allegations about the possession of a handgun, which was not fired.  Does anyone have such strong feelings about handguns that would make it difficult to be a fair juror in this case?

11.     Let me tell you the likely schedule.  Today is Monday, February 28.   Following the completion of jury selection, you will likely hear evidence in the case each day this week, and Monday and Tuesday next week, from 9:30 am to 4:45 pm each day, with a lunch break from 12:30 pm to 1:45 pm each day.  You will likely begin deliberating after Tuesday next week.  Once you begin deliberating, I do not know how long your deliberations will last.  But you will not meet past 4:45 pm, and you will not meet on weekends.

Knowing this schedule, would serving as a juror in this case be an extreme hardship to you?

12.     Do you have a health or physical problem that would make it difficult to serve on this jury?

13.     Do you or someone you know have any direct or indirect connection to events at the U.S. Capitol on January 6, 2021?

14.     Have you ever watched video of what happened at the U.S. Capitol on January 6, 2021 on the news or on the Internet?

15.     Have you ever watched video of this defendant from January 6, 2021 on the news or on the Internet?

16.     *The parties request that the Court ask a question concerning the juror's ability to decide the case only on the evidence presented in Court.  The government requests the following wording:*

    a.     No matter what you have heard or seen about events at the U.S. Capitol on January 6, 2021, and no matter what opinions you may have formed, can you put all of that aside and decide this case only on the evidence you receive in court, follow the law, and decide the case in a fair and impartial manner?

*The defense objects to the government's phrasing, and instead requests the following wording*:

    b.     Does anyone have such strong feelings about events at the Capitol on January 6, 2021 that would make it difficult to be a fair juror in this case?

17.     Are you able to read, speak, and understand the English language?

18.     Do you have any trouble seeing or hearing?

19.     Do you have trouble paying attention for long periods of time?

20.     Do you take medication that makes it difficult for you to sit and focus for long periods of time?

21.     Does jury service raise COVID-19 safety concerns for you?

22.     Do you hold religious beliefs that prevent you from passing judgment on others?

23.     Do you get your news from any of the following sources:[1]

---

[1] The phrasing of this question has been modified from ECF 64 to fit this proposed format.

    a.   Newspapers

    b.   TV

    c.   Radio

    d.   Social media

    e.   Podcasts

24.    Do you use social media?

25.    Have you ever filed a lawsuit, or had a lawsuit of any kind filed against you, by anyone in court?

26.    Do you watch courtroom, law-related, or crime-related TV shows?

27.    Do you have any opinions concerning the following which would affect your ability to be a fair and impartial juror:

    a.   Criminal prosecutors

    b.   Criminal defense attorneys

    c.   Police officers

    d.   FBI agents

    e.   The "federal government" in general

28.    One or more government witnesses may testify that they participated in crimes. The witness may be testifying pursuant to a grant of immunity from prosecution or an agreement with the government. Use of such witnesses is lawful. As a juror, you will assess the credibility of each witness. Is there any reason why you could not fairly and impartially consider, or render a guilty verdict based on, the testimony of (1) a witness who was granted immunity from prosecution or (2) a witness testifying pursuant to an agreement with the government?

29.     Under certain circumstances, the government can obtain authorization from a judge to search a premises or electronic media to obtain evidence including, but not limited to, emails, text messages, video recordings, letters, financial information and other materials or information. I will instruct you that any evidence that is presented to you at trial was obtained legally and you can consider it. Do you have concerns about your ability to follow this instruction?

30.     Do you think that your political views, or those of your partner, will affect your service as a juror in this case?

31.     If you are selected as a juror in this case, I will instruct you to avoid all media coverage, including radio, television, podcasts, and social media, and not to use the internet with regard to this case for any purpose. That is, you will be forbidden from reading newspaper articles about this case, listening to radio and podcast stories about this case, watching TV news about this case, Googling this case, blogging or tweeting about this case, or reading or posting comments about this case on any social media sites. Do you have any reservations or concerns about your ability or willingness to follow this instruction?

32.     Jurors are the sole judges of the facts. However, the jury must follow the principles of law as instructed by me. The jury may not follow some rules of law and ignore others. Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them. Do you have any personal beliefs that would make it difficult to follow my legal instructions, whatever they may be?

33.     Do you disagree with the principles of law that (i) the defendant is presumed to be innocent, (ii) the defendant has the right to remain silent, (iii) the defendant has no burden to establish his innocence, and (iv) the government has the burden of proving its case beyond a reasonable doubt?

34.     My final question is what I call my "catch-all question."[2] This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. Perhaps you have a religious, moral, or philosophical reason that you believe would make it hard for you to be fair. In sum, is there some other reason that would make it difficult for you to sit as a fair and impartial juror in this case?

### B. <u>Individual Voir Dire by the Court</u>

After the Court reads the above questions to the full venire, the parties respectfully request that the Court conduct individual voir dire, both to follow up on any "yes" answers each juror gave to those questions, and to obtain a limited amount of background information about the juror.  The parties jointly request that the Court generally follow up on "yes" responses to the above questions, including but not limited to the follow-up questions listed below, all of which were included in the parties' Joint Proposed Voir Dire, ECF 64.  The parties also respectfully request that the Court ask the following background questions of each juror during individual voir dire:

<u>Background questions</u>

1.  What is the highest level of school you completed?

2.  What is your marital status?

3.  Do you have children or step-children?  If so, how many, and what are their ages?

4.  What is your current occupation?

   i.   How long have you been at this job?

   ii.  What is your current role at work?

   iii. Does your role include supervisory duties?

---

[2] This question was question 12 in the Court's Proposed Voir Dire (ECF 46).  The parties respectfully request that the Court end its questions to the full venire with this question.

5.  If you have a partner, what is their occupation?

Specific Follow-up Questions:

1.  To follow up on question 6 above, "Has any member of that group ever been arrested for, convicted of, or charged with a crime or been a victim of or witness to a crime?":

    a.  If so, did you feel that you, or your family member of close friend, were treated fairly?

    b.  Why or why not?

2.  To follow up on question 9 above, "Have any of you had an experience in a previous ~~criminal~~ trial that would affect your ability to be a fair juror in this trial?":

    a.  When you served as a juror in a prior case, was it a criminal case or a civil case?

    b.  Did you reach a verdict?

    c.  Was there anything about your experience as a juror which would make you not want to serve again?

3.  To follow up on question 14 above, "Have you ever watched video of what happened at the U.S. Capitol on January 6, 2021 on the news or on the Internet?":

    a.  How many times have you seen videos of that event, in whole or in part, on TV or on the internet?  (1 time, 2-3 times, 4-5 times, 6 or more times)

4.  To follow up on question 15 above, "Have you ever watched video of this defendant from January 6, 2021 on the news or on the Internet?"

    a.  How many times have you seen videos of the defendant, in whole or in part, on TV or on the internet?  (1 time, 2-3 times, 4-5 times, 6 or more times)

5.  To follow up on question 23 above, "Do you get your news from any of the following sources: Newspapers?  TV?  Radio?  Social media?  Podcasts?":

a.   What is the name of the [newspaper, TV, radio station/program, social media platform/podcast] from which you get your news?[3]

6.  To follow up on question 24, "Do you use social media?":

a.   What platform(s) do you use, and what do you use them for?

7.  To follow upon question 25, "Have you ever filed a lawsuit, or had a lawsuit of any kind filed against you, by anyone in court?":

a.   Please indicate who brought the lawsuit, what it was about, and the result of the lawsuit.

8.  To follow up on question 26, "Do you watch courtroom, law-related, or crime-related TV shows?"

a.   What do you watch?

---

[3] The phrasing of this question has been modified from ECF 64 to fit the new proposed format for follow-up questions.

9.  To follow up on question 27, "Do you have any opinions concerning the following which would affect your ability to be a fair and impartial juror?  Criminal prosecutors, criminal defense attorneys, police officers, FBI agents, the "federal government" in general?":

    a.  Please describe your opinions and explain why they would interfere with your ability to be a fair and impartial juror.

Respectfully submitted,

For the Government:

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

_____/s/_____
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Risa Berkower
Assistant United States Attorney
NY Bar No. 4536538
U.S. Attorney's Office, District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Phone: 202-803-1576
Email: risa.berkower@usdoj.gov

For the Defendant:

_____/s/_____
William L. Welch, III
D.C. Bar No. 447886
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Phone: 410-615-7186
Email: wlw@wwelchattorney.com