**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 21-cr-00032 (DLF)** |
| | : | |
| **v.** | : | |
| | : | |
| **GUY WESLEY REFFITT,** | : | |
| | : | |
| **Defendant.** | : | |

## PARTIES JOINT PROPOSAL FOR ADDITIONAL VOIR DIRE QUESTIONS

On February 18, 2022, the Court directed the parties to jointly submit additional voir dire questions for jury selection on February 28, 2022.  The parties respectfully request that the Court ask the full venire the following set of questions.  The questions in black text have already been included in the Court's proposed voir dire, and the questions in red text are the supplemental questions proposed by the parties:

1. Do any of you live or work at or near the U.S. Capitol?

2. Do you or someone you know have any direct or indirect connection to the events at the U.S. Capitol on January 6, 2021?

3. Did you follow the news concerning events at the U.S. Capitol on January 6, 2021?

4. Have you followed news accounts concerning specific individuals who were involved in events at the Capitol on January 6, 2021?

5. Have you heard or seen anything in the news or elsewhere about the allegations in this case?

6. Have you heard or seen anything in the news or elsewhere about Guy Reffitt?

7. Have you formed an opinion about the guilt of people involved in events at the Capitol on January 6, 2021?

8. Do you currently have an opinion on Mr. Reffitt's guilt or innocence in this case?

1

9.      *The parties request that the Court ask a question concerning the juror's ability to decide the case only on the evidence presented in Court.  The government requests the following wording:*

    a.   No matter what you have heard or seen about events at the U.S. Capitol on January 6, 2021, and no matter what opinions you may have formed, can you put all of that aside and decide this case only on the evidence you receive in court, follow the law, and decide the case in a fair and impartial manner?

*The defense objects to the government's phrasing, and instead requests the following wording*:

    b.   Does anyone have such strong feelings about events at the Capitol on January

    c.   6, 2021 that would make it difficult to be a fair juror in this case?

Government's Position:

The government respectfully submits that its proposed wording in (a) better addresses the required inquiry into whether prospective jurors can set aside any pre-formed opinions about the case.  *See Irvin v. Dowd*, 366 U.S. 717, 722-23 (1961) ("To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." (emphasis added)); *Mu'Min v. Virginia*, 500 U.S. 415, 425 (1991) ("Whether a trial court decides to put questions about the content of publicity to a potential juror or not, it must make the same decision at the end of the questioning: is this juror to be believed when he says he has not formed an opinion about the case?"); *United States v. Haldeman*, 559 F.2d 31, 68-70 (D.C. Cir. 1976) (*en banc*) (affirming trial court's voir dire procedures that included questioning concerning whether prospective jurors had formed an opinion about the case, and

"whether that opinion was firmly held or could be set aside"); *see also Skilling v. United States*, 561 U.S. 368, 391-92 (2010) (discussing trial court's inquiry into prospective jurors' ability to set aside opinions based on external information).

Defendant's Position:

The defendant objects to the government's proposed wording, because it does not distinguish mere exposure to pretrial publicity, about which a juror has an impression, from a juror who will not consider the evidence. *See Lincoln v. Sunn,* 807 F.2d 805, 815 (9th Cir. 1987) ("jurors are objectionable if they have formed such deep and strong impressions that they will not listen to testimony with an open mind"). Substantial pretrial publicity carries with it an inherent potential for prejudgment of the case. *Irvin v. Dowd,* 366 U.S. 717, 727 (1961).

The government's proposed question invites the venire to just say they are fair people without discovering the impact of pretrial publicity on the jurors individually. Focused voir dire is necessary to discover the impact of pretrial publicity on the juror. It is possible that pretrial publicity cannot be cured by voir dire. *United States v. Beckner,* 69 F.3d 1290 (5th Cir. 1995). The Court must identify the individual jurors, who have strong feelings. The Court must inquire about possible prejudice from pretrial publicity. *See Marshall v. United States,* 360 U.S. 310 (1959). The Court must not delegate that responsibility to the venire by allowing them to decide for themselves whether they are fair people, even if their minds are already made up.

10.     Jurors are the sole judges of the facts. However, the jury must follow the principles of law as instructed by me. The jury may not follow some rules of law and ignore others. Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them. Do you have any personal beliefs that would make it difficult to follow my legal instructions, whatever they may be?

3

11.     If you are selected as a juror in this case, I will instruct you to avoid all media coverage, including radio, television, podcasts, and social media, and not to use the internet with regard to this case for any purpose. That is, you will be forbidden from reading newspaper articles about this case, listening to radio and podcast stories about this case, watching TV news about this case, Googling this case, blogging or tweeting about this case, or reading or posting comments about this case on any social media sites. Do you have any reservations or concerns about your ability or willingness to follow this instruction?

After the Court poses these questions to the full venire of prospective jurors, the parties respectfully request the opportunity to ask appropriate follow-up questions in individualized voir dire, as outlined by the Court at the February 18, 2022 pre-trial hearing.

Respectfully submitted,

For the Government:

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

_____/s/_____
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Risa Berkower
Assistant United States Attorney
NY Bar No. 4536538
U.S. Attorney's Office, District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Phone: 202-803-1576
Email: risa.berkower@usdoj.gov

For the Defendant:

_____/s/_____
William L. Welch, III
D.C. Bar No. 447886
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Phone: 410-615-7186
Email: wlw@wwelchattorney.com