UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 21-cr-00032 (DLF) |
| | : | |
| v. | : | |
| | : | |
| GUY WESLEY REFFITT, | : | |
| | : | |
| Defendant. | : | |

**PROPOSED JURY INSTRUCTIONS**

Following the February 18, 2022, pretrial conference, the parties hereby jointly propose the following final substantive jury instructions:

1. Count One, Transporting a Firearm in Furtherance of a Civil Disorder, 18 U.S.C. § 231(a)(2). *This government solely proposes including the words "or travel"; the defense does not join.*

    a. Elements

    b. Definitions

2. Count Two, Obstruction of an Official Proceeding, 18 U.S.C. § 1512(c)(2). *This is solely the government's proposal; the defense does not join.*

    a. Elements

    b. Definitions

    c. Attempt

    d. Aiding and Abetting

3. Count Three, Entering or Remaining in a Restricted Building or Grounds with a ~~Deadly or Dangerous Weapon~~ Firearm, 18 U.S.C. § 1752(a)(1) and (b)(1)(A)

    a. Elements

    b. Definitions

4. Count Four, Obstructing Officers During a Civil Disorder, 18 U.S.C. § 231(a)(3)

    a. Elements

1

      b. Definitions

      c. Attempt

5. Count Five, Obstruction of Justice—Hindering Communication Through Force or Threat of Physical Force, 18 U.S.C. § 1512(a)(2)(C)

      a. Elements

      b. Attempt

**Count 1 (Elements)**

**TRANSPORTING A FIREARM IN FURTHERANCE OF A CIVIL DISORDER**

Count 1 of the indictment charges the defendant with transporting a firearm in commerce while knowing, having reason to know, or intending that it would be used unlawfully to further a civil disorder, which is a violation of federal law.

In order to the find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, that the defendant transported a firearm in commerce;

Second, that the defendant did so knowing, having reason to know, or intending that the firearm would be used unlawfully in furtherance of a civil disorder.

**Count 1 (Definitions)**

<u>**TRANSPORTING A FIREARM IN FURTHERANCE OF A CIVIL DISORDER**</u>

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel[1] between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.

A "firearm" includes any weapon which is designed to or may readily be converted to expel any projectile by the action of an explosive; or the frame or receiver of any such weapon.

---

[1] The government makes this proposal to include "or travel"; the defense does not join, because the parties previously agreed to delete it. Below, the government responds to the Court's request for authority for these words, in addition to the district court's decision in *United States v. Pugh*, No. 20-cr-73 (S.D. Ala. May 19, 2021). A legal dictionary definition of "commerce" supports including the word *travel*. *See* COMMERCE, Black's Law Dictionary (11th ed. 2019) (defining "interstate commerce" as "[t]rade and other business activities between those located in different states; esp., traffic in goods *and travel* of people between states") (emphasis added). A pattern jury instruction also supports including the word *travel*. *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit at § 922(g) (instructing that the phrase "in or affecting commerce" for purposes of 18 U.S.C. § 922(g) is satisfied if the firearm "has *traveled* between one state and any other state or country) (emphasis added). And in the context of Section 922(g)'s predecessor statute, the Supreme Court affirmed the government's position that to "establish a nexus with interstate commerce" the government "need prove only that the firearm possessed by the convicted felon *traveled* at some time in interstate commerce." *Scarborough v. United States*, 431 U.S. 563, 568 (1977) (emphasis added). Citing the Supreme Court's Commerce Clause jurisprudence, courts have held that the statutory phrase "person . . . in interstate commerce" means a person who "traveled" between states. *See United States v. May*, 535 F.3d 912, 921 (8th Cir. 2008) (citing *United States v. Lopez*, 514 U.S. 549, 558-59 (1995)). Other definitions of "commerce" in the U.S. Code also support including travel in the definition. *See, e.g.*, 42 U.S.C. § 2000a(e) ("'[C]ommerce' means travel, trade, traffic, commerce, transportation, or communication among the several States, or between the District of Columbia and any State."); 42 U.S.C. § 2000e(g) ("The term 'commerce' means trade, traffic, commerce, transportation, transmission, or communication among the several States.").

**Count Two (Elements)**

**OBSTRUCTION OF AN OFFICIAL PROCEEDING**

Count 2 of the indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of the law.

In order to the find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede ~~any~~ an official proceeding.

Second, the defendant ~~acted with the intent~~ intended to obstruct or impede ~~an~~ the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct ~~was~~ would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

**Count Two (Definitions)**

**<u>OBSTRUCTION OF AN OFFICIAL PROCEEDING</u>**

The term "official proceeding" includes a proceeding before the Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Count 2, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

To act "corruptly," the defendant must use unlawful means or ~~act with~~ **have** an ~~unlawful~~ **improper** purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

**Count Two (Attempt)**

## OBSTRUCTION OF AN OFFICIAL PROCEEDING

In Count 2, the defendant is charged with attempt to commit the crime of obstruction of an official proceeding.  An attempt to commit obstruction of an official proceeding is a crime even though the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Count Two (Aiding and Abetting)**

**OBSTRUCTION OF AN OFFICIAL PROCEEDING**

A person may be guilty of an offense because he personally committed the offense or because he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing the offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count 2.  In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following four requirements:

First, others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained those elements to you in these instructions.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed some act or acts in furtherance of the offense charged.

Fourth, that the defendant knowingly performed those act or acts for purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the specific offense charged and with the intent that others commit that specific offense.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The

defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence including the defendant's words and actions and the other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**Count Three (Elements)**

## ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS WITH A ~~DEADLY OR DANGEROUS WEAPON~~ FIREARM

Count 3 of the indictment charges the defendant with entering or remaining in a restricted building or grounds while using or carrying a ~~dangerous or deadly weapon~~ firearm, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following ~~four~~ three elements beyond a reasonable doubt:

First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, that the defendant did so knowingly.

~~Third, that the defendant had no lawful authority to do so.~~

~~Fourth~~ Third, that the defendant used or carried a ~~deadly or dangerous weapon~~ firearm during and in relation to the offense.

## Count Three (Definitions)

## ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS WITH A ~~DEADLY OR DANGEROUS WEAPON~~FIREARM

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is ~~or will be~~ temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President~~,~~ and the immediate family of the Vice President~~, and the Vice President Elect~~.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

~~A "dangerous or deadly weapon" means any object that can be used to inflict severe bodily harm or injury. The object need not actually be capable of inflicting harm or injury. Rather, an object is a deadly or dangerous weapon if it, or the manner in which it is used, would cause fear in the average person.~~

The term "firearm" has the same meaning I gave you previously.

11

**Count Four (Elements)**

**<u>OBSTRUCTING OFFICERS DURING A CIVIL DISORDER</u>**

Count 4 charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find the following three elements beyond a reasonable doubt:

First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

**Count Four (Definitions)**

**<u>OBSTRUCTING OFFICERS DURING A CIVIL DISORDER</u>**

The terms "civil disorder" and "commerce" have the same meaning I gave you previously.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

**Count Four (Attempt)**

**<u>OBSTRUCTING OFFICERS DURING A CIVIL DISORDER</u>**

In Count 4, the defendant is charged with attempt to commit the crime of obstructing officers during a civil disorder.   An attempt to obstruct officers during a civil disorder is a federal crime even though the defendant did not actually complete the crime of obstructing officers during a civil disorder.

In order to find the defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing the crime of obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder merely because he thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit the crime of obstructing officers during a civil disorder.  However, the substantial step element does not

14

require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Count Five (Elements)**

## OBSTRUCTION OF JUSTICE – HINDERING COMMUNICATION THROUGH PHYSICAL FORCE OR THREAT OF PHYSICAL FORCE

Count 5 of the indictment charges the defendant with using physical force or threatening to use physical force against Jackson Reffitt and Peyton Reffitt to hinder, delay, or prevent their communication to law enforcement officer or a federal judge, which is a violation of the law.

In order to the find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, that the defendant knowingly used or attempted to use physical force or the threat of physical force against Jackson Reffitt or Peyton Reffitt.

Second, that the defendant acted with intent to hinder, delay, or prevent Jackson Reffitt or Peyton Reffitt from communicating to law enforcement information relating to the commission or possible commission of an offense.

Third, that there was a reasonable likelihood that at least one of the communications targeted by the defendant would have been made to a federal officer.

Fourth, the information that would have been communicated related to the possible commission of a federal offense.

The government need not prove that the defendant knew that the information related to a federal offense or knew that the communications were reasonably likely to reach a federal officer.

**Count Five (Attempt)**

## OBSTRUCTION OF JUSTICE – HINDERING COMMUNICATION THROUGH PHYSICAL FORCE OR THREAT OF PHYSICAL FORCE

In Count 5, the defendant is charged with attempt to commit the crime of obstruction of justice through physical force or threat of physical force. An attempt to commit obstruction of justice through physical force or threat of physical force is a federal crime even though the defendant did not actually complete the crime of obstruction of justice through physical force or threat of physical force.

In order to find the defendant guilty of attempt to commit obstruction of justice through physical force or threat of physical force, you must fine that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of justice through physical force or threat of physical force, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of justice through physical force or threat of physical force which strongly corroborates or confirms that the defendant intended to commit that crime.

The principles governing attempt that I explained above apply here as well.

Respectfully submitted,

For the Government:

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

_____/s/_____
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Risa Berkower
Assistant United States Attorney
NY Bar No. 4536538
U.S. Attorney's Office for the District of
    Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Phone: 202-252-7277
Email: Jeffrey.Nestler@usdoj.gov

For the Defendant:

_____/s/_____
William L. Welch, III
D.C. Bar No. 447886
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Phone: 410-615-7186
Email: wlw@wwelchattorney.com