```
 1                  BEFORE THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA
 2


 3    UNITED STATES OF AMERICA,        .
                                       .  Case Number 21-cr-32
 4              Plaintiff,             .
                                       .
 5         vs.                         .
                                       .
 6    GUY WESLEY REFFITT,              .  October 25, 2021
                                       .  9:07 a.m.
 7              Defendant.             .
      - - - - - - - - - - - - - - - - -

 8


 9                    TRANSCRIPT OF STATUS CONFERENCE
                  BEFORE THE HONORABLE DABNEY L. FRIEDRICH
10                    UNITED STATES DISTRICT JUDGE


11


12    APPEARANCES:

13    For the United States:      JEFFREY NESTLER, AUSA
                                  RISA BERKOWER, AUSA
14                                United States Attorney's Office
                                  555 Fourth Street Northwest
15                                Washington, D.C. 20530

16    For the Defendant:          WILLIAM WELCH, III, ESQ.
                                  5305 Village Center Drive
17                                Suite 142
                                  Columbia, Maryland 21044

18


19


20


21    Official Court Reporter:    SARA A. WICK, RPR, CRR
                                  333 Constitution Avenue Northwest
22                                U.S. Courthouse, Room 4704-B
                                  Washington, D.C. 20001
23                                202-354-3284

24

      Proceedings recorded by stenotype shorthand.
25    Transcript produced by computer-aided transcription.
```

```
 1                        P R O C E E D I N G S
 2         (All participants present via telephone or video
 3     conference.)
 4         (Defendant not present.)
 5             COURTROOM DEPUTY:  We are in Criminal Action 21-32,
 6     the United States of America versus Guy Reffitt.
 7         If I can have the parties identify themselves for the
 8     record, beginning with the United States.
 9             MR. NESTLER:  Good morning, Your Honor.  Jeff Nestler
10     on behalf of the United States.
11             THE COURT:  Good morning, Mr. Nestler.
12             MS. BERKOWER:  Good morning, Your Honor.  Risa
13     Berkower for the government as well.
14             THE COURT:  Good morning.
15             MR. WELCH:  Good morning, Your Honor.  William Welch
16     on behalf of Mr. Reffitt.
17             THE COURT:  Good morning, Mr. Welch.  And do we have
18     Mr. Reffitt, Mr. Hopkins?
19             COURTROOM DEPUTY:  We don't, Your Honor.
20             THE COURT:  All right.  I know this was set sort of at
21     the last minute, and Mr. Hopkins was going to try hard to get
22     Mr. Reffitt on the line but, I guess, was unable to do so.
23         And my apologies.  I am trying to reboot my computer now to
24     get on.  I could not get on the network to join by Zoom.  But I
25     am in the process of trying again.  So you may see me appear in
```

1    just a moment, but I wanted to go ahead and start the status

2    hearing and not keep you waiting any longer.

3        So as you all know, I set this status hearing to talk about

4    available options for a backup trial date in the event the trial

5    was continued, and I've since received the defense's motion for

6    a continuance.

7        And I would like to hear from both of you, first from

8    Mr. Welch, about potential weeks in the new year that would work

9    for you to try this case.  I would like to make sure that we set

10   a date sufficiently in advance that the defense will have the

11   time it needs to prepare.

12       And Mr. Welch, I will have to consult with those at the

13   court who are in charge of the master calendar before I confirm

14   any trial date, but it would be helpful for me to know now what

15   you think based on the discovery you've received, what you think

16   might be a realistic trial date in the new year.

17            MR. WELCH:  Sure, Your Honor.  Generally speaking, I

18   think probably around the beginning of February would work.  The

19   only date that I'm absolutely not available in the new year

20   would be February the 22nd, which is the day after the

21   President's Day holiday weekend, which is the 21st.  But

22   otherwise, I'm flexible in the new year.  I'm sure that I would

23   be ready certainly by February.  I could probably even be ready

24   in late January, which is something that you, I think, were

25   inquiring about earlier.

1          THE COURT:  Okay.  So currently, I have another trial

2     set for February 7th.  I don't know if that's going to go, but

3     this defendant has been locked up longer.

4       Tell me, you say you have a conflict February 22nd.  What

5     about the week of February 28th?

6          MR. WELCH:  That should be fine, Your Honor.  And

7     actually, it's just that day, the 22nd.  So if -- as long as I

8     did not have to appear that day, I would otherwise be available

9     that week or even the week preceding.

10          THE COURT:  Okay.  Mr. Nestler, how about the

11     government?

12          MR. NESTLER:  We can be available at the Court's

13     convenience, Judge.  We're looking through our calendars now.

14     The week of February 21 is probably not a good week.  That's

15     D.C. school spring break -- or winter break, I guess.

16          THE COURT:  February 21 is?

17          MR. NESTLER:  Yes.

18          THE COURT:  Wow, that's an early spring break.

19          MR. NESTLER:  There are two.  There is one in

20     February, and then there's also one in April.

21          THE COURT:  All right.

22          MR. NESTLER:  So the week of February 21 and the week

23     of April 11 are the D.C. breaks.

24          THE COURT:  I'm envious.

25          MR. NESTLER:  Aside from that, we can probably be

1    available on any other date the Court would like.

2             THE COURT:  All right.  So Mr. Welch, I take it from

3    your motion that you did have conversations with Mr. Reffitt

4    about your view regarding the recently received discovery and

5    your need to have additional time to be ready to try this case?

6             MR. WELCH:  Yes, and of course, this puts me between a

7    rock and a hard place with him.  He's not happy about it.

8        I will let Your Honor know that I have spoken to him twice

9    since, and he was aware that we were going to have this

10   discussion today even though he's not on the line.

11            THE COURT:  All right.  And again, my apologies.  We

12   had hoped that he would be available.  The problem is, it's just

13   hard last minute to schedule this, and as you know, there are

14   limited video conference rooms.

15       All right.  So remind me, Mr. Hopkins, when our next date

16   is.  I think we had a pretrial conference set in early November

17   which we need to convert into a motions hearing for me to

18   consider the forthcoming briefing on the pending motion to

19   dismiss.  What is that date?  Is that the 3rd?

20            COURTROOM DEPUTY:  That's the 3rd, Your Honor, yes.

21            THE COURT:  And what time is that?

22            COURTROOM DEPUTY:  That is set for 10:00.

23            THE COURT:  10:00 on the 3rd.  Okay.

24       So Mr. Welch, do you agree with that, it makes sense to

25   convert that into a continuation of the motions hearing?

1          MR. WELCH:  Yes, Your Honor.  And the other thing I

2     did want to remind the Court about that day, I had previously

3     told you that Judge Bates needed to schedule a Rule 11 hearing

4     with me, which is scheduled for 2:00 that afternoon.  I don't

5     necessarily expect that I'm going to need more than four hours

6     of the Court's time, but I just wanted to let you know that and

7     make sure that --

8          THE COURT:  Definitely not.  I can assure you, you

9     will be done well before that.  But I appreciate the reminder.

10         All right.  So where are you, though, on the briefing?  And

11    I'm wondering if it makes sense to push what was a pretrial back

12    and not convert this to a motions hearing, because my

13    recollection is the briefing won't be ready to go until, what is

14    it, the 8th or 9th?

15         MR. WELCH:  The 8th would be the deadline for my

16    reply.

17         THE COURT:  Okay.  And are you on track to get your

18    supplemental briefing filed this week?

19         MR. WELCH:  Yes.

20         THE COURT:  When do you expect to file that?

21         MR. WELCH:  I will have it to you tomorrow when it's

22    due.

23         THE COURT:  Okay.  Great.  And Mr. Nestler, you will

24    be able to respond on or before -- I think I gave you until the

25    2nd.  Is that correct?

1          MR. NESTLER:  Yes, Your Honor.

2          THE COURT:  Okay.  If Mr. Welch doesn't raise

3    arguments that the government hasn't seen in other cases and you

4    are able to respond earlier, please do, so that he can file his

5    brief by the end of next week, if possible.

6          MR. NESTLER:  Yes, Your Honor.

7          THE COURT:  Okay.  So Mr. Welch, if the government

8    does respond earlier than we expect because the arguments that

9    you raised are not new ones that they haven't seen in other

10   cases, then I would ask that you get that filed by November the

11   5th.

12         MR. WELCH:  Okay.

13         THE COURT:  So at this point I don't see a point in

14   keeping what was going to be a pretrial conference on

15   November 3.  I had forgotten that the briefing wouldn't be ripe

16   until the 9th at the earliest.  So we do have a second pretrial

17   scheduled for the 9th at 10:00 a.m.

18      So Mr. Welch, doesn't it make sense to just vacate the

19   November 3rd pretrial and to continue this until November 9, and

20   at that point I will hear argument on the pending motion?

21      Or I'm also open -- Mr. Welch, if you need a little bit

22   more time, I'm happy to push this back a little bit later now at

23   this point.  We were jammed because of the November 15th trial

24   date, but I know these are significant issues, and I don't want

25   to push this off too much.  But if you want to push that hearing

1    back a little bit, I would like to handle it before

2    Thanksgiving, if possible.

3              MR. WELCH:  And I would always like more time, Your

4    Honor.  So I would ask to do that.

5              THE COURT:  Okay.  Tell me what you think you need.

6              MR. WELCH:  Well, I would ask for an additional week

7    on that.

8              THE COURT:  That's fine.  So instead of filing

9    tomorrow, you file by November 2?

10             MR. WELCH:  Yes.

11             THE COURT:  And then I give Mr. Nestler until the 9th.

12   And what is counsel's availability during the week of

13   November 22?  I guess it's pretty good since you thought we

14   would be in trial then.

15             MR. WELCH:  Correct.  So I would just ask perhaps not

16   the 22nd, because then I could avoid moving a sentencing hearing

17   that I was going to have to move in Baltimore.

18             THE COURT:  Okay.  For both of you, what are your

19   schedules like on November 23?

20             MR. WELCH:  I'm available, Your Honor.

21             MR. NESTLER:  I would actually prefer if we could do

22   it the week prior, Judge.  I think we're all going to be free

23   the week of the 15th.  That was supposed to be the trial week.

24             MR. WELCH:  Agreed.

25             THE COURT:  November 19, does that work?

1          MR. NESTLER:  That's fine for the government.

2          MR. WELCH:  Yes, Your Honor.

3          THE COURT:  Okay.  So we will set this for a motions

4   hearing -- a continuation of the motions hearing on November 19.

5   Does 10:00 a.m. work?

6          MR. WELCH:  Yes, Your Honor.

7          MR. NESTLER:  That's fine for the government, assuming

8   Mr. Hopkins can make sure that the defendant is available.

9          COURTROOM DEPUTY:  That depends also on whether we're

10  going to set this as an in-person hearing or --

11         THE COURT:  No, video.

12         COURTROOM DEPUTY:  Video?

13         THE COURT:  Yes.

14         COURTROOM DEPUTY:  Okay.  It appears that we should be

15  able to -- D.C. Jail should be able to accommodate that.

16         THE COURT:  Will you let us know right away,

17  Mr. Hopkins --

18         COURTROOM DEPUTY:  Absolutely.

19         THE COURT:  -- if there's a problem?

20         COURTROOM DEPUTY:  Absolutely.

21         THE COURT:  All right.  So hearing on November 19 at

22  10:00 a.m.  It's a continuation of the hearing on the motion to

23  dismiss.  We're vacating the November 3rd and the November 9th

24  pretrial conferences.  Both of those are vacated.  The defense

25  now has until November 2 to file its supplemental briefing.

1    Government has until the 9th.  And Mr. Welch, I will give you

2    until the 15th to file any reply.

3             MR. WELCH:  Thank you.

4             THE COURT:  Okay.  And then we will have the hearing

5    on the 19th.

6        And let me just ask Mr. Nestler, I know that you've turned

7    over a large volume of discovery.  To what extent do you think

8    more is coming between now and February?

9             MR. NESTLER:  There is more coming.  I would like to

10   make that clear to Mr. Welch and to the Court.  We went over

11   this prior to and at the October 15 hearing with Mr. Welch.

12       That is office-wide discovery.  That is the full volume of

13   surveillance video, body camera video, and that will continue to

14   be produced to defense counsel in tranches, and it is

15   voluminous.  We told Mr. Welch that.

16       Then following on that, there's document discovery for the

17   Relativity database that has not yet been made available to the

18   defense but, I think, will be made available soon.  And then

19   there's the scoped warrants for defendants and subjects that the

20   FBI has collected.

21       So that is going to be a long and an ongoing process.  We

22   laid that all out in our motion to continue which we filed now

23   about a month ago.

24       But our understanding is that defense counsel was aware of

25   that fact and wanted to proceed to trial even knowing they

1    wouldn't have access to that material.  If defense counsel now

2    says they do need access to that material, then we ought not be

3    setting a trial date in February.  It should be later than that.

4        And so we are also in a frustrating and offensive position,

5    Judge, because we are ready for trial on November 15 --

6            THE COURT:  No, I understand.

7            MR. NESTLER:  So I can go through the actions that we

8    have done to make ourselves ready for trial, including sharing

9    with defense counsel all of our exhibits, our exhibit list, our

10   witnesses, who they would be, what they would testify to,

11   preparing motions in limine, making all of our trial

12   arrangements, working with our witnesses who work at the Senate,

13   who work for the Secret Service who have complicated schedules.

14   We're also working on finalizing our proposed voir dire,

15   proposed hearing instructions, which we planned to have to

16   defense counsel in the next couple of days.  So we were planning

17   for all of that to be accomplished.

18       We also provided Mr. Welch with early *Jencks* material,

19   which I understand that he complained about the volume of that

20   in his motion to continue.  That was *Jencks* material, which was

21   not due for another week, but we provided that early.

22       And so we were going through all of those motions to be

23   ready for trial.  But that's a long way of answering Your

24   Honor's question of when office-wide discovery will be complete.

25   I cannot answer that question, and I don't know when that will

1    be.  We were under the impression that defense counsel did not

2    want to wait for office-wide discovery to be complete to go to

3    trial, and perhaps they have changed their position.

4              THE COURT:  Well, most definitely they have.

5         Mr. Welch?

6              MR. WELCH:  Your Honor, the one thing I would want to

7    point out is while the October 15 disclosure falls into the

8    category of what Mr. Nestler is talking about and the disclosure

9    last Friday night falls into that category, the disclosure on

10   October 19 does not fall into that category.  It was neither the

11   office-wide discovery of video recordings, nor was it *Jencks*

12   material.

13        So I think, if I understand the Court correctly, and what I

14   would be most concerned with is whether there's anything else

15   out there that the government has or expects to have that is

16   neither office-wide discovery and not *Jencks* materials that

17   would be an additional disclosure to me.

18             MR. NESTLER:  And the answer --

19             THE COURT:  Let me just make sure I'm understanding

20   the question, Mr. Welch.  You're saying what was disclosed on

21   October 19 was discovery that was specific to Mr. Reffitt?

22             MR. WELCH:  Yes.

23             THE COURT:  All right.  Mr. Nestler?

24             MR. NESTLER:  Yes, some of it was, and some of it was

25   *Jencks*.  It was approximately 50 pages from our final scrub

1    through the FBI's various case files related to this

2    investigation and related investigation, as we informed

3    Mr. Welch and the Court we were going to do, to do a final pass

4    through of the FBI's files.  So it was about 50 pages, Judge.

5         And we continue, of course, to review the FBI's files,

6    which are located in both Texas and D.C., and multiple places in

7    Texas, to locate any additional discovery.  We believe we have

8    substantially completed that discovery.  We can't warrant that

9    there won't be another document or two that pop up.

10        In addition, the investigation continues, and we've told

11   this to Mr. Welch on the record and informally.  So it's always

12   possible that additional FBI materials will be created, either

13   related to Mr. Reffitt or other witnesses or just generally to

14   the Capitol riot.  That is the nature of this ongoing

15   investigation.

16        MR. WELCH:  And Your Honor, the only thing that I

17   would add to that is that it's one thing when we're talking

18   about materials that I don't have and that we don't know when

19   I'm going to have.  It's another thing when I've actually

20   received materials and now I have to go through them.  I can't

21   just ignore what I have.

22        I mean, of course, this is very upsetting to my client, but

23   at the same time, the reason I had to ask for this continuance

24   is I now have this stuff.  So I have to go through it, or I

25   expose myself to post-conviction.

1          THE COURT:  But you are going to have access in short

2    order, it sounds like, from what Mr. Nestler is saying to the

3    whole Relativity database that they've been working to set up.

4    So you will have access to that.

5          MR. WELCH:  Understood.

6          THE COURT:  Is that correct, Mr. Nestler?

7          MR. NESTLER:  Access is forthcoming, but the

8    population of that database of materials is going to work on an

9    ongoing basis.  He currently has access to evidence.com which

10   our office is sharing video and audio files, and he should

11   shortly have access to Relativity in which we share documentary

12   files.  But populating the databases with the materials is going

13   to be an ongoing process.

14         THE COURT:  Mr. Welch, I know this is a frustrating

15   process.  Yet, it is one that other counsel have asked to not

16   set a trial date for just this reason.  So, you know, you seemed

17   ready, willing, and able to go quickly, and Mr. Reffitt was

18   insisting on his right to a speedy trial, and I set the date

19   with that understanding.

20       I don't want to set another date and have it slip.  I can't

21   do that now anyway, because I do need to consult with those who

22   police the master calendar for the court.  But I do want you to

23   have fulsome discovery from Mr. Nestler and understand the

24   timing and scope of what's coming and have conversation with

25   Mr. Reffitt before we set another trial date, because it's not

fair to the government.  I know you're in a very difficult

position, but I really don't want to set another trial date and

stop another judge from having a trial on an older case and the

like.  So we do need to think this through and recognize that

the next trial date will be a firm one.

    And with that, I will put out a much more extensive

scheduling order with really firm dates on jury instructions and

the like.  I don't want now everything to slip and be in another

fire drill like we were in for this one in terms of trying to be

prepared.

         MR. WELCH:  Understood.

         THE COURT:  So how much time do you need to both talk

to the government and talk to your client before we set a firm

trial date?  Does it make sense to wait until the November 19th

hearing?

         MR. WELCH:  I think that would be the appropriate time

to do so.  I think I could do all of that in the meantime.

         THE COURT:  Okay.  The issue with that, of course, is

the longer we wait, the harder it is if the court continues in

the posture of setting no more than three trials a week.  So

also appreciate that that's a factor that at least as of now is

out of our control.

    I am certainly willing and able to set a status hearing

sooner than that to discuss this, but given what you're telling

me, I'm going to not do that for now and address this again on

the 19th.  But if you have firm views before then -- and by
that, I mean this trial will go no matter what the state of
discovery is -- then let me know, and we will have a telephonic
or video conference with Mr. Reffitt with enough warning and we
will set the trial date.  But I'm not going to move it again.

All right?

MR. WELCH:  Understood.

THE COURT:  Okay.  Mr. Nestler, anything else?

MR. NESTLER:  Judge, it sounds from our perspective
like there may be some disagreement between Mr. Welch and
Mr. Reffitt.  I know Mr. Reffitt himself was not on the last
status and is not here today.  It may make sense for there to be
a time for Mr. Welch and Mr. Reffitt to speak with Your Honor ex
parte to make sure that there are no issues regarding
Mr. Reffitt's desire to move the trial date and any conflict
between his desire for his speedy trial rights and Mr. Welch's
need to review discovery, which we are getting a little bit of
that sense considering what happened at the October 15th hearing
and now this motion to continue and what's being said at today's
hearing.

THE COURT:  Mr. Welch, probably not a bad idea.

Mr. Nestler, you understand that part of my dilemma is the
late raising of this other issue relating to the motion to
dismiss and the Court needing time to consider that.  And having
not received Mr. Welch's brief or the government's brief on

this, I too have concerns about whether it's in the interest of
justice to proceed, regardless of Mr. Reffitt's view, given the
issues that are before the Court that are unresolved.

MR. NESTLER:  Understood, Judge.  We were comfortable
addressing that topic today as well, and the government was
going to propose to the Court, if the Court wanted more time to
decide that issue or needed more time to decide that issue, that
Rule 12(d) specifically allows for that, for the Court to defer
ruling on a Rule 12 motion until after a trial.

And given that Mr. Reffitt was exercising his right to a
speedy trial and that we have moved many, many pieces to be
ready for trial, we would be comfortable proceeding and having
the Court rule on that motion after the trial, assuming it was
briefed before the trial.

We're just putting it out there as another option, Judge,
in the interest of keeping what we had all worked for.  I will
say, we have done a lot, which is an understatement, to make
sure we were ready.

THE COURT:  I know you have, and I appreciate the
government's efforts.  I know this is not easy to get a case
with this degree of discovery ready in short order, and I
appreciate the government's efforts.

Mr. Welch, I do want to make sure that I understand where
Mr. Reffitt is, and I do think to do so -- you tell me, but it
seems like it may be more appropriate to do that ex parte.

1          MR. WELCH:  If we do it at all, it would be

2   appropriate to be ex parte.

3          THE COURT:  All right.  Well, I'm going to have

4   Mr. Hopkins reach out to you.  He right now can't -- correct me

5   if I'm wrong, Mr. Hopkins, but I think given the uncertainty

6   with the availability this week of an additional video room,

7   that we need some time to figure out when we can fit that in.

8          COURTROOM DEPUTY:  I think I can always set it, Your

9   Honor, and discuss with our coordinator if that's available.

10          THE COURT:  Let's just -- let's do it the other way

11   around and you reach out to Mr. Welch once we have a definite

12   time to make sure it works with his schedule.

13          COURTROOM DEPUTY:  Okay.

14          THE COURT:  All right.  Mr. Nestler, anything else?

15          MR. NESTLER:  No, Your Honor.  So just from our

16   perspective, we're coming back on November 19, and everything

17   until then is vacated?

18          THE COURT:  Yes.  If there is a change, then I will

19   reach out, you know, and we will set a status hearing promptly.

20          MR. NESTLER:  Okay.  We will let our witnesses know

21   that the trial is not happening on November 15 and --

22          THE COURT:  Well, I think it's unlikely, but I --

23   Mr. Welch, are you available in the next day or two?

24          MR. WELCH:  Yes, Your Honor.

25          THE COURT:  Okay.  So Mr. Nestler, why don't you hold

1    off on that for the next, you know, 48 hours.

2            MR. NESTLER:  Understood, Your Honor.  From our

3    perspective -- sorry.

4            THE COURT:  Go ahead.

5            MR. NESTLER:  From our perspective, it sounds like

6    that's what defense counsel wants, but I'm not sure that's what

7    the defendant wants.  As we indicated in our original motion to

8    continue, the defense counsel, without the defendant's consent,

9    can agree to a tolling of the Speedy Trial Act and postpone a

10   trial date or agree to postpone a trial date.  So Mr. Welch is

11   certainly within his rights to do so without Mr. Reffitt's

12   consent.  So we understand that.

13       I guess we're in a very awkward position here, considering

14   we've been ready for trial.  We don't want to let things slip

15   too long.  But if Your Honor believes another day or two to

16   consult with Mr. Welch and Mr. Reffitt might provide further

17   insight, then that's fine.

18           THE COURT:  You've suggested that, and I'm in

19   agreement with you that that's a prudent course.  And yes, I do

20   appreciate that you need to let your witnesses know, and we will

21   try to have this ex parte meeting with Mr. Welch and Mr. Reffitt

22   as soon as possible, perhaps even later today, and as soon as we

23   have, I will let you know.  All right?

24           MR. NESTLER:  Understood, Your Honor.  Yes, Judge.

25           THE COURT:  Okay.  All right.  Mr. Welch, stand by.

1    I'm going to have Mr. Hopkins reach out to the person who

2    controls the video conference calendar and see what we can do.

3                MR. WELCH:  Okay.  Should I just stay on the line,

4    then?

5                THE COURT:  No, I don't think this is -- I think he

6    will reach out to you offline.  Can you tell us right now when

7    you're available today and tomorrow?

8                MR. WELCH:  Today is bad, but tomorrow and Wednesday

9    are fine.

10               THE COURT:  And Mr. Welch, your motion for a

11   continuance, it was hard to appreciate what your position is,

12   not your client's, your position with respect to speedy trial

13   is.

14               MR. WELCH:  My position with respect to speedy trial,

15   Your Honor, is that we have a pending motion before the Court,

16   and under the Speedy Trial Act, that tolls speedy trial.

17               THE COURT:  No, I understand.  But separate and apart

18   from that, if that motion weren't pending, if I were to resolve

19   it, in any event, what is your position about you being ready to

20   defend Mr. Reffitt at a trial which is currently scheduled for

21   November 15?

22               MR. WELCH:  I wouldn't be, Your Honor, because of this

23   additional material that I now have that I have to go through.

24               THE COURT:  All right.  So your position is it's not

25   in the interest of justice to proceed with trial on November 15?

1    MR. WELCH:  Correct.  I believe I said so in the last

2 paragraph, and that is where my position puts me in a hard spot

3 with my client.

4    THE COURT:  Okay.  Understood.

5    All right.  Anything else?

6    MR. WELCH:  No, Your Honor.

7    MR. NESTLER:  No, Your Honor.

8    THE COURT:  Thank you both.

9    (Proceedings adjourned at 9:35 a.m.)

1        CERTIFICATE OF OFFICIAL COURT REPORTER

2

3        I, Sara A. Wick, certify that the foregoing is a

4   correct transcript from the record of proceedings in the

5   above-entitled matter.

6

7        Please Note:  This hearing occurred during the

8   COVID-19 pandemic and is, therefore, subject to the

9   technological limitations of court reporting remotely.

10

11

12   /s/ Sara A. Wick_____          February 27, 2022___

13   SIGNATURE OF COURT REPORTER       DATE

14

15

16

17

18

19

20

21

22

23

24

25