February 3, 2022

By E-mail to Chambers

Hon. Dabney L. Friedrich, United States District Judge E. Barrett Prettyman Courthouse

333 Constitution Avenue N.W., Washington D.C. 20001

Re: Application that public call-in / listen-only phone line be maintained for trial in USA v. REFFITT, 21-cr-00032-DLF

Dear Judge Friedrich:

This is an application for continued public listen-only call-in telephone access to the above captioned case, which I have been covering from the start, along with other January 6 cases, for Inner City Press. See, e.g., January 10, 2021, Seattle Times, "Seattle man charged with assaulting a federal officer at U.S. Capitol siege, "the magistrate judge ordered him to stay away from Washington, D.C., according to reporting by Inner City Press journalist Matthew Russell Lee," https://www.seattletimes.com/seattle-news/crime/seattle-man-charged-with-assaulting-a-federal-officer-at-u-s-capitol-siege/ & <https://www.seattletimes.com/seattle-news/crime/seattle-man-charged-with-assaulting-a-federal-officer-at-u-s-capitol-siege/  &>  http://innercitypress.com/ddc106reffitticp102521.html

At today's pre-trial conference I was surprised to hear, amid talk of special COVID protocols in the courthouse and in transporting the defendant the courthouse that the public listen-only call-in line which has existed throughout this case is slated to be terminated for the trial. This is a near-immediate objection.

The First Amendment to the U.S. Constitution guarantees to the public a right of access to court proceedings. U.S. CONST. AMEND. I; Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 603 (1982). The public's right of access is strongest when it comes to criminal proceedings such as these, which are matters of the "high[est] concern and importance to the people." Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 575 (1980) (plurality opinion).

Clearly, this long-standing right has to be affirmed differently in this time of ongoing COVID-19 / Omicron, the impact of which was evidence even in today's pre-trial conference. The defendant will be transported differently if proof of vaccination cannot be shown; even voir dire is impacted by social distancing and other COVID-related issues.

   There is simply no reason to cut off, at this point, the call-in line that has existed throughout this case. Some may not be able to or comfortable with the overflow courtroom which was alluded to.

This is a formal application that the call-in line for these proceedings be maintained for trial. The loss of First Amendment freedoms, even for a short period of time, unquestionably constitutes irreparable injury. Elrod v. Burns, 427 U.S. 347, 373 (1976).

If necessary, under DDC Local Criminal Rule 57.6

"Any news organization ...  shall file an application for such relief with the Court. The application shall include a statement of the applicant's interest in the matter as to which relief is sought, a statement of facts, and a specific prayer for relief."

Interest in the matter: Inner City Press covers dozens of the January 6 cases, its reporting has been cited in numerous other media. It seeks listen-only call-in telephone access to the trial in this case, as has existed as every previous stage of the proceeding in light of COVID-19 which has not receded.

Statement of facts: Call-in access has rightly existed to date; given the continuing COVID conditions, as reflected even in the Chief Judge's most recent Standing Orders, the call in line(s) should be maintained.

Specific prayer for relief: Maintain and do not cut off the listen-in call-in telephone access to this trial.

   This is being emailed to Chambers, and the AUSA and defense & Coalition counsel, and should be docketed as Judge Mehta, for example, did in US v. Caldwell, 21-cr-00028 (APM) Dkt No. 353, at https://www.courtlistener.com/docket/59793849/united-states-v-caldwell/?order_by=desc#entry-363 <https://www.courtlistener.com/docket/59793849/united-states-v-caldwell/?order_by=desc#entry-363>  I do not have filing privileges in DDC, and that should not be required for this application for access.

Thank you.

Matthew Russell Lee