**United States District Court for the District of Columbia**

**United States of America**              *

    **v.**                                      *                    **No. 1:21-cr-00032-DLF-1**

**Guy Wesley Reffitt**                   *

**Motion to Arrest Judgment on Count Two**

Defendant moves to arrest judgment, because the Court does not have jurisdiction regarding Count Two of the Indictment.  Fed. R. Crim. P. 34(a).  In support, he states:

1.    The Indictment does not allege that the defendant took some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.  Doc's 4, 25, 34.

2.    Nor does the Indictment allege that the defendant impaired, attempted to impair, or helped anyone else impair the integrity and availability of non-object information. *Ibid*.

3.    The Court has already found that "[i]n contrast to the indictment at issue in *Sandlin*, the Indictment in this case does not allege any facts in support of the § 1512(c)(2) charge."  Min. Ord., Dec. 11, 2021.

**Memorandum in Support of Motion to Arrest Judgment on Count Two**

A defendant may move to arrest judgment within 14 days after the court accepts a verdict.  Fed. R. Crim. P. 34(b).

The indictment must contain "the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  When it does not, the defendant has not received fair notice of the charges against him, and the government has not properly presented the felony charge to the grand jury.  *See e.g., United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999).

The Indictment does not allege that the defendant took some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.  Doc's 4, 25, 34; *see United States v. Miller,* DCD No. 1:21-cr-00119-CJN, Doc. 72 at 28–29 (Mar. 7, 2022) (dismissing § 1512(c)(2) charge).

Nor does the Indictment allege that the defendant impaired, attempted to impair, or helped anyone else impair the integrity and availability of non-object information.  *Ibid*.; *see United States v. Ermoian*, 752 F.3d 1165, 1171–1172 (9th Cir. 2013).

The Court has already found that "[i]n contrast to the indictment at issue in *Sandlin*, the Indictment in this case does not allege any facts in support of the § 1512(c)(2) charge."  Min. Ord., Dec. 11, 2021.

A defendant cannot be prosecuted for a felony without either a grand jury indictment or a waiver of that right.  U.S. Const. amend. V; Fed. R. Crim. P. (7)(a) & (b); *see Gaither v. United States*, 413 F. 2d 1061 (D.C. Cir. 1969).  A defendant has a

"substantial right to be tried only on charges presented in an indictment returned by a grand jury." *Stirone v. United States,* 361 U.S. 212, 217 (1960).  Deprivation of "the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury ... is far too serious to be treated as nothing more than a variance and then dismissed as harmless error." *Ibid.*

"[A]n indictment cannot be amended except by resubmission to the grand jury[.]" *Russell v. United States*, 369 U.S. 749, 770 (1962).  Neither the prosecutor, nor the court may make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment, because that "would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure." *Ibid.*

The court must arrest judgment if the court does not have jurisdiction of the charged offense.  Fed. R. Crim. P. 34(a).

## Request for Hearing

Defendant requests a hearing.  Loc. Cr. R. 47(f).

## Points and Authorities

*Gaither v. United States*, 413 F. 2d 1061 (D.C. Cir. 1969).
*Russell v. United States*, 369 U.S. 749 (1962).
*Stirone v. United States,* 361 U.S. 212 (1960).
*United States v. Ermoian*, 752 F.3d 1165 (9th Cir. 2013).
*United States v. Miller,* DCD No. 1:21-cr-00119-CJN, Doc. 72 (Mar. 7, 2022).
*United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999).

3

U.S. Const. amend. V.
Fed. R. Crim. P. (7).
Fed. R. Crim. P. 34.
Loc. Cr. R. 47(f).

/s/ *William L. Welch,* III

William L. Welch, III
D.C. Bar No. 447886
wlw@wwelchattorney.com
5305 Village Center Drive, Suite 142
Columbia, Maryland 21044
Telephone: (410) 615-7186
Facsimile: (410) 630-7760
Counsel for Guy Reffitt
(Appointed by this Court)

## Certificate of Service

I hereby certify that on this 21st day of March 2022 a copy of the foregoing Motion to Arrest Judgment on Count Two, Memorandum, and Request for Hearing were delivered electronically to Mr. Jeffrey S. Nestler (jeffrey.nestler@usdoj.gov) and Ms. Risa Berkower (risa.berkower@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

/s/ *William L. Welch,* III

William L. Welch, III