UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL ACTION NO. |
| | ) | |
| Plaintiff, | ) | 1:21-CR-00032-DLF |
| | ) | |
| v. | ) | |
| | ) | |
| GUY WESLEY REFFITT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S SECOND SUPPLEMENTAL SENTENCING MEMORANDUM

Since the filing of the Defendant's First Supplemental Memorandum, there has been one additional sentencing in which a January 6 defendant received 24 months or more imprisonment, thereby bringing the total to 14 January 6 defendants sentenced to 24 months or more imprisonment to date. Again, Undersigned Counsel obtained the following facts from the government's sentencing memorandum in this additional case. As set forth below, the case involved repeated assaults on police officers by a defendant with a significant history of violent crimes.

(14) *United States v. Ponder*, No. 1:21-cr-00259-TSC **63 months**

• Assaulted Police not once, but twice

• "Ponder charged at U.S. Capitol Police Sergeant A.G. with a long, thin pole. He waved that pole aggressively and then attacked Sgt. A.G. by swinging the pole at him. A.G. defended himself by raising a round, clear riot shield in front of his face. Ponder struck the riot shield with

such force that the pole snapped and broke apart as it made contact with the shield, and the top portion of the pole flew off to the side. Ponder then retreated back into the crowd."

• Approximately 15 minutes later, "Ponder swung his striped pole at officers like a baseball bat, striking Metropolitan Police Department Officer J.C. in the left shoulder."

• Despite being escorted off Capitol grounds by law enforcement and being ordered not to return, he did return. He then "found his way into the densest crowd where the worse fighting was taking place." There he used his riot shield to "either block police as they fought back against the crowd or to use the shield to push into police."

• "In all, video captured defendant Ponder on Capitol Grounds between 2:08 p.m. and 5:00 p.m. (even after being detained for a portion of that time and told to leave), spending most of that time in locations that had some of the most active opposition to police."

• Moreover, he had a long criminal history including several violent crimes. His prior criminal history included a bank robbery and the car jacking of a taxi driver where he ultimately "drove into a second vehicle and then reversed, driving the stolen taxi backwards and up onto a police cruiser." In addition, he had separate convictions for domestic assault, attempted possession of cocaine, attempted possession with intent to distribute cocaine, attempted burglary, and carrying a dangerous weapon.

Putting aside the government's overdramatic claim that Mr. Reffitt made much of the events of January 6th "possible," it makes a mockery of the criminal justice system, the Sixth Amendment right to trial, and the victims assaulted by Mr. Ponder to argue that Mr. Reffitt should be given a sentence greater than (let alone three times greater than) a defendant who assaulted police officers on at least two separate

occasions, spent three hours on the Capitol grounds and who has a past history of violence.

Respectfully submitted,

/s/ F. Clinton Broden
F. Clinton Broden
TX Bar No. 24001495
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
214-720-9552
214-720-9594 (facsimile)
clint@texascrimlaw.com

Attorney for Defendant
Guy Wesley Reffitt

## **CERTIFICATE OF SERVICE**

I, F. Clinton Broden, certify that on July 29, 2022, I caused a copy of the above document to be served via electronic filing on all counsel of record:

/s/ F. Clinton Broden
F. Clinton Broden
