UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL ACTION NO.** |
| | ) | |
| **Plaintiff,** | ) | **1:21-CR-00032-DLF** |
| | ) | |
| v. | ) | |
| | ) | |
| **GUY WESLEY REFFITT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MOTION FOR RELEASE PENDING APPEAL

Defendant, Guy Wesley Reffitt, hereby moves this Court to order his release pending resolution of his appeal and, in support of this motion, sets forth the following facts and argument:

### I

The authority for release pending appeal is found in 18 U.S.C. § 3143(b). In order to qualify for release under 18 U.S.C. § 3143(b), a convicted defendant must demonstrate:

(1) By clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) That the appeal is not for purposes of delay;

(3) That the appeal raises a substantial question of law or fact that if determined favorably to the defendant on appeal, will likely result in a reduced sentence to a term of imprisonment less than the...expected duration of the appeal process.

For purposes of applying the statute, "a substantial question is a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987).

## II

On or about August 1, 2022, this Court sentenced Mr. Reffitt to 87 months imprisonment after determining his Offense Level under the United States Sentencing Guidelines to be 29 and his guideline imprisonment range to be 87-109 months. *See* Sentencing Transcript at 68,177; August 4, 2022 Presentence at 12.

Significantly, the Court overruled Mr. Reffitt's objection to the an eight level enchantment under U.S.S.G. § 2J1.2(b)(1)(B) for causing or threatening physical injury to a person in order to obstruct the "administration of justice," and a three level enhancement under U.S.S.G. § 2J1.1(b)(2) for substantial interference with the "administration of justice." In doing so, the Court rejected Mr. Reffitt's argument that the "administration of justice" as applied in U.S.S.G. § 2J1.1 did *not* include an attempt to interfere with the counting of the Electoral College vote. *See* Sentencing Transcript at 34-38.

But for the application of the eight and three level enhancements discussed above, Mr. Reffitt's Offense Level would have been 19[1] and his guideline

---

[1] **Group 1**  
Base Offense Level   14

**Group 2**  
Base Offense Level   10

imprisonment rage would have been 30-37 months.

Mr. Reffitt has been in custody since January 16, 2021. *See* August 4, 2022 Presentence at 2. In other words, he has been in custody for almost 38 months.

### III

On March 1, 2023, the United States Court of Appeals for the District of Columbia decided *United States v. Brock*. 2024 WL 875795 (D.C. Cir. March 1, 2023). The unanimous three judge panel concluded that the "administration of justice" for purposes of U.S.S.G. § 2J1.2 does *not* include the counting of the Electoral College vote. *Id.* at 8-15.

While the mandate has not issued in *Brock*, that is irrelevant for purposes of this motion. The relevant question for this motion is whether this Court's ruling on Mr. Reffitt's objections to the enhancments it imposed under U.S.S.G. §§ 2J1.2(b)(1)(B) and 2J1.1(b)(2) "very well could be decided the other way." *Perholtz*, 836 F.2d at 855. Clearly, the opinion in *Brock* indicates that Mr. Reffitt's objection to these guideline enhancments could, indeed, be decided the "other way" from this Court's rejection of the arguments..

### IV

---

| | | | |
|---|---|---|---|
| 2J1.2(b)(3) | 2 | 2A2.4(b)(1)(B) | 3 |
| 3C1.1 | 2 | | 13 |
| | 18 | | |

1 ½ Units under U.S.S.G § 3D1.2 produces a Total Offense Level of 18+1=19.

Mr. Reffitt's appeal has been stayed by the Court of Appeals pending the resolution of *United States v. Fischer,* No. 23-5572 by the United States Supreme Court. Nevertheless, based upon the holding in *Brock,* it is very likely that Mr. Reffitt's offense level should be reduced to *no greater* than 19.[2]

Mr. Reffitt acknowledges this Court's prior pretrial finding that he was a danger to the community under the Bail Reform Act. Nevertheless, this was three years ago at a time when his Offense Level was difficult to calculate. Since then, a significant period of time has gone by during which Mr Reffitt has been able to reflect on his actions surrounding January 6, 2021 and appreciate the wrongfulness of his conduct. Moreover, in the likely event this case is remanded for resentencing and the Court again imposes a guideline sentence, he would, nevertheless, be released into the community. In light of these factors, Mr. Reffitt submits that the Court can fashion conditions of release to protect the safety of the community pending his likely resentencing and the significant reduction in his Offense Level under the United States Sentencing Guidelines.

In sum, this Court should release Mr. Reffitt pending final resolution of his appeal and resentencing on any conditions the Court believes appropriate..[3]

---

[2] A favorable ruling to Mr. Fischer by the Supreme Court would likely lower Mr. Reffitt's offense level to even below 19 once his appeal is resolved.

[3] Mr. Reffitt has current charges pending in the United States District Court for the Eastern District of Texas based on a silencer discovered during a search of his home at the time he was arrested in this case. Nevertheless, he has not had a detention hearing in that case

Respectfully ,


/s/ F. Clinton Broden
F. Clinton Broden
TX Bar No. 24001495
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
214-720-9552
214-720-9594 (facsimile)
clint@texascrimlaw.com

Attorney for Defendant
Guy Wesley Reffitt

---

because he was serving his sentence in this case.  If this Court were to grant this motion and release him pending appeal in this case, he would then be eligible for a detention hearing in the Eastern District of Texas and Undersigned Counsel believes it highly likely he would be released on conditions of release in that case as well.

## **CERTIFICATE OF SERVICE**

I, F. Clinton Broden, certify that on March 2, 2023, I caused a copy of the above document to be served via electronic filing on all counsel of record:

/s/ F. Clinton Broden  
F. Clinton Broden
