UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 1:21-cr-32 (DLF) |
| : | |
| **GUY WESLEY REFFITT,** : | |
| : | |
| **Defendant.** : | |

**GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion for an extension of time in which to respond to Defendant Guy Wesley Reffitt's motion for release pending appeal. Reffitt's motion for release pending appeal was filed on Saturday, March 2, 2024 (ECF 179). On Sunday, March 3, 2024, this Court entered an order requiring the government to file a response on or before March 7, 2024. We respectfully request an extension of time of two weeks, to and including March 21, 2024, to file our response. The government has conferred with defense counsel about this request; defense counsel does not oppose a one-week extension but objects to a longer extension of time.

Good cause supports the government's request.

As the Court knows, Reffitt was convicted on five counts, including violation of 18 U.S.C. § 1512(c)(2) (Count Two). On August 1, 2022, this Court sentenced Reffitt to concurrent terms of 87 months' imprisonment on Counts Two, Three, and Five, and 60 months' imprisonment on Counts One and Four (ECF 170). Reffitt timely filed a notice of appeal (ECF 173). On appeal, Reffitt argues (among other arguments) that this Court erred at sentencing when it applied U.S.S.G.

§§ 2J1.2(b)(1)(B) and (b)(2), which increased his offense level on Count Two by a total of eleven points.

On Friday, March 1, 2024, the United States Court of Appeals for the District of Columbia Circuit issued *United States v. Brock*, No. 23-3045, 2024 WL 875795 (D.C. Cir. March 1, 2024). *Brock* held that the term "administration of justice," as used in § 2J1.2, does not apply to Congress' certification of electoral college votes. *See id*. at *8. *Brock* also implicates application of the eight-level enhancement in § 2J1.2(b)(1)(B), which applies if an offense "involved causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice."

Based on the ruling in *Brock*, Reffitt now argues for release pending appeal (ECF 179). Since the issuance of the *Brock* opinion on Friday, March 1, the government continues to expeditiously review and assess the implications of the opinion on the Guidelines calculations in this case and other January 6 cases involving Section 1512(c)(2). The government requires additional time to draft and file the response to Reffitt's motion for release pending appeal. The government anticipates that an extension of time of two weeks, to and including March 21, 2024, will be sufficient.

WHEREFORE, the government respectfully requests that this Court grant the motion to for extension to file the government's response to Reffitt's motion for release pending appeal.

>Respectfully submitted,
>
>MATTHEW M. GRAVES
>UNITED STATES ATTORNEY
>D.C. Bar Number 481052
>
>By: /s/ Risa Berkower
>RISA BERKOWER
>Assistant United States Attorney
>NY Bar No. 4536538
>U.S. Attorney's Office for the District of Columbia
>601 D St. N.W.
>Washington, D.C. 20530
>Phone: 202-803-1576
>Email: risa.berkower@usdoj.gov

3