UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**GUY REFFITT,**<br><br>Defendant. | **Case No. 21-CR-32 (DLF)** |

### GOVERNMENT'S RESPONSE TO COURT'S JUNE 28, 2024 ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's June 28, 2024 Minute Order issued subsequent to the decision in *Fischer v. United States*, 603 U.S. ___ (2024). The Court ordered that the parties propose a schedule for further proceedings and resentencing no later than July 5, 2024. The government respectfully submits that further proceedings on the merits, including resentencing, are premature at this juncture because the defendant's direct appeal remains pending and divests this Court of jurisdiction over the issues currently before the court of appeals.

### BACKGROUND

Reffitt was arrested on January 16, 2021, for his role in the riot at the U.S. Capitol on January 6, 2021. Reffitt, a member of a III% militia group in Texas, drove with a second militia member to Washington, D.C. for January 6th to prevent Congress from certifying the results of the 2020 Presidential Election. They brought two handguns, two rifles, body armor, zip ties, radios, and other related supplies from Texas to D.C. Statements Reffitt made orally and in written

1

messages to his fellow militia members and to his family in the days, weeks, and hours leading up to January 6, as well as statements Reffitt made in a self-made recording on the National Mall immediately prior to the riot, made clear that Reffitt planned to stop the certification by any means necessary, including by force and by physically removing lawmakers from the Capitol building. After the riot, when he returned home to Texas, Reffitt threatened two of his teenage children to prevent them from cooperating with law enforcement's investigation into these events.

Reffitt was indicted on January 27, 2021 (ECF 4), and on September 15, 2021, a Second Superseding Indictment was filed charging Reffitt with five counts: (1) Transporting a Firearm in Interstate Commerce for Use in a Civil Disorder, in violation of 18 U.S.C. § 231(a)(2); (2) Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; (3) Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A); (4) Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); and (5) Obstruction of Justice- Hindering Communication Through Physical Force or Threat of Physical Force, in violation of 18 U.S.C. § 1512(a)(2)(C). ECF No. 34.

This case went to trial on February 28, 2022. On March 8, 2022, the jury returned a verdict convicting Reffitt on all five charges in the Second Superseding Indictment. On August 1, 2022, this Court sentenced Reffitt to 87 months of incarceration followed by 36 months of supervised release. He appealed his convictions and sentence to the D.C. Circuit on August 15, 2022. ECF 173. In March 2024, he also sought release pending his appeal in light of the D.C. Circuit's decision in *United States v. Brock*, No. 23-3045, 2024 WL 875795 (D.C. Cir. Mar. 1, 2024). ECF

179. The Court denied his motion on March 10, 2024. ECF 182.

## ARGUMENT

During this same time period, *Fischer* was litigated through the D.C. Circuit and ultimately the United States Supreme Court, which issued its decision on Friday, June 28, 2024. In *Fischer*, the Supreme Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." Op. 8. However, the Court did not reject the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 9, 16. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* Through those further proceedings, the court of appeals will interpret the scope of the statute further, which may or may not include circumstances like this defendant, who intended to stop the certification proceeding and affect the voting and balloting underlying the certification. *See* Op. 16 (delineating that it would still remain a crime to attempt to impair the integrity of availability of records, documents, objects, or other things used in the proceeding); *id.* at 8 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding"); *see also* ECF No. 158, at 5-16 (sentencing memo summarizing the evidence against the defendant, including his intent to prevent the certification, remove lawmakers by force, and "start over").

Given the remand to the Circuit and the ongoing litigation in *Fischer*, the government is

still evaluating *Fischer's* impact on this and other January 6 cases. At this point, the government is prepared, however, to take the following positions in response to the Court's June 28, 2024 show-cause order.

To the extent the Court is considering "further proceedings in light of *Fischer*" or a potential "resentencing" (Minute Order, 6/28/2024), the government respectfully submits that such proceedings are premature. As this Court knows, the defendant has appealed his convictions. *See* ECF No. 173; September 17, 2022 Order noting U.S.C.A. Case No. 22-3056. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see, e.g.*, *United States v. Hallford*, 816 F.3d 850, 855 n.4 (D.C. Cir. 2016) (quoting same). And "[t]he district court does not regain jurisdiction over those issues until the court of appeals issues its mandate." *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997). Accordingly, at this juncture, the Court lacks jurisdiction to reconsider the validity of the defendant's conviction or proceed to resentencing.

          Respectfully submitted,

          MATTHEW M. GRAVES
          UNITED STATES ATTORNEY

BY:   */s/ Risa Berkower*
       RISA BERKOWER
       Assistant United States Attorney
       NY Bar No. 4536538
       U.S. Attorney's Office for the District of Columbia

601 D St. NW
Washington, DC 20532
(202) 803-1576
Risa.berkower@usdoj.gov