**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

RECEIVED
MAILROOM
JUN - 1 2026

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Case No. 1:21-cr-00032-DLF |
| GUY WESLEY REFFITT, Defendant. | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

**DEFENDANT GUY WESLEY REFFITT'S MOTION TO REMOVE**

**THE DISCOVERY PROTECTIVE ORDER, OR IN THE ALTERNATIVE**

**TO MODIFY THE PROTECTIVE ORDER**

Defendant Guy Wesley Reffitt, proceeding pro se, respectfully submits this Memorandum of Points and Authorities in support of his Motion to Remove the Discovery Protective Order, or in the Alternative to Modify the Protective Order.

**I. INTRODUCTION**

Defendant seeks removal of the Protective Order governing discovery in this case. Continued blanket restriction on Defendant's access to and lawful use of discovery materials concerning his own case is broader than necessary and no longer justified to the extent it prevents Defendant from meaningfully reviewing and using the record in lawful matters related to this case. The original basis for the Protective Order included body-worn camera footage and Capitol CCTV materials. Defendant respectfully submits that circumstances have materially changed because substantial portions of those materials have since been publicly released by Congress or otherwise entered the public domain. To the extent any limited categories of material still

warrant protection, those concerns can be addressed by narrower means than a blanket protective order covering discovery as a whole.

Defendant seeks the discovery materials for legitimate purposes, including review of the record, preparation of related legal filings, consultation with counsel or prospective counsel, and use in matters arising from this case and its consequences, including related civil claims.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 16(d)(1) provides that the Court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. Because a protective order depends upon good cause, the Court retains authority to revisit, remove, or modify such an order when continued restrictions are no longer necessary or when narrower alternatives can adequately protect any legitimate remaining interests.

## III. ARGUMENT

### A. Continued blanket restrictions are broader than necessary.

The existing Protective Order restricts Defendant's ability to possess, review, organize, and lawfully use discovery materials related to his own case. Whatever concerns may have supported the entry of the Order at the time, continued blanket restriction is broader than necessary where Defendant seeks the material for legitimate purposes directly tied to his own case and related matters.

### B. The original basis for the Protective Order has materially changed.

The original rationale for protecting body-worn camera and Capitol CCTV materials has been materially weakened by the public release of substantial portions of those materials. Where material relevant to the asserted basis for protection has entered the public domain, continued

blanket secrecy over the same category of discovery is harder to justify and should be reevaluated.

## C. Defendant has a legitimate need to access and use the discovery.

Defendant seeks access to discovery materials for lawful and legitimate purposes, including review of the record in his case, preparation of related legal filings and proceedings, consultation with counsel or prospective counsel, evaluation of the prosecution and proceedings, and addressing collateral or related matters arising from this case and its consequences, including related civil claims.

## D. Narrower protections are available if the Court concludes some materials remain sensitive.

To the extent any specific material may still require protection, such concerns can be addressed through narrower means, including redactions, sealed filing requirements, limited disclosure conditions, or restrictions directed only to specifically sensitive material. Those targeted protections are more appropriate than maintaining a broad discovery-wide order.

## E. In the alternative, the Court should modify the Order to permit lawful use.

If the Court declines to remove the Protective Order in full, the Court should modify it to allow Defendant to possess, review, organize, and use discovery materials for lawful purposes related to this case and any related proceedings, and to disclose such materials to counsel, prospective counsel, investigators, experts, and other persons reasonably necessary to assist Defendant. Such a modification would protect Defendant's legitimate interests while preserving any narrowly tailored safeguards the Court finds necessary.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court remove the Discovery Protective Order in this case or, in the alternative, modify the Order to permit lawful possession, review, use, and limited disclosure of discovery materials as set forth above, and grant such other and further relief as the Court deems just and proper.

Date: May 21, 2026

Respectfully submitted,



Guy Wesley Reffitt



Defendant, Pro Se