**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | §<br>§<br>§ | Case No. 1:21-cr-00032<br>(DLF) |
| v. | §<br>§ | |
| GUY WESLEY REFFITT,<br>    Defendant. | §<br>§<br>§ | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMOVE OR MODIFY DISCOVERY PROTECTIVE ORDER**

Defendant Guy Wesley Reffitt, appearing pro se, respectfully submits this Reply in support of his Motion to Remove the Discovery Protective Order, or in the Alternative to Modify the Protective Order (ECF No. 210), and in response to the Government's opposition. This Reply does not seek new discovery and does not expand ECF No. 210. It clarifies that Defendant seeks access to and lawful use of discovery already produced to former counsel and, in response to the Government's objections, identifies narrower alternative relief that preserves legitimate privacy, safety, and security protections.

## I. THE DISPUTE CONCERNS ACCESS TO EXISTING DISCOVERY, NOT A NEW RULE 16 PRODUCTION

The Government's first argument is that the conclusion of the criminal proceeding ended any continuing obligation to provide additional discovery. Defendant does not dispute that this motion does not create a new Rule 16 or Brady production obligation. That proposition does not resolve the relief actually requested in ECF No. 210.

ECF No. 210 sought access to and lawful use of discovery relating to Defendant's own case for review of the record, preparation of related legal filings, consultation with counsel or prospective counsel, and use in matters reasonably related to the case and its consequences,

including related civil claims. The Government's opposition itself describes the motion in those terms. The discovery at issue was already produced during this case. The question is whether, and under what conditions, Defendant may now possess, review, organize, and lawfully use that existing discovery.

Accordingly, cases addressing whether the Government must make new disclosures after trial or appeal do not by themselves answer the narrower question presented here: the continuing scope of an existing protective order over materials already produced.

## II. THE PROTECTIVE ORDER ITSELF DISTINGUISHES DEFENDANT'S AUTHORIZED ACCESS FROM UNAUTHORIZED DISSEMINATION

The text of ECF No. 16 is important to the present dispute. The Order provides that Defendant and the legal defense team may use Sensitive and Highly Sensitive discovery in connection with the defense of this case and other cases connected to January 6, including post-conviction or appellate litigation. It separately restricts disclosure to persons outside Defendant, the legal defense team, and the person to whom particular sensitive information directly pertains, absent Government agreement or prior Court authorization.

Thus, the original Protective Order did not treat Defendant's access and unrestricted public dissemination as the same thing. The Government likewise states that the Order was crafted to allow Defendant access needed for his defense while preventing dissemination of sensitive material. Defendant's present request preserves that distinction.

The Order also expressly does not apply to material that has otherwise become part of the public court record. That existing limitation further demonstrates why the continued treatment of discovery can be addressed by category and status rather than by assuming that every item remains subject to identical restrictions.

2

**III. MATERIAL CIRCUMSTANCES HAVE CHANGED SINCE THE APRIL 1, 2021 ORDER**

The Government argues that Defendant has offered no changed circumstance. The record identifies several changes relevant to the practical operation of the Order.

First, the April 1, 2021 Protective Order was entered while Defendant was represented by counsel and access to the discovery was administered through the legal defense team. Defendant now proceeds pro se. His need for direct access therefore arises in a materially different representational posture from the one that existed when the Order was entered.

Second, the prosecution has concluded and the case was dismissed on February 4, 2025 following the Presidential pardon. That development does not automatically extinguish legitimate confidentiality interests, but it changes the purpose for which the Order now operates. The Government no longer relies on protecting an upcoming trial or ongoing criminal discovery process; its present objections focus principally on continuing privacy, witness-safety, law-enforcement, and Capitol-security interests.

Third, ECF No. 210 does not insist that every category be treated alike. Defendant has expressly disclaimed unrestricted public dissemination and has accepted continued protection for personally identifying information, medical or mental-health records, tax information, confidential-source identities, and specifically identified security-sensitive material. That narrowing allows the Court to preserve the interests the Government identifies without denying Defendant access to all previously produced discovery.

These changes distinguish the present request from one in which a defendant merely repeats the same request under unchanged circumstances.

3

**IV. RULE 16(d)(1) SUPPORTS A FACT-SPECIFIC, TAILORED INQUIRY**

Federal Rule of Criminal Procedure 16(d)(1) permits the Court, for good cause, to deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The Government acknowledges that the party seeking to maintain a protective order in response to a motion to modify continues to bear the burden of demonstrating good cause and that the inquiry is flexible and fact-specific.

D.C. Circuit authority recognizes the district court's broad discretion to administer protective measures under Rule 16(d)(1) and to account for confidentiality and safety interests. See United States v. Thompson, 562 F.3d 387, 395-96 (D.C. Cir. 2009). That discretion supports tailoring protection to the interests actually demonstrated rather than treating access and dissemination as inseparable.

The Government also relies on United States v. Cudd, 534 F. Supp. 3d 48 (D.D.C. 2021), which considered whether disclosure could pose a hazard to others, prejudice to the defendant from the restriction, and the public interest. Defendant's narrowed request directly addresses the hazard concern by preserving protection for sensitive categories and restricting unauthorized public dissemination. The prejudice identified here is practical: as a pro se litigant, Defendant seeks direct access to the discovery previously administered through counsel so that he can review his case materials and evaluate lawful legal options.

United States v. Morales, 807 F.3d 717 (5th Cir. 2015), is persuasive rather than controlling. Morales confirms that a post-conviction request to modify a criminal protective order is evaluated by reference to the circumstances supporting continued protection. Morales denied relief on its facts, including the absence of a sufficient change warranting modification. Here, Defendant identifies the changed representational posture, the completed prosecution, and

4

a narrowed request that preserves specifically justified protections. Morales therefore does not

establish that termination of a criminal case makes modification categorically unavailable.

## V. THE GOVERNMENT'S AUTHORITIES DO NOT REQUIRE CATEGORICAL DENIAL OF ACCESS

The Government cites United States v. Solomon, 828 F. App'x 86, 88 n.3 (3d Cir. 2020),

for the proposition that a defendant whose trial and direct appeal had concluded no longer had a

legitimate need for certain materials. Solomon is nonbinding and, as cited by the Government,

concerned return of materials after the defendant's trial and direct appeal. Defendant's motion is

narrower and turns on the terms of this Court's own Protective Order, his current pro se posture,

and his request for access to materials already produced to his former counsel subject to

continuing safeguards.

The Government's reliance on authorities protecting witness identities, private

information, law-enforcement methods, and national-security interests likewise supports

continued protection of those particular interests; it does not necessarily require withholding

every category of previously produced discovery from Defendant himself. Defendant does not

challenge the legitimacy of protecting genuinely sensitive information. The issue is whether

those interests require identical treatment of all materials and categorical denial of the access and

lawful use requested in ECF No. 210.

## VI. THE COURT CAN PRESERVE THE FULL SCOPE OF ECF NO. 210 WHILE GRANTING NARROWER ALTERNATIVE RELIEF

Defendant does not abandon the relief requested in ECF No. 210. That motion requested

possession, review, organization, lawful use, and limited disclosure to counsel, prospective

counsel, investigators, experts, and other persons reasonably necessary to assist him. The present Reply clarifies how that relief can operate without authorizing unrestricted dissemination.

**1.** Defendant may possess, review, organize, and use discovery previously produced in this case for lawful purposes related to this case and related proceedings.

**2.** Defendant may disclose appropriate discovery to counsel, prospective counsel, investigators, experts, and other persons reasonably necessary to assist him, subject to the Protective Order and any additional conditions imposed by the Court.

**3.** Personally identifying information, medical or mental-health records, tax information, confidential-source identities, information that may jeopardize witness security, and specifically identified security-sensitive information may remain redacted, withheld, or otherwise protected as the Court determines appropriate.

**4.** Material that has become part of the public court record may be treated consistently with the existing public-record exception in ECF No. 16.

**5.** Protected material may not be publicly disseminated except as authorized by the Court, the Government, or applicable law, and protected material used in a court filing may be filed under seal or in redacted form when required.

**6.** If the Government contends that particular non-public items or categories require continued withholding from Defendant, it may identify those items or categories and the specific continuing interest supporting that restriction, allowing the Court to resolve any remaining dispute on a targeted basis.

## VII. TIERED RELIEF PROVIDES A PRACTICAL PATH TO RESOLUTION

Defendant respectfully requests relief in the following order. First, Defendant asks the Court to grant ECF No. 210 and remove the Protective Order to the extent continued protection

6

is no longer supported. Second, if the Court concludes that continuing protection remains necessary, Defendant asks for modification permitting possession, review, organization, lawful use, and appropriate limited disclosure while retaining targeted restrictions for specifically justified sensitive material. Third, if disputes remain over particular items or categories, Defendant asks the Court to require item-specific or category-specific identification of the asserted continuing need for protection and to permit access to the remainder.

This approach does not require the Court to choose between unrestricted public disclosure and complete denial of access. It preserves the Government's legitimate continuing interests while giving practical effect to Defendant's pro se status and the narrower relief already contemplated by ECF No. 210.

## VIII. CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court grant ECF No. 210. In the alternative, Defendant requests modification of ECF No. 16 to permit him to possess, review, organize, and lawfully use discovery previously produced to former counsel, including appropriate limited disclosure to counsel, prospective counsel, investigators, experts, and other reasonably necessary persons, while maintaining targeted protections for specifically identified sensitive material and prohibiting unauthorized public dissemination. If necessary, Defendant further requests a category-specific process for identifying any materials that the Government contends must remain withheld or specially restricted.

Dated: August 9, 2026

Respectfully submitted,

_____

Guy Wesley Reffitt
Defendant, Pro Se
McKinney, TX 75071
469-777-9473
GuyReffitt2021@gmail.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2026, a copy of the foregoing Reply was served upon

counsel of record through the Court's CM/ECF system.

_____

Guy Wesley Reffitt