**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**GUY WESLEY REFFITT**<br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 1:21-cr-00032 (DLF)** |

# JOINT STATUS REPORT

The United States of America, by and through the United States Attorney for the District of Columbia, and the Defendant, pro se, respectfully provide the following joint status report, in response to this Court's August 12, 2026, order to identify for the Court (1) the specific discovery materials for which unsealing is sought; (2) any materials as to which there is no longer a dispute; and (3) the parties' respective arguments as to why each disputed item should or should not be unsealed.

The Defendant uses the term "unsealing" to track the Court's August 12, 2026, terminology and does not concede that every discovery item identified below is a judicial record filed under seal. The relief sought includes removal or modification of restrictions in the Protective Order, ECF No. 16, as necessary to permit meaningful access to, possession of, review of, preservation of, and lawful use of the identified case-specific discovery.

## (1) The Specific Discovery Materials for which Unsealing is Sought

The Defendant has identified the following categories of discovery:

A. Discovery Remaining in the Possession of Former Counsel

To the extent Defendant's prior counsel Clint Broden or his firm continues to possess discovery or case material that has not been transferred to the Defendant, the Defendant seeks transfer of that material, including FBI and other law-enforcement reports; witness materials;

photographs; videos; audio recordings; digital evidence; trial exhibits; discovery indexes; production records; and other underlying discovery previously provided or made available to the defense.

B. Evidence.com, USAfx/Box, Relativity, and Other Electronic Discovery Repositories

The Defendant seeks access to the case-specific discovery previously made available to his defense team through those systems, or access to a functional equivalent of those systems.

C. Prior Discovery Productions

The Defendant seeks a full reproduction of all prior Government discovery productions made to his former defense counsel, including those identified in discovery cover letters numbered 1 through 29, together with any supplements, corrections, replacement productions, or other case-specific productions not separately identified by a numbered cover letter.

D. Witness Statements, Interviews, and Trial-Preparation Disclosures

Defendant specifically seeks the discovery and related materials concerning Government and other material witnesses, including J.R., P.R., R.H., Special Agent L.H., and other law-enforcement and trial witnesses.

E. Firearm and Holster Evidence

Defendant seeks complete discovery concerning the alleged firearm and holster, including photographs and video in their original available quality, investigative reports, communications concerning identification of the alleged holster/firearm, and related materials previously produced or made available to the defense.

F. Audiovisual Evidence and Underlying Source Material

Defendant seeks case-specific photographs, videos, audio recordings, Capitol surveillance material, body-worn-camera material, compilations, and underlying source footage previously made available to the defense.

G. Discovery Indexes and Production Records

Defendant seeks available discovery indexes, manifests, Bates information, repository indexes, folder structures, production correspondence, and comparable records associated with the discovery productions.

**(2) Any Materials as to Which There is No Longer a Dispute**

The United States opposes production of all identified discovery material.

**(3) The Parties' Respective Arguments as to Why Each Disputed Item Should or Should Not be Unsealed.**

A. Argument of the United States

For the reasons identified in its motion response, the United States opposes all unsealing and production. The position of the United States is consistent with and supported by the D.C. Circuit's recent *per curiam* decision in *United States v. Pope*, noting that preconviction trial rights and pretrial discovery entitlement do not extend beyond the close of a prosecution. *United States v. Pope*, No. 25-3102, slip op. at 1 (D.C. Cir. Aug. 3, 2026)(per curiam)(citing *Dist. Attorney's Off. for Third Jud. Dist. V. Osborne*, 557 U.S. 52, 68-69 (2009); *United States v. Nobles*, 422 U.S. 225, 235 (1975); *United States v. Bisong*, 645 F.3d 384, 396 (D.C. Cir. 2011)). The appellant in *Pope*, similar to the Defendant, was an individual who received a Presidential pardon for convictions related to the events of January 6, 2021, and who was post-pardon seeking to access trial discovery from his case.

B. Defendant's Argument

The Defendant respectfully submits that *United States v. Pope* does not resolve the relief requested here. *Pope* concerned post-prosecution retention of sensitive materials, while Defendant seeks tailored access to existing case-specific discovery, subject to reasonable continuing protections for sensitive information.

The Defendant's intended use includes reviewing and reconstructing the record of his prosecution; comparing discovery with the pretrial, trial, sentencing, appellate, and post-judgment records; preserving evidence; obtaining legal advice; investigating and evaluating potential claims, rights, defenses, remedies, and proceedings; and making any other lawful use authorized by the Court. This may include, without limitation, evaluation of potential *Brady*, *Giglio*, due-process, ineffective-assistance, evidentiary, constitutional, statutory, post-conviction, civil, or other claims or remedies.

The Defendant's intended review also includes determining whether the complete discovery record reveals any material issues concerning the **collection, preservation, handling, characterization, disclosure, timing of disclosure, presentation, or completeness of evidence**, including any information bearing upon the **credibility, bias, conduct, or reliability of Government witnesses, investigative personnel, or other persons materially involved in the investigation or prosecution**. This includes comparing underlying source materials with investigative reports, witness statements, discovery correspondence, trial-preparation disclosures, testimony, exhibits, representations made during the proceedings, and subsequent characterizations of the evidence. Where the existing record identifies potentially differing accounts, levels of certainty, missing communications, changes in characterization, or other material discrepancies, the Defendant seeks the underlying discovery necessary to determine their significance from the complete record.

The Defendant is not asserting through this request that misconduct occurred, nor is he asking the Court to resolve any such question through the present protective-order proceeding. The Defendant is requesting access to the underlying record necessary to make an informed determination based upon the evidence rather than speculation. Likewise, the Defendant is not asking the Court at this stage to adjudicate whether any potential *Brady*, *Giglio*, due-process, ineffective-assistance, evidentiary, constitutional, statutory, civil, post-conviction, or other claim

ultimately has merit. Access to the underlying record is necessary in part to determine what the evidence actually establishes and what, if any, claims, rights, defenses, remedies, or proceedings that record may support. These statements are made without prejudice to any position the Defendant may take after reviewing the complete discovery record.

The Defendant is not presently requesting through this Joint Status Report that the Government conduct a new investigation or create new evidence. The present request concerns meaningful access to existing case-specific discovery previously produced or made available to the defense, together with available information reasonably necessary to identify, locate, and determine the scope and completeness of that record. Nothing in this Joint Status Report constitutes an admission that the Government's prior discovery productions were complete, timely, or satisfied all applicable disclosure obligations, nor does the Defendant waive the right to seek access, through any lawful procedure, to existing material that should have been produced or disclosed but was not.

Nothing about identifying these intended purposes should be construed as limiting the lawful purposes for which the materials may subsequently become relevant or as waiving the Defendant's ability to seek additional relief based upon information learned through review of the complete record.

The Defendant's request for access to discovery should not be construed as equivalent to a request for unrestricted public dissemination. The Defendant is not presently requesting unrestricted public dissemination of material that the Court determines remains properly subject to protection, and is willing to comply with reasonable continuing restrictions necessary to protect specifically identified legitimate interests, including unrelated third-party personally identifying information, unrelated third-party medical or mental-health information, unrelated third-party tax or financial information, confidential-source identities, legitimate witness-security information, and specifically identified operational-security material. The Defendant's willingness to comply

with reasonable continuing protections should not be construed as waiving his ability to seek further modification, disclosure, filing, use, or other relief concerning particular material in the future.

The Defendant requests that the Government specifically identify each item or reasonably defined category that it contends requires continued restriction, together with the basis for that restriction, rather than applying an undifferentiated restriction to the entire discovery record. The Defendant proposes addressing these issues through a procedure that:

- authorizes former counsel to transfer the discovery and case materials they continue to possess;
- provides an available inventory or directory of those materials;
- identifies the electronic repositories through which case-specific discovery was produced;
- restores case-specific repository access where reasonably possible or provides an equivalent electronic production where restoration is unavailable;
- includes available production indexes and records necessary to determine completeness;
- maintains reasonable restrictions on specifically identified sensitive material; and
- permits any genuinely disputed item or category to be presented separately to the Court.

Because the Defendant does not presently possess or have functional access to the complete discovery record and associated indexes, the categories above identify the materials at the level of specificity presently available. The requested inventories, indexes, and repository records are necessary to permit further item-specific identification if required.

The Defendant believes this procedure would allow him to identify for the Court what discovery he seeks, its present or last-known location, the intended purpose and use, and the protections that can reasonably remain in place.

WHEREFORE, the parties submit this Joint Status Report for the Court's consideration.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By *_/s/ S. Babu Kaza_*

S. Babu Kaza (D.C. Bar No. 1033670)
Assistant United States Attorney
Fraud, Public Corruption, & Civil Rights
601 D Street, NW
Washington, D.C. 20530
Tel: 202.803.1652
Sridhar.Babu.Kaza@usdoj.gov

*_/s/ Guy Wesley Reffitt_*

Guy Wesley Reffitt
Defendant, Pro Se