**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GUY WESLEY REFFITT,<br><br>*Defendant*. | No. 21-cr-00032 (DLF) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Guy Wesley Reffitt's Motion to Remove the Discovery Protective Order, or in the Alternative to Modify the Protective Order, Dkt. 210. For the reasons that follow, the Court will deny the motion without prejudice.

## I. BACKGROUND

Reffitt was convicted of several offenses arising from his participation in the events at the United States Capitol on January 6, 2021. Dkt. 170. During his prosecution, the Court entered a protective order governing discovery material designated as "Sensitive" or "Highly Sensitive," including materials containing personal identifying information, sensitive law-enforcement information, and security-related information concerning the Capitol. Dkt. 16 ¶ 1. The order restricts the use, dissemination, and reproduction of designated materials and imposes additional restrictions on the defendant's possession and review of Highly Sensitive materials. *Id.* ¶¶ 4–6. It also provides that its restrictions remain in effect after the conclusion of the case unless otherwise ordered by the Court. *Id.* ¶ 15.

Reffitt received a presidential pardon on January 20, 2025, and the D.C. Circuit subsequently vacated his conviction and directed the dismissal of the charges against him. Dkt. 203; Minute Order of Feb. 4, 2025. Reffitt, who now proceeds pro se, moves to remove or modify

the protective order to permit him to possess, review, use, and share discovery previously provided to his former counsel, including in connection with potential legal proceedings. Dkt. 210. The government opposes the motion. Dkt. 217. After briefing concluded, the Court directed the parties to confer and identify the particular discovery materials in dispute and the purposes for which Reffitt seeks them. *See* Minute Order of Aug. 12, 2026. The parties subsequently filed a joint status report indicating that Reffitt seeks access to substantially the entire discovery record, including investigative reports, witness statements, and audiovisual evidence. Joint Status Report of Sept. 8, 2026 (JSR), Dkt. 219. The report further clarified that Reffitt also seeks to have the government reproduce previously disclosed materials, furnish discovery indexes and inventories, and restore access to electronic discovery repositories. *Id.*

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 16(d)(1) authorizes a court, for good cause, to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The party seeking to restrict discovery bears the burden of demonstrating good cause. *See United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015). In determining whether good cause exists, courts consider, among other things, the potential harm from disclosure, the prejudice to the defendant from restricting access, and the public interest in disclosure. *See United States v. Cudd*, 534 F. Supp. 3d 48, 52 (D.D.C. 2021). "[O]nce a showing of good cause has been made, the court has relatively unconstrained discretion to fashion an appropriate protective order." *United States v. Johnson,* 314 F. Supp. 3d 248, 251 (D.D.C. 2018).

## III. DISCUSSION

Reffitt seeks two forms of relief. First, he asks the Court to require the government to reproduce discovery previously produced to his counsel. Second, he asks the Court to remove or

modify the protective order to permit him to obtain protected discovery from his former counsel for "review of the record, preparation of related legal filings," and other purposes "related to this case and its consequences." Def.'s Mot. at 1–2, Dkt. 210. The Court will address each in turn.

**A. Entitlement to Discovery**

Reffitt first asks the Court to order the government to reproduce discovery previously provided to his counsel, furnish discovery indexes and inventories, and restore access to electronic discovery repositories. *See* JSR at 1–3, 6. The government, however, has no continuing obligation to provide discovery following the conclusion of a criminal prosecution. Federal Rule of Criminal Procedure 16 governs pretrial discovery in criminal proceedings and does not create an ongoing entitlement to discovery after those proceedings conclude. *See United States v. Nobles*, 422 U.S. 225, 235 (1975) ("Both the language and history of Rule 16 indicate that it addresses only pretrial discovery."); *see also Dist. Att'y's Off. for Third Jud. Dist. v. Osborne,* 557 U.S. 52, 68–69 (2009) (rejecting argument "that the Due Process Clause requires that certain familiar preconviction trial rights be extended to protect [an individual's] postconviction liberty interest"). Indeed, the D.C. Circuit recently affirmed orders requiring a pardoned January 6 defendant to return sensitive discovery materials following the conclusion of his prosecution, explaining that the defendant's pretrial discovery rights did not extend beyond the termination of the criminal case. *United States v. Pope*, No. 25-3102, 2026 WL 2225251, at *1 (D.C. Cir. Aug. 3, 2026).

Reffitt emphasizes that he does not seek the creation of new evidence or the production of materials never previously disclosed. Rather, he seeks access to materials the government already produced or made available to his former counsel. *See* JSR at 5. But the fact that materials were previously produced does not obligate the government to produce them again after a prosecution has concluded. Nor does the protective order itself create an affirmative right to discovery.

Accordingly, the Court will not order the government to reproduce its prior productions, furnish discovery indexes or inventories, restore Reffitt's access to electronic discovery repositories, or create new records to facilitate his review.

**B. Continuing Need for the Protective Order**

Reffitt next asks the Court to remove or modify the protective order to permit him to obtain discovery from his former counsel and use it to investigate potential legal claims and pursue other purposes related to his case. The government, however, has demonstrated good cause to maintain the protective order.

*First*, disclosure of the protected materials could pose substantial risks to others. The discovery includes identifying information about witnesses and law-enforcement personnel, sensitive law-enforcement methods, and recordings depicting security measures and locations within the Capitol. Dkt. 16 ¶ 1; Gov't Opp'n at 5–6, Dkt. 217. Disclosure of these materials could threaten individual privacy and safety or expose security vulnerabilities. *See Cordova*, 806 F.3d at 1090; *Cudd*, 534 F. Supp. 3d at 52–56. These risks persist notwithstanding the conclusion of Reffitt's prosecution. *See Pope*, 2026 WL 2225251, at *1 (affirming orders requiring a pardoned January 6 defendant to return sensitive discovery materials because the government's interest in securing them outweighed the defendant's interest in retaining them).

Reffitt argues that the public release of substantial portions of Capitol surveillance and body-worn camera footage has materially changed the circumstances supporting the protective order. *See* Def.'s Mot. at 2–3, Dkt. 210-1. But the public availability of some footage does not eliminate the government's interest in protecting other materials that reveal sensitive security information. *See Cudd*, 534 F. Supp. 3d at 54–55. And Reffitt has not identified particular

protected materials that have been publicly released for which removal or modification of their sensitivity designations would be appropriate.

Reffitt also argues that he does not seek unrestricted public dissemination and is willing to maintain protections for genuinely sensitive information. *See* JSR at 5–6. But the existing protective order already accounts for those concerns. It limits sensitivity designations to materials requiring protection for specified reasons, permits challenges to individual designations, and excludes certain materials from protection altogether. Dkt. 16 ¶¶ 1, 8–9, 11. Reffitt's willingness to preserve confidentiality restrictions therefore does not establish that the existing order is broader than necessary.

*Second*, maintaining the protective order does not prejudice Reffitt's ability to defend himself against criminal charges. The prejudice inquiry under Rule 16(d)(1) concerns the effect of discovery restrictions on a defendant's ability to prepare and present his defense. *See Cudd*, 534 F. Supp. 3d at 52–54. Because Reffitt's prosecution has concluded, the protective order poses no prejudice to his criminal defense.

Although Reffitt now seeks access to protected materials to investigate potential constitutional, evidentiary, and other legal claims, that interest is distinct from the prejudice to a pending criminal defense contemplated by Rule 16(d)(1). And even assuming that interest could justify modifying the protective order, Reffitt seeks substantially the entire discovery record in search of potential causes of action, without identifying a particular claim or proceeding for which specific protected materials are necessary. *See* JSR at 1–5. Despite the Court's direction to identify "with specificity the particular discovery items" he seeks and "the specific purpose or purposes" for which he intends to use each item, Reffitt did not meaningfully narrow his request or explain why particular protected materials are necessary for an identified legal claim or

proceeding. Minute Order of Aug. 12, 2026; JSR at 1–5. He argues that he cannot identify individual materials without first obtaining access to the discovery and its indexes. JSR at 6. But that practical difficulty does not undermine the government's showing of continued good cause, nor does it justify requiring the government to conduct a comprehensive review of its previous productions based on speculation that some of the materials produced in discovery might prove useful in future litigation. In the event that Reffitt brings a civil action, he may seek relevant materials through the discovery procedures governing that proceeding. The mere possibility of future litigation does not justify modifying the existing protective order to permit Reffitt to obtain discovery that was produced in connection with his criminal prosecution.

*Third*, the public interest does not materially favor modification. Although the public has an interest in the January 6 prosecutions, the protective order does not restrict access to the public judicial record, including discovery materials admitted into evidence at trial. Dkt. 16 ¶ 11; *see Cudd*, 534 F. Supp. 3d at 57; *United States v. Dixon*, 355 F. Supp. 3d 1, 9 (D.D.C. 2019). Nor has Reffitt identified how modifying the order would materially advance that public interest. On this record, the public's interest in transparency does not outweigh the privacy and security interests supporting continued protection.

**C. Materials Outside the Protective Order**

Finally, the protective order applies only to materials designated Sensitive or Highly Sensitive and expressly excludes certain materials, including those that have become part of the public court record and those that pertain solely to Reffitt. *See* Dkt. 16 ¶¶ 1, 11. Nothing in this Order expands the scope of those restrictions or prevents Reffitt from obtaining otherwise available, unprotected materials from his former counsel. To the extent the Court's June 4, 2026 Minute Order prohibited former counsel from transferring such unprotected materials pending

resolution of the instant motion, that restriction is lifted. The Court does not otherwise resolve any independent obligation former counsel may have to provide Reffitt with his case file. The protective order remains in effect as to materials within its scope.

Accordingly, it is hereby

**ORDERED** that Reffitt's Motion to Remove the Discovery Protective Order, or in the Alternative to Modify the Protective Order, Dkt. 210, is **DENIED WITHOUT PREJUDICE**.

DABNEY L. FRIEDRICH
United States District Judge

October 27, 2026