# EXHIBIT A

**Cloutier et al. v. United States**
**No. 1:26-cv-03685 (D.D.C.)**
**Complaint filed October 21, 2026, ECF No. 1**

Selected original pages: 1, 86-88, 91-93, and 105.

These excerpts identify the civil proceeding, Reffitt's individual allegations, the pleaded claims, and the attorneys identified on the complaint. They are offered to establish the stated civil-litigation purpose, not to prove the truth of the allegations.

Original court pagination and filing stamps are preserved. Citations in the motion use the original complaint page numbers.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASE NO.: 1:26-cv-03685

RONALD J. CLOUTIER,
Address filed under seal;
PHILLIP M. CRAWFORD, JR.,
Address filed under seal;
BRUNO J. CUA,
Address filed under seal;
FRANK D. DAHLQUIST,
Address filed under seal;
NICHOLAS P. HENDRIX,
Address filed under seal;
JOSHUA D. KNOWLES,
Address filed under seal;
DANIEL F. LEYDEN,
Address filed under seal;
JOSEPH P. LEYDEN,
Address filed under seal;
GUY W. REFFITT,
Address filed under seal;
MATTHEW L. STICKNEY,
Address filed under seal;

Plaintiffs,

v.

UNITED STATES OF AMERICA,
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Defendant.
_______________________________/

**COMPLAINT PURSUANT TO THE FEDERAL TORT CLAIMS ACT**

The Plaintiffs, Ronald J. Cloutier, Phillip M. Crawford, Jr., Bruno J. Cua, Frank D. Dahlquist, Nicholas P. Hendrix, Joshua D. Knowles, Daniel F. Leyden, Joseph P. Leyden, Guy W.

307. He was also moved to a dormitory unit where prisoners were locked in at night with no toilet, and was held in a cell that, by his own count of the cinder blocks, was smaller than the law allows. His written grievances were denied. He was released on March 8, 2024.

308. The case reached his whole family. His wife took her nameplate off her desk at work so that co-workers would not see the name Leyden, and stopped walking with the neighbors. A neighbor chased his daughter Kylee down the street to question her about January 6th. Both of his daughters have needed counseling. Neighbors asked him whether he was going to jail; he now speaks to one or two people on a block where he once knew nearly everyone. At weddings and funerals, his brothers warned him away from certain relatives. His parents, eighty-nine and eighty-seven, learned to watch what they said to the people they met on their walks.

309. Mr. Leyden's prosecution terminated in his favor with the pardon of January 20, 2025. His DNA remains in the government's possession.

**Guy W. Reffitt**

310. The Plaintiff Guy Wesley Reffitt lives in Texas with his wife. Before these events he had a career of more than twenty years that took him around the world.

311. Mr. Reffitt walked from the Ellipse to the Capitol and reached the grounds at about 1:39 p.m. on January 6, 2021. There were no barriers where he came in, and the crowd was so thick he could barely make his way forward. Before Mr. Reffitt reached the building he was shot with pepper balls—by his count twenty-two times—and sprayed in the face by an officer; the judge in his case later described him as having been "blasted" in the face. When Mr. Reffitt could see again, he went back to his hotel, washed the chemicals from his face with milk, and left for home the next day.



THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

312. A 2016 examination documented Mr. Reffitt's 20/20 distance vision. Since January 6th he cannot see without glasses.

313. Mr. Reffitt's own son, whom the FBI baited into making false statements and turned against Mr. Reffitt, reported Mr. Reffitt to the FBI on January 10, 2021. On January 16, 2021, agents raided Mr. Reffitt's home with armored vehicles and a helicopter and pointed guns at everyone in the house, including Mr. Reffitt's wife and children. He was driven away in a squad car. He was first accused of possessing a homemade suppressor; that charge was dropped and then brought again in 2022, and it hung over Mr. Reffitt for years.

314. In jail Mr. Reffitt was held in isolation and was not given his medication. At about 1 a.m. on January 22, 2021, Mr. Reffitt collapsed and was rushed to intensive care with critically low sodium and potassium. He remained in intensive care until January 25, 2021. In March 2021 he was moved to the District of Columbia jail, where he spent more than 227 days in solitary confinement, locked down twenty-two to twenty-four hours a day. From August 13 to September 17, 2021, he spent thirty-five days in "the hole" without any charge. He was not permitted to shave until trial. Guards pepper-sprayed the unit and locked it down for weeks at a time for no legitimate reason. He remained in custody from his arrest on January 16, 2021, through the start of his trial on February 28, 2022.

315. Mr. Reffitt was indicted on January 27, 2021, in United States v. Reffitt, No. 1:21-cr-00032-DLF (D.D.C.). The government then superseded the indictment twice, in June and September 2021, adding charges and weapon enhancements, before taking him to the first January 6th jury trial. On March 8, 2022, a jury convicted Mr. Reffitt of all five counts, including a bogus charge of obstruction of an official proceeding under 18 U.S.C. § 1512(c)(2). On August 1, 2022, Mr. Reffitt was sentenced to eighty-seven months in prison and three years of supervised release.

After the Supreme Court's decision in *Fischer v. United States* narrowed the scope of § 1512(c)(2), he was resentenced on December 6, 2024, to eighty months.

316. After sentencing, the Bureau of Prisons moved Mr. Reffitt again and again—to the federal transfer center in Oklahoma, where he spent a week in the SHU locked down twenty-four hours a day, then to other jails in Oklahoma, El Paso, north Texas, Kentucky and Missouri—until the pardon of January 20, 2025. Throughout his custody he was denied care for his eyes. His phones and computers were returned with cracked screens.

317. Mr. Reffitt's career is over. The family's rental house is gone, their home was sold, his truck was repossessed and his credit destroyed. He and his wife moved in with their children and now live in a camper, traveling for work. His wife and daughters received sexual and death threats that he was powerless to stop. He is still rebuilding his relationship with his son.

318. Mr. Reffitt's prosecution terminated in his favor with the pardon of January 20, 2025. His telephones and computers were returned damaged, and his DNA and iris scans remain in the government's possession.

**<u>Matthew L. Stickney</u>**

319. The Plaintiff Matthew L. Stickney lives in Washington State with his wife, their daughter, and the son he adopted. He works in the engineering department of a large commercial real-estate firm. His late father was active in Washington State politics for many years.

320. Mr. Stickney flew to Washington for the rally and met a childhood friend from Virginia whom he had not seen in years. On January 6, 2021, they arrived late and saw the end of the speech, then walked with the crowd toward the Capitol. When they got there, police were firing smoke and tear gas into the crowd; Mr. Stickney was hit badly in the eyes and lost his friend. He

329. Mr. Stickney's prosecution terminated in his favor when every count against him was dismissed with prejudice. The government kept his telephone for more than a year, forcing him to replace it, and his DNA remains in the government's possession.

330. As a direct result of these malicious, selective, and vindictive prosecutions, each of the Plaintiffs suffered severe damages, including loss of liberty (incarceration or pretrial detention), loss of employment and income, emotional distress, reputational harm, legal defense costs exceeding hundreds of thousands of dollars, and ongoing collateral consequences.

331. The criminal proceedings have terminated in all the Plaintiffs' favor.

## CLAIMS FOR RELIEF

### Count I – Malicious Prosecution
### (FTCA: All the Plaintiffs Against United States)

332. The Plaintiffs aver all of the allegations stated in Paragraphs 1 through 331 above and incorporate them in this Count as though they are fully restated herein.

333. United States' employees (including all the officials described above) initiated criminal proceedings against all of the Plaintiffs.

334. The proceedings were initiated without probable cause.

335. The proceedings were continued with actual malice and for improper purposes (political persecution, retaliation, and deterrence of protected First Amendment activity).

336. The proceedings terminated in the Plaintiffs' favor.

337. The Plaintiffs suffered damages as a direct and proximate result.

338. The United States is liable under the FTCA for these torts committed by its investigative and law enforcement officers within the scope of their employment. 28 U.S.C. § 2680(h). The United States' officers and agents fabricated and exaggerated evidence, withheld



THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

Case 1:26-cv-03685 Document 1 Filed 11/21/26 Page 7 of 9

exculpatory material, and pursued the cases despite the absence of probable cause that the Plaintiffs had committed the crimes alleged.

339. The criminal proceedings have terminated in the Plaintiffs' favor through acquittals, dismissals, and presidential pardons issued on January 20, 2025, which constitutes a favorable termination for purposes of a malicious-prosecution claim.

340. As a direct and proximate result of the Government's tortious conduct, each Plaintiff has suffered and continues to suffer damages in excess of $1 million, including but not limited to medical expenses, lost wages, pain and suffering, emotional distress, loss of liberty, loss of consortium, and other consequential damages.

WHEREFORE, the Plaintiffs respectfully request that this Court:

a. Enter judgment in favor of the Plaintiffs and against the Defendant on all counts;

b. Award compensatory damages in an amount to be proven at trial, but not less than $1,000,000 per Plaintiff;

c. Award a declaration that the United States of America's actions in damaging, losing, or stealing the Plaintiffs' property violated the Plaintiffs' constitutional and statutory rights pursuant to 28 U.S.C. § 2201;

d. Award attorneys' fees and costs pursuant to applicable law;

e. Award pre- and post-judgment interest;

f. Grant such further and other relief as this Honorable Court may deem just and proper;

g. Order expungement of all records of criminal offenses; and



THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

Case 1:26-cv-00186 Document 1 Filed 01/21/26 Page 93 of 105

h. Order destruction of all DNA, blood, and other identifying biological information.

**Count II – Selective Prosecution/Abuse of Process**
**(FTCA – All Plaintiffs Against United States)**

341. The Plaintiffs aver all of the allegations stated in Paragraphs 1 through 331 above and incorporate them in this Count as though they are fully restated herein.

342. The United States used the legal process improperly (to wit: criminal prosecutions) in a manner that is not justified by the underlying legal action.

343. The United States had ulterior motives and used the legal system to harass, intimidate, coerce, and inflict emotional distress upon the Plaintiffs rather than to achieve a legitimate legal objective.

344. The Plaintiffs suffered harm as a result of the misuse of the legal process. This harm included economic injury, emotional distress, and other damages as described in this complaint.

345. The Defendant United States acted intentionally or with a reckless disregard for the consequences of its actions.

346. The prosecutions described in this complaint were selectively and vindictively initiated, maintained, and pursued against the Plaintiffs because of the Plaintiffs' political affiliation, viewpoint, and association with the Trump candidacy or movement, while similarly situated individuals of opposing political views were not prosecuted. This constitutes selective and vindictive prosecution and abuse of process under District of Columbia common law and violates the Fifth Amendment's equal protection and due process guarantees.



THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

Respectfully submitted, Dated: October 21, 2026

**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (954) 570-6757

_/s/ *Peter Ticktin*________
PETER TICKTIN, ESQUIRE
Florida Bar No. 887935
Serv512@LegalBrains.com
ROGER ROOTS, ESQUIRE
Rhode Island Bar No. 6752
Serv517@LegalBrains.com